PORTER | SCOTT
A PROFESSIONAL CORPORATION
Derek J. Haynes, SBN 264621
dhaynes@porterscott.com
Douglas S. Saavedra, SBN 333052
dsaavedra@porterscott.com
350 University Avenue, Suite 200
Sacramento, California 95825
TEL: 916.929.1481
FAX: 916.927.3706

Attorneys for Defendants
HAYWARD UNIFIED SCHOOL DISTRICT and GARY CAO (employee of Hayward Unified School District)
***Exempt from Filing Fees Pursuant to Government Code § 6103***

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

STEPHANIE DOSS as Natural Parent and *General Guardian* for J.D. her minor son,

Plaintiffs,

v.

HAYWARD UNIFIED SCHOOL DISTRICT, in its official capacity, GARY CAO, in his individual capacity, and DOES 1-20, inclusive.

Defendants.
_________________________________/

Case No.: 3:22-cv-00933

**DECLARATION OF DEREK J. HAYNES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

**DATE: June 24, 2022**
**TIME: 10:00 a.m.**
**DEPT: Courtroom 1 – 17th Floor**

Complaint Filed: 02/15/22

I, Derek J. Haynes, declare:

1. I am an attorney duly licensed to practice before all of the courts of the State of California and the Northern District of California and am a shareholder with the law firm of Porter Scott, attorneys of record for Defendants HAYWARD UNIFIED SCHOOL DISTRICT and GARY CAO

("Defendants"). I have personal knowledge of the facts alleged herein and, if called, could testify competently as to them.

2. On February 15, 2022, Plaintiff filed a Complaint alleging four causes of action including two separate 42 U.S.C. § 1983 Deprivation of Civil Rights claims against both Defendants, Negligence against Defendant Gary Cao, and Tortious Interference with a Contract against Defendant Gary Cao. A true and correct copy of that Complaint is attached hereto as Exhibit A for ease of reference. It is also included on the Court's Docket as Docket No. 1.

3. On April 18, 2022, defense counsel sent a formal correspondence to Plaintiff's Counsel detailing the deficiencies in Plaintiff's Complaint, including authorities supporting Defendants' position. A true and correct copy of our office's April 18, 2022, Meet and Confer correspondence is attached as Exhibit B.

4. On April 19, 2022, Plaintiff's Counsel sent an email to our office acknowledging that they read our correspondence and that we should just move forward with filing a motion to dismiss. A true and correct copy of this email is attached as Exhibit C.

6. Defendants therefore have no choice but to file this Motion to Dismiss Plaintiff's Complaint.

I make this Declaration on my own personal knowledge except to the facts stated on information and belief. As to such facts, I believe them to be true. If called upon to do so, I could and would competently testify about the matters asserted herein.

I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on this 4 day of May 2022 at Sacramento, California.

*/s/ Derek J. Haynes*

Derek J. Haynes

# EXHIBIT A

Keith Altman, Esq. (CBN. 257309)
**THE LAW OFFICE OF KEITH ALTMAN**
33228 West 12 Mile Road, Suite 375
Farmington Hills, Michigan 48331
Telephone: (248) 987-8929
Email: keithaltman@kaltmanlaw.com

*Attorney for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| **STEPHANIE DOSS as Natural Parent and *General Guardian* for J.D. her minor son,** | CASE NO. |
| ***PLAINTIFFS,*** | COMPLAINT |
| **v.** | 1. Deprivation of Civil Rights 42 U.S.C. § 1983-Fourteenth and Fifth Amendment Due Process<br>2. Deprivation of Civil Rights 42 U.S.C. § 1983-Fourteenth and Fifth Amendment-Monell Claim<br>3. Negligence<br>4. Tortious Interference with a Contract |
| **HAYWARD UNIFIED SCHOOL DISTRICT, in its official capacity, GARY CAO, in his individual capacity, and DOES 1-20, inclusive.** | |
| ***DEFENDANTS.*** | <u>JURY TRIAL DEMANDED</u> |

Case 4:22-cv-00939 Document 1 Filed 02/15/22 Page 2 of 18

**NOW COMES** Stephanie Doss on behalf of her minor son, J.D., by and through their attorneys, The Law Office of Keith Altman, with this Complaint against Defendants, and hereby states the following:

**BACKGROUND**

1. Plaintiff J.D. was falsely accused of cheating on a math exam by his high school teacher. This false accusation and the discriminatory acts against Plaintiff J.D. caused him to lose admission to a prestigious school, where his attendance would elevate his history of academic success by significantly improving his academic career.

2. This is an action seeking damages for Negligence and Tortious Interference with a Contract. Defendants' individual and collective acts also violated due process rights violations under 42 U.S.C. §1983.

**PARTIES**

3. Plaintiff J.D. ("Plaintiff") is a student at Mt. Eden High School, located in Hayward, California, and part of the Hayward Unified School District.

4. At all times relevant to this Complaint, Plaintiff was, and is presently, a minor child.

5. Stephanie Doss ("Doss") is Plaintiff's natural mother and J.D.'s natural parent and *general guardian*. This Complaint is filed by and through Doss with the consent of Plaintiff pursuant to Federal Rule of Civil Procedure 17 (c)(1)(A).

6. Defendant Hayward Unified School District ("HUSD") is a public school district located in the City of Hayward, County of Alameda, in California. Mt. Eden High School is a school within HUSD.

7. Defendant Gary Gao is a citizen of the state of California and is now and at all relevant times has been a math teacher at Mt. Eden High School and an employee of HUSD.

8. Defendants DOES 1-20 (hereafter "DOE DEFENDANTS") are citizens of the state of California and are individuals who are or were employed by HUSD at all times relevant to this action. The names and job titles of the DOE DEFENDANTS are currently unknown.

**JURISDICTION & VENUE**

9. This action arises under the laws of the United States. Therefore, this Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 (federal question).

10. This action arises under 42 U.S.C. § 1983 for violations of civil rights under the First and Fourteenth Amendments of the United States Constitution.

11. In accordance with 28 U.S.C. § 1367, this Court also has supplemental jurisdiction over Plaintiff's state law claim for Negligence and Tortious Interference with a Contract. This is because this state law claim is so closely related to the federal question claim that it forms the same case or controversy under Article III of the United States Constitution.

12. This Court properly exercises personal jurisdiction over Defendant HUSD because it is domiciled within the Northern District of California.

13. This Court properly exercises personal jurisdiction over Defendant CAO because he is domiciled within the Northern District of California. Furthermore, Defendant CAO was an employee of HUSD at all relevant times herein and personally violated certain laws, rights, and policies, the effects of which were felt in the Northern District of California.

14. This Court properly exercises personal jurisdiction over DOE DEFENDANTS because they are domiciled within the Northern District of California. Furthermore, DOE DEFENDANTS were employees of HUSD at all relevant times herein and personally violated certain laws,

rights, and policies, the effects of which were felt in the Northern District of California.

15. This action is properly venued in the United States District Court for the Northern District of California because Defendants are located within this district and all violations alleged by Plaintiff transpired on the Mt. Eden High School campus in Hayward, California, located within this district.

**FACTUAL ALLEGATIONS**

16. Plaintiff is a good student with primarily As and Bs in his classes.

17. At the beginning of 2021, Plaintiff had been admitted to Moreau Catholic High School ("Moreau"), a prestigious private school with a great reputation and learning opportunities, located in Hayward, California.

18. Also, at the beginning of 2021, Plaintiff was struggling with a math class taught by Defendant Mr. Gary Cao. Motivated to improve his grades in this class, Plaintiff enlisted the help of a math tutor.

19. In the tutoring sessions, his tutor showed Plaintiff a specific way to solve a certain math problem.

20. Plaintiff put what he had learned from the tutoring to use during a math exam in Defendant Cao's class.

21. After handing in the exam, Defendant Cao claimed that he had never taught this way to solve the mathematical problem that Plaintiff used to complete the exam. Therefore, Defendant Cao concluded that Plaintiff must have cheated on the exam.

22. More specifically, Defendant Cao claimed that Plaintiff had used the *Photo Math* app (a computer program designed to help people perform an activity) to solve the problems on the exam because the app used a way similar to that used by Plaintiff to solve problems.

23. Defendant Cao made this accusation without proof or any grounds for it.

24. Terrance Christianson, Assistant Principal and Head of Math Department, called Doss, Plaintiff's mother, to share the accusations.

25. Neither Plaintiff nor his mother, Doss, have ever heard of, or used, the *Photo Math* app referenced by Defendant Cao.

26. In response to Doss' contact with Terrance Christianson, Defendant Cao contacted Moreau and withdrew his previous recommendation of Plaintiff.

27. Additionally, Defendant Cao told Moreau that Plaintiff had cheated on his exam and that he had plagiarized information. As a result of Defendant Cao's false allegations, Moreau rescinded their offer of admission to Plaintiff.

28. On multiple occasions, Plaintiff, and his mother Doss, tried reaching out to Defendant HUSD about the actions of Defendant Cao.

29. Defendant HUSD claimed that they would resolve the issues raised by Doss with Defendant Cao internally. Nothing was done.

30. In April 2021, and given the continued discriminatory behavior of Defendant Cao, Doss filed a written complaint with Defendant HUSD.

31. In response to Doss' Complaint, Defendant HUSD found the allegations against Defendant Cao unsubstantiated.

32. This unfair, inappropriate, and discriminatory treatment toward Plaintiff prevented him from attending the prestigious Moreau Catholic High School, a school that had already approved Plaintiff's admission before Defendant Cao's false allegations.

33. But for the unfair, inappropriate, and discriminatory treatment by Defendants, Plaintiff would have been able to continue and advance his

Case 3:22-cv-00933 Document 1 Filed 02/15/22 Page 8 of 18

education at an institution that would have better positioned him for continued academic and professional success into the future.

34. These events have a profoundly negative impact on Plaintiff's mental well-being. Plaintiff has been severely emotionally injured by the false allegations and discrimination that he experienced at the hands of Defendants while he was their student.

**RESPONDAET SUPERIOR AND AGENCY**

35. Plaintiff incorporates by reference every preceding allegation as if specifically set forth herein.

36. Under federal and California law, an employer may be vicariously liable for an employee's actions when they are acting within the scope of their employment on behalf of their employer.

37. At all times relevant to this action, Defendant Cao and DOE Defendants were employed by HUSD. The acts and omissions of Defendant Cao and DOE Defendants were undertaken within the scope of their employment with HUSD.

//

//

Case 3:22-cv-00993-SI Document 1 Filed 02/16/22 Page 9 of 26

**FIRST CAUSE OF ACTION**
**Violation of 42 U.S.C. § 1983**
**Fifth and Fourteenth Amendments – Due Process**
**(As to Defendant CAO)**

38. Plaintiff incorporates by reference every preceding allegation as if specifically set forth herein.

39. The Fifth and Fourteenth Amendments of the U.S. Constitution provide, in pertinent part, that "no person shall be deprived of life, liberty, or property without due process of law."

40. Plaintiff has a clearly established constitutionally protected property interest in his admittance to Moreau Catholic High School. Plaintiff had gained admittance to Moreau and had a secured property interest in attending Moreau Catholic High School. Plaintiff thus had a constitutionally protected property interest in attending Moreau Catholic High School.

41. In addition, Plaintiff had a constitutionally protected privacy interest in information about his educational status with respect to the allegations of cheating against plaintiff.

42. Given that Defendant Cao's accusations of cheating and plagiarism against Plaintiff, jeopardized his ability to attend an academic institution of his choosing, Plaintiff was entitled to a fair and impartial process from

which to determine whether the accusations of his cheating were true and, if so, what consequences should follow. Accordingly, Plaintiff was entitled to a process with a systematic method for evaluating Plaintiff's actions as well as clear standards of culpability concerning the specific violation levied against him. Anything less amounts to an arbitrary disciplinary process subject only to the whims of one single teacher, Defendant Cao.

43. In other words, Plaintiff had a right to have the accusations of cheating thoroughly investigated and only communicated to third parties, if found proven guilty.

44. The disciplinary process to which Plaintiff was subjected was devoid of due process for the following reasons:

a. Defendant Cao derived his allegations that Plaintiff had cheated from mere speculation.

b. Defendant Cao falsely told Moreau that Plaintiff had cheated and plagiarized.

c. Defendant Cao did not let Plaintiff defend himself against the allegations, nor did Defendant Cao take any of Plaintiff's evidence into consideration.

d. Instead of granting Plaintiff a fair process of evaluating the allegations, Defendant Cao, on his own accord, went straight to Moreau to communicate his false claims against Plaintiff.

45. When the events contained in this Complaint occurred, Defendant Cao was acting under the color of law.

46. Defendant Cao was aware that Plaintiff was entitled to a fair and impartial determination of the merits of the allegations against Plaintiff.

47. DOE Defendants contributed to Plaintiff's constitutional deprivations in a manner to be determined through the course of litigation.

48. As a direct and proximate result of Defendant's actions, Plaintiff suffered emotional injury, humiliation, as well as a serious setback to Plaintiff's desired academic career justifying the need for injunctive relief.

**SECOND CAUSE OF ACTION**
**Violation of 42 U.S.C. § 1983**
**Fifth and Fourteenth Amendments – Monell Claim**
**<u>(As to Defendant HUSD)</u>**

49. Plaintiff incorporates by reference every preceding allegation as if specifically set forth herein.

Case 4:22-cv-00993 Document 1 Filed 02/16/22 Page 12 of 18

50. The Fifth and Fourteenth Amendments of the U.S. Constitution provide, in pertinent part, that "no person shall be deprived of life, liberty, or property without due process of law."

51. Plaintiff has a clearly established constitutionally protected property interest in his admittance to Moreau Catholic High School. Plaintiff had gained admittance to Moreau and thus had a secured property interest in attending Moreau Catholic High School. Plaintiff thus had a constitutionally protected property interest in attending Moreau Catholic High School.

52. In addition, Plaintiff had a constitutionally protected privacy interest in information about his educational status with respect to the allegations of cheating against Plaintiff.

53. Defendant CAO deprived Plaintiff of his constitutional rights with full knowledge and consent of HUSD.

54. Defendant HUSD had the opportunity to prevent Defendant CAO from depriving Plaintiff of his constitutional rights but failed to do so.

55. Therefore, Defendant CAO deprived Plaintiff of his constitutional rights as a result of official acquiescence and custom on the part of HUSD.

56. As a direct and proximate result of Defendant's actions, Plaintiff suffered emotional injury, humiliation, as well as a serious setback to Plaintiff's desired academic career justifying the need for injunctive relief.

**THIRD CAUSE OF ACTION**
**Negligence**
**Against Defendant Cao and DOE Defendants**

57. Plaintiff incorporates by reference every preceding allegation as if specifically set forth herein.

58. Defendant Cao owed Plaintiff a duty of reasonable care. In conformity with his duty of reasonable care, Defendant Cao:

a. Had a duty not make accusations against Plaintiff that Defendant Cao knew or should have known were false.

b. Had a duty not to undermine Plaintiff's ability to attend Moreau Catholic High School without good cause.

59. DOE Defendants owed Plaintiff a duty of reasonable care. In conformity with his duty of reasonable care, DOE Defendants:

a. Had a duty not to undermine Plaintiff's ability to attend Moreau Catholic High School without good cause.

60. Defendant Cao breached his duty of reasonable care to Plaintiff when he made false accusations of cheating against Plaintiff. Defendant Cao had no grounds or evidence for this claim.

61. Defendant Cao further breached his duty of reasonable care to Plaintiff when he withdrew his endorsement of Plaintiff and communicated his false allegations of cheating to Moreau Catholic High School. Defendant Cao did not have good cause to jeopardize Plaintiff's educational future.

62. Defendant Cao had no evidence for his accusations of cheating and plagiarism against Plaintiff and thus should have known they were false.

63. It was foreseeable that Moreau Catholic High School would withdraw Plaintiff's admission when Defendant Cao withdrew his endorsement of Plaintiff and communicated his false accusations to Moreau.

64. By communicating false accusations of cheating to Moreau and withdrawing his endorsement of Plaintiff to Moreau, Defendant Cao directly and proximately caused Plaintiff to lose his enrollment at Moreau Catholic High School.

65. The actions of the DOE Defendants were negligent in a manner that will be determined through the course of litigation.

66. As a direct and proximate result of Defendant Cao's actions, Plaintiff suffered damages in the form of emotional injury and humiliation.

**FOURTH CAUSE OF ACTION**
**Tortious Interference with Contract**
**Against Defendant Cao**

67. Plaintiff incorporates by reference every preceding allegation as if specifically set forth herein.

68. Plaintiff had a valid contract with Moreau Catholic High School whereby Moreau offered Plaintiff admittance to their high school program and Plaintiff had accepted. Plaintiff's admittance to Moreau was offered in exchange for consideration in the form of promises to pay tuition.

69. Defendant Cao was aware of the contract between Moreau and Plaintiff, as evidenced by Defendant Cao's previous endorsement of Plaintiff for admittance to Moreau.

70. Defendant Cao undertook the following intentional actions for the purpose of disrupting the contract between Moreau and Plaintiff

a. Communicating false accusations of cheating and plagiarism against Plaintiff to Moreau;

b. Withdrawing his endorsement of Plaintiff to Moreau

71. As a result of Defendant Cao's actions, the contractual relationship between Moreau and Plaintiff was disrupted and Moreau withdrew their admittance of Plaintiff to their High School program

72. As a direct and proximate result of Defendant Cao's actions, Plaintiff suffered damages in the form of emotional injury and humiliation.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff requests that this Court grant him relief as follows:

1. Compensatory damages for humiliation, mental anguish, and emotional distress.
2. Punitive damages against the Defendants.
3. Attorneys' fees.
4. Costs of the suit.
5. Injunctive relief in the form of:
    a. Reinstating Plaintiff's admission to Moreau Catholic High School;

b. Removing and/or expunging any records that indicate or allege any misconduct by Plaintiff arising from the events described within this complaint;

6. Such other relief as the Court may deem proper

**JURY TRIAL DEMANDED**

Plaintiff hereby demands a trial by jury on all issues stated in this action.

Dated: February 15, 2022

Respectfully Submitted,

Keith Altman, Esq. (State Bar No. 257309)
THE LAW OFFICE OF KEITH ALTMAN
33228 West 12 Mile Road, Suite 375
Farmington Hills, Michigan 48331
Telephone: (248) 987-8929
Email: keithaltman@kaltmanlaw.com

*Attorney for Plaintiffs*

**VERIFICATION**

I, the undersigned, certify and declare that I have read the foregoing Complaint, and know its contents. I am the attorney for the Plaintiffs in this action. Such parties are absent from the county where I have my office and are unable to verify the document described above. For that reason, I am making this verification for and on behalf of the Plaintiffs. I am informed and believe on that ground allege the matters stated in said document are true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on February 15, 2022, at Farmington Hills, Michigan.

Keith Altman, Esq. (State Bar No. 257309)

# EXHIBIT B



April 18, 2022

Author: Douglas S. Saavedra
Author's email: dsaavedra@porterscott.com

**VIA EMAIL**

Keith Altman, Esq.
The Law Office of Keith Altman
33228 West 2 Mile Road, Suite 375
Farmington Hills, Michigan 48331
keithaltman@kaltmanlaw.com

**RE:** ***Doss v. Hayward Unified School District, et al.***
**USDC – Northern District; Case No.: 4:22-cv-00933**

Dear Mr. Altman:

Please accept this correspondence as our attempt to initiate meet-and-confer communications regarding the deficiencies in Plaintiff's Complaint. Defendants Hayward Unified School District and Gary Cao request that Plaintiff dismiss this action, or in the alternative, amend his Complaint, for the reasons discussed below.

**First Cause of Action: § 1983 Due Process Claim Against Gary Cao**

A Civil Rights action under 42 U.S.C. §1983 requires proof that (1) a violation of rights protected by the Constitution or created by federal statute, (2) proximately caused (3) by conduct of a person (4) acting under color of state law. Crumpton v. Gates, 947 F.2d 1418, 1420 (9th Cir. 1991). Or, more simply, plaintiffs must "plead that (1) the defendants acting under color of state law (2) deprived plaintiffs of rights secured by the Constitution or federal statutes." Gibson v. United States, 781 F.2d 1334, 1338 (9th Cir. 1986).

Plaintiff's Complaint alleges a violation of a property interest. Specifically, he claims he was denied education at Moreau Catholic High School. However, he has no property right in education at that school. Students only have a property right in *public* education. Moreau Catholic High School is a *private* school. No one is suppressing Plaintiff from attending public school.

Moreover, Mr. Cao did not deprive Plaintiff of his admission to Moreau Catholic High School. Moreau Catholic High School made that decision by rescinding Plaintiff's admission. We understand that Plaintiff claims Mr. Cao provided Moreau Catholic High School with information that led to the decision to rescind Plaintiff's admission. However, that decision that deprived Plaintiff schooling at Moreau Catholic High School was made by that School.



Plaintiff's claim that he had a protected privacy right that was violated is also unfounded. Plaintiff explicitly asked Mr. Cao to disclose information to Moreau Catholic High School regarding his opinion of Plaintiff's candidacy. Therefore, Plaintiff had no expectation of privacy regarding his Mt. Eden academic information. In fact, federal regulation allows this communication under 34C.F.R. § 99.34 (b)(2) which provides that an educational institution can disclose the education record of a student to another institution if the student is enrolled/receives services from the other institution and the school has made reasonable attempts to notify the parents. Here, Plaintiff gave Mr. Cao express permission to disclose information regarding his qualifications to Moreau Catholic High School.

Lastly, and most importantly, even if Plaintiff can prove Mr. Cao in some way violated his rights, Mr. Cao is entitled to qualified immunity that bars Plaintiff's claims. School officials are entitled to qualified immunity unless their conduct violates clearly established constitutional rights of which a reasonable person would have known. *Saucier v. Katz*, 533 U.S. 194 (2001). A right is "clearly established," for purposes of a qualified immunity defense asserted by a school official, if, considering the factual context of the case, it would have been clear to a reasonable school official that what he was doing was a violation of the right. The Supreme Court held that to prove a right is clearly established, the plaintiff must identify existing precedent that "squarely govern[s]" the specific facts at issue. *Kisela v. Hughes*, 138 S.Ct. 1148, 1152 (2018). In other words, Plaintiffs must "identify a case where an [official] acting under similar circumstances as [Royal] was held to have violated the [constitution]." *Shafer v. County of Santa Barbara*, 868 F.3d 1110, 1117 (9th Cir. 2017)

There simply is no such authority here. It was entirely reasonable for Mr. Cao to believe that he had the right to communicate with a private school regarding Plaintiff's candidacy given Plaintiff authorized him to do so. There was nothing to suggest that doing so violated Plaintiff's right to privacy given that authorization and the federal regulations authorizing that communication. It also was not clear that the communications violated a property interest given students do not have a property interest in *private* school and Mr. Cao was not the one who made the decision to rescind Plaintiff's admission. Therefore Mr. Cao is entitled to qualified immunity and this cause of action will be dismissed.

**Second Cause of Action: Monell Claim Against HUSD**

Section 1983 states, in pertinent part: "Every *person* who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law...." 42 U.S.C. § 1983 (emphasis added). A California School District cannot be sued under §1983 because it is not a person as defined in §1983. See *Kirchmann v. Lake Elsinore Unified School Dist.*, 83 Cal.App.4th 1098 (2000)



(subsequently appealed to U.S. Supreme Court and denied certiorari in *Kirchmann v. Lake Elsinore Unified School Dist.*, 533 U.S. 902 (2001)); See also *Pierce v. San Mateo County Sheriff's Dept.*, 232 Cal.App.4th 995 (2014). State and federal courts have uniformly held that California school districts are state agencies and thus not "persons" for purposes of section 1983. *Julian v. Mission Community Hospital*, 11 Cal.App.5th 360, 386 (2017); See, e.g., McAllister v. Los Angeles Unified School District, 216 Cal.App.4th 1198, 1207 (2013); *C.W. v. Capistrano Unified School Dist.*, 784 F.3d 1237, 1247 (9th Cir. 2015); *Belanger v. Madera Unified School Dist.*, 963 F.2d 248, 253 (9th Cir. 1992).

Hayward Unified School District is a California school district and is not a person for the purposes of Section 1983. On those grounds alone, Hayward Unified School District must be dismissed from this lawsuit.

The cause of action against Hayward Unified School District also fails on additional grounds. As a preliminary matter, Plaintiff must first identify an underlying constitutional violation for which there is no immunity. He cannot do so, as set forth above in the discussion of the cause of action pled against Mr. Cao.

Even if Plaintiff can establish a violation of Mr. Cao, liability can only run to an employing entity if the violation was the result of an established policy or practice by the entity under *Monell*. Under *Monell*, a municipality or local government can be found liable under §1983 only when the entity itself causes the violation through the execution of the entity's policy, practice or custom. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989). There is no *respondeat superior* or vicarious liability under § 1983. *Id.*

Plaintiff's Complaint fails to allege that Hayward Unified School District has a policy or practice that was the moving force behind any constitutional deprivation. It does not allege any such policy or practice because none exist. Therefore, Plaintiff's cause of action against the District should also be dismissed.

**Third Cause of Action: Negligence Against Gary Cao**

Plaintiff alleges that Mr. Cao is negligent based on an alleged violation of the general duty of reasonable care to Plaintiff. However, there is no such duty as it relates to Plaintiff's relationship with a separate entity, in this case Moreau Catholic High School. Mr. Cao's interactions with Moreau catholic High School are protected by statute under 34C.F.R. § 99.34 (b)(2) and were consented to by Plaintiff when he and his mother asked Mr. Cao to provide information regarding Plaintiff's candidacy. Plaintiff's relationship and admissions process with Moreau Catholic High School fall completely outside Mr. Cao's duties as a teacher for Plaintiff at Mt. Eden High School. Mr. Cao also did not breach any duty owed to Plaintiff. Therefore, the negligence cause of action will fail.

**Fourth Cause of Action: Tortious Interference with a Contract Against Gary Cao**

To recover on his tortious interference with contract claim, Plaintiff must prove: (1) Plaintiff had a contract with Moreau Catholic High School guaranteeing him attendance at the school; (2) Mr. Cao knew of the contract; (3) Mr. Cao engaged in an intentional act designed to induce breach of that contract; (4) actual breach of the contract; and (5) resulting damage. *Pacific Gas & Electric Co. v. Bear Stearns & Co.* (1990) 50 Cal.3d 1118, 1126.

Plaintiff cannot satisfy multiple of those requirements. The Complaint alleges that Mr. Cao was aware that Plaintiff had a contract to attend Moreau Catholic High School because Mr. Cao had previously endorsed Plaintiff. That is not true, nor is it logical. The fact that Mr. Cao provided information to Moreau Catholic High School regarding Plaintiff's candidacy does not mean that Mr. Cao knew that Plaintiff already had a contract in place for his admission to the School. There is also nothing to suggest that Mr. Cao intended to deprive Plaintiff of any such contractual rights. That is particularly true because, as set forth above, federal regulations allowed for his communication with the School. Therefore, Plaintiff will not recover on this cause of action.

**Conclusion**

Defendants ask that Plaintiff dismiss this action because he cannot succeed for the reasons set forth above. Defendants' hope is to avoid having to file a Motion to Dismiss. We are happy to discuss further.

Very truly yours,

PORTER SCOTT
A PROFESSIONAL CORPORATION

By

Douglas S. Saavedra

DJH/DSS/ajb

# EXHIBIT C

**From:** Lori Crusselle <loricrusselle@kaltmanlaw.com>
**Sent:** Tuesday, April 19, 2022 3:30 PM
**To:** April Bybee; Keith Altman
**Cc:** Doug Saavedra; Derek Haynes; Jasmyn S. Scarlett
**Subject:** Re: Doss v. Hayward Unified School District, et al.

***External email***

Mr. Altman has read your meet and confer letter. You may file your motion to dismiss.

**Lori Crusselle**
Director of Litigation / Senior Litigation Paralegal
**Direct Phone:** (470) 502-2567
**Firm Phone:** (248) 987-8929
http://www.kaltmanlaw.com

HOME | K Altman Law
www.kaltmanlaw.com

*This email and any files transmitted with it are confidential and intended solely for the use of the individual or entity to whom addressed. This message is intended only to be seen by those named. If you have received this email in error, please notify the sender immediately. If you are not the intended recipient, please note that disclosing, copying, distributing, or taking any action in reliance on the contents of this information is strictly prohibited.*

---

**From:** April Bybee <abybee@porterscott.com>
**Sent:** Monday, April 18, 2022 6:13 PM
**To:** Keith Altman <keithaltman@kaltmanlaw.com>; Lori Crusselle <loricrusselle@kaltmanlaw.com>; Toni Renee Vierra <trvierra@kaltmanlaw.com>
**Cc:** Doug Saavedra <dsaavedra@porterscott.com>; Derek Haynes <dhaynes@porterscott.com>; Jasmyn S. Scarlett <jscarlett@porterscott.com>
**Subject:** Doss v. Hayward Unified School District, et al.

Good Afternoon,

Please see the attached correspondence in the above-entitled matter.

Thank you,

*April Bybee*
Assistant to Doug Saavedra
350 University Avenue | Suite 200 | Sacramento, CA 95825
T| 916. 929.1481 Ext. 340 F| 916. 927.3706
www.porterscott.com

**CONFIDENTIALITY NOTICE:** This email and any attachments are confidential and privileged. Any inadvertent disclosure shall not waive the attorney-client or work product privileges. If you have received this email in error, please notify the sender immediately and delete all copies of the email and any attachments.