PORTER | SCOTT
A PROFESSIONAL CORPORATION
Derek J. Haynes, SBN 264621
dhaynes@porterscott.com
Douglas S. Saavedra, SBN 333052
dsaavedra@porterscott.com
350 University Avenue, Suite 200
Sacramento, California 95825
TEL: 916.929.1481
FAX: 916.927.3706

Attorneys for Defendants
HAYWARD UNIFIED SCHOOL DISTRICT and GARY CAO (employee of Hayward Unified School District)
***Exempt from Filing Fees Pursuant to Government Code § 6103***

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

STEPHANIE DOSS as Natural Parent and *General Guardian* for J.D. her minor son,

Plaintiffs,

v.

HAYWARD UNIFIED SCHOOL DISTRICT, in its official capacity, GARY CAO, in his individual capacity, and DOES 1-20, inclusive.

Defendants.
_______________________________/

Case No.: 3:22-cv-00933

**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**

**DATE: August 12, 2022**
**TIME: 10:00 a.m.**
**DEPT: Courtroom 1 – 17th Floor**

FAC Filed: 05/18/22
Complaint Filed: 02/15/22

**TO PLAINTIFF AND PLAINTIFF'S ATTORNEY OF RECORD:**

**NOTICE IS HEREBY GIVEN** that on August 12, 2022 at 10:00 a.m. or as soon thereafter as the matter may be heard in Courtroom 1 of the above entitled court, located at 450 Golden Gate Avenue, San Francisco, CA 94102, Defendants Hayward Unified School District and Gary Cao will and hereby do move this Court to dismiss Plaintiff's Amended Complaint pursuant to Federal Rules of Civil Procedure ("Fed. R. Civ. P.") Rule 12(b)(6) because Plaintiff's Amended Complaint fails to state a claim upon which

relief can be granted for the following specific reasons:

1. Plaintiff's First and Second Claims for Relief under 42 U.S.C. § 1983 are barred because Defendants are entitled to Eleventh Amendment immunity;

2. Plaintiff's First and Second Claims for Relief are barred to the extent they are based on alleged violations of the Fifth Amendment because the Fifth Amendment only applies to federal actors;

3. Plaintiff's First Claim for Relief fails to the extent it alleges a violation of the Fourteenth Amendment's Due Process Clause because there is no property right in attending private school and Cao did not deny Plaintiff any property right;

4. Plaintiff's First Claim for Relief fails to the extent it alleges a violation of any privacy right under the Fourteenth Amendment because Cao did not violate any right to privacy;

5. Plaintiff's First Claim for Relief against Cao is barred because Cao is entitled to qualified immunity;

6. Plaintiff's Second Claim for Relief, for alleged *Monell* liability against the District, is barred because there was no underlying constitutional violation;

7. Plaintiff failed to plead sufficient facts to recover on his Second Claim for Relief, for *Monell* liability against the District;

8. Plaintiff's Third and Fourth Claims for Relief are barred for failure to comply with the Government Claims Act;

9. Plaintiff's Third Claim for Relief, for negligence against Cao, should be dismissed because Plaintiff failed to plead sufficient facts to show that Cao breached any duty owed to Plaintiff; and

10. Plaintiff's Fourth Claim for Relief, for tortious interference with contract, should be dismissed because Plaintiff failed to plead sufficient facts to show that Cao knew of any contract, that Cao prevented performance of that contract or that Cao intended to interfere with performance.

This motion to dismiss is based on this notice of motion and motion, the supporting memorandum of points and authorities, the supporting declaration and exhibits, and any other pleadings, evidence or legal arguments that may be presented at the time of the hearing to the extent one is held.

# TABLE OF CONTENTS

I. INTRODUCTION ..... 1

II. FACTUAL BACKGROUND ..... 2

A. Alleged Facts ..... 2

B. Meet-and-Confer Efforts and First Motion to Dismiss ..... 3

III. LEGAL STANDARD FOR MOTION TO DISMISS ..... 3

IV. PLAINTIFF CANNOT RECOVER ON THE FIRST CLAIM FOR RELIEF ..... 4

1. Cao is Entitled to Eleventh Amendment Immunity ..... 4

2. Plaintiff Cannot Recover Under the Fifth Amendment Because the Fifth Amendment Only Applies to Federal Actors ..... 4

3. Plaintiff Cannot Recover Under the Fourteenth Amendment's Due Process Clause Because There is No Property Right in Attending Private School ..... 5

4. Cao Did Not Deny Plaintiff a Property Right ..... 5

5. There Was No Violation of Plaintiff's Constitutional Right to Privacy ..... 6

6. Defendant Cao is Entitled to Qualified Immunity ..... 7

V. PLAINTIFF CANNOT RECOVER ON HIS *MONELL* CLAIM AGAINST THE DISTRICT ..... 7

1. The District is Entitled to Eleventh Amendment Immunity ..... 7

2. There was No Underlying Constitutional Violation ..... 8

3. Plaintiff Failed to Plead Sufficient Facts to Recover on a *Monell* Claim ..... 8

VI. PLAINTIFF FAILED TO COMPLY WITH THE GOVERNMENT CLAIMS ACT FOR HIS STATE LAW CLAIMS ..... 9

VII. PLAINTIFF CANNOT RECOVER ON HIS NEGLIGENCE CLAIM ..... 9

VIII. CAO DID NOT TORTIOUSLY INTERFERE WITH ANY CONTRACT ..... 10

IX. CONCLUSION ..... 11

# TABLE OF AUTHORITIES

Cases

*Ashcroft v. Iqbal*
556 U.S. 662 (2009) .......... 3, 9

*Baines v. Pickwick Ltd. V. City of L.A.*
72 Cal.App.4th 298 (1999) .......... 9

*Bair v. Krug*
853 F.2d 672 (9th Cir. 1988) .......... 5, 8

*Baker v. Howard*
419 F.2d 376 (9th Cir 1969) .......... 6, 7

*Belanger v. Madera Unified School Dist.*
963 F.2d 248 (9th Cir. 1992) .......... 5

*Bell Atl. Corp. v. Twombly*
550 U.S. 544 (2007) .......... 4

*Bingue v. Prunchak*
512 F.3d 1169 (9th Cir.2008) .......... 5

*C.W. v. Capistrano Unified School Dist.*
784 F.3d 1237 (9th Cir. 2015) .......... 5, 8

*Cal. Restaurant Mgmt. Systems v. City of San Diego*
195 Cal.App.4th 1581 (2011) .......... 10

*Carver v. Rathlesberger*
2005 WL 3080856 (E.D. Cal. Nov. 11, 2005) .......... 6

*Crow v. State*
222 Cal.App.3d 192 (1990) .......... 9

*Crumpton v. Gates*
947 F.2d 1418 (9th Cir. 1991) .......... 4

*Dailey v. Los Angeles Unified Sch. Dist.*
2 Cal. 3d 741 (1970) .......... 10

*Davis v. Bucher*
853 F.2d 718 (9th Cir. 1988) .......... 8

*Dougherty v. City of Covina*
654 F.3d 892 (9th Cir, 2011) .......... 9

*Gibson v. United States*
781 F.2d 1334 (9th Cir. 1986) .......... 4

*Green v. State Ctr. Comm. College Dist.*
34 Cal.App.4th 1348 (1995) .......... 10

*Julian v. Mission Community Hospital*
11 Cal.App.5th 360 (2017) .......... 5

*Kisela v. Hughes*
138 S.Ct. 1148 (2018) .......... 7

*Ladd v. County of San Mateo*
12 Cal.4th 913 (1996) .......... 10

*Massey v. Biola Univ., Inc.*
2020 WL 5898804 (C.D. Cal. Aug. 21, 2020) .......... 6

*McNally v. Pulitzer Pub. Co.*
532 F.2d 69 (8th Cir.1976) .......... 6

*Monell v. Dept. of Social Services*
436 U.S. 658 (1978) .......... *passim*

*P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*
506 U.S. 139 (1993) .......... 4, 8

*Pacific Gas & Electric Co. v. Bear Stearns & Co.*
50 Cal.3d 1118 (1990) .......... 11

*Saucier v. Katz*
533 U.S. 194 (2001) .......... 7

*Seaton v. Mayberg*
610 F.3d 530 (9th Cir.2010) .......... 6

*Shafer v. County of Santa Barbara*
868 F.3d 1110 (9th Cir. 2017) .......... 8

*Shirk v. Vista Unified Sch. Dist.*
42 Cal.4th 201 (2007) .......... 10

*Sierra Lake Reserve v. City of Rocklin*
938 F.2d 951 (9th Cir.1991) ........................................ 5

*St. Michael's Convalescent Hosp. v. California*
643 F.2d 1369 (9th Cir.1981) ........................................ 6

*State of California v. Superior Court (Bodde)*
32 Cal.4th 1234 (2004) ........................................ 10

*Town of Castle Rock, CO v. Gonzales*
545 U.S. 748 (2005)........................................ 6

*Wedges/Ledges of Cal., Inc. v. City of Phoenix*
24 F.3d 56 (9th Cir.1994) ........................................ 5

*Will v. Mich. Dep't of State Police*
491 U.S. 58 (1989)........................................ 4

Statutes

42 U.S.C. § 1983........................................ 1, 4, 6, 8
California Government Code §911.2........................................ 9
California Government Code §§905, 910(e), 911.2 and 945.4........................................ 9

Rules

Federal Rule of Civil Procedure 8(a)(2) ........................................ 3
Federal Rules of Civil Procedure ("Fed. R. Civ. P.") Rule 12(b)(6) ........................................ 3

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.**

**INTRODUCTION**

Plaintiff JD, through his Guardian, filed this action against Defendant Hayward Unified School District (hereinafter "District") and JD's former teacher, Defendant Gary Cao, asserting a variety of claims based on allegations that a separate private school denied Plaintiff admittance after the District and Cao caught JD cheating repeatedly.

Plaintiff asked Cao to write a recommendation for Plaintiff to transfer to a private school outside of the District, Moreau Catholic High School. Plaintiff was subsequently caught cheating repeatedly on homework assignments and examinations. Cao thereafter rescinded his recommendation. Moreau Catholic High School later denied Plaintiff admittance for unspecified reasons. Plaintiff now brings this action asserting a variety of claims against Cao and the District. All of the claims are barred as a matter of law and fail on their merits.

Plaintiff's First and Second Claims for Relief are pled under 42 U.S.C. § 1983. The First Claim for Relief is for alleged due process violations under the Fifth and Fourteenth Amendments against Cao. The Second Claim for Relief is a *Monell* claim against the District based on the same alleged constitutional violations. Both Claims are indisputably barred because school districts and their personnel are considered state actors that are entitled to Eleventh Amendment immunity against suit under 42 U.S.C. § 1983.

Additionally, Plaintiff cannot pursue claims under the Fifth and Fourteenth Amendments. The Fifth Amendment only applies to federal actors. The District and Cao are not federal actors.

To recover under the Fourteenth Amendment against Cao, Plaintiff must prove that Cao denied him a property right protected by the due process clause. Plaintiff submits that property right was the right to attend Moreau Catholic High School. However, Courts are clear that there is no property right to attend private school. Cao also did not deny Plaintiff admittance to Moreau Catholic High School. Moreau Catholic made that decision.  Cao simply rescinded his recommendation letter for Plaintiff. That does not give rise to any constitutional violation. Even if it does, Cao is entitled to qualified immunity given there is no precedent decision confirming that act constitutes a constitutional violation.

Plaintiff's *Monell* claim against the District fails for the same reasons. Plaintiff must prove that

Cao violated the due process clause as a mandatory prerequisite to pursuing a *Monell* claim against the District. Plaintiff cannot do that, as set forth above. Plaintiff also failed to plead facts establishing that Cao's acts were motivated by a District policy, practice or custom, as is required for a *Monell* claim.

Plaintiff's Third and Fourth Claims for Relief are state law claims pled against Cao for negligence and tortious interference with contract. Both claims are barred because Plaintiff failed to submit a Government Claim under the Government Claims Act, which is a mandatory prerequisite to pursuing state law claims against public entities and their employees. The time for doing so has now passed, meaning Plaintiff cannot cure this deficiency.

The state law claims also fail on their merits. The negligence claim fails because Cao did not have a duty to provide Plaintiff a recommendation for attendance at Moreau Catholic High School. The tortious interference with contract claim fails because Cao did not know Plaintiff had a contract to attend Moreau Catholic, Cao did not prevent either party from performing under the contract, nor did he intend to prevent that performance.

Defendants meet and conferred with Plaintiff regarding these deficiencies and asked Plaintiff to amend the original Complaint. Plaintiff refused without explanation. That forced Defendants to file a Motion to Dismiss challenging the original Complaint. Rather than opposing that Motion, Plaintiff filed the Amended Complaint he previously refused to file. That Amended Complaint, however, is in name only. It does not include any substantive amendments and certainly none that address the deficiencies noted above and in Defendants' original Motion to Dismiss. As a result, Defendants are now forced to file this Motion.

Defendants now respectfully request that the Court grant their Motion and dismiss Plaintiff's claims with prejudice because Plaintiff cannot overcome the defenses noted herein.

## II.

## FACTUAL BACKGROUND

### A. <u>Alleged Facts</u>

Plaintiff was a student at Mt. Eden High School. Defendant Gary Cao was his math teacher for a few months. [Docket No. 19, Amended Complaint ¶ 18.] Sometime in early 2021, at the request of Plaintiff's mother, Cao submitted a recommendation for Plaintiff to transfer to a private school, Moreau

Catholic High School. [Docket No. 19, Amended Complaint ¶ 28.]

Plaintiff was subsequently caught cheating on his homework. At the time, students were attending school remotely. Students did their math homework via handwriting. They then took pictures of their handwritten work and submitted them electronically. Plaintiff was caught submitting photographs of the homework completed by other students, in the other students' handwriting, as though it was his own. Cao and the District advised Plaintiff's mom of the incident. Plaintiff was then subsequently caught cheating again, this time on a math exam. The District investigated and confirmed the cheating.

Cao later withdrew the recommendation he submitted for Plaintiff to attend the Moreau Catholic High School. [Docket No. 19, Amended Complaint ¶ 28.] The private school subsequently denied Plaintiff admittance to the school. [Docket No. 19, Amended Complaint ¶ 29.]

**B. <u>Meet-and-Confer Efforts and First Motion to Dismiss</u>**

Defense counsel met and conferred with Plaintiff's counsel regarding the deficiencies with Plaintiff's original Complaint. Defense counsel provided Plaintiff's counsel the authorities supporting Defendants' position. Plaintiff's counsel decided not to meet and confer. He advised Defendants to just move forward with their Motion. (Declaration of Derek J. Haynes, ¶ 3-4.) Defendants then filed that Motion. [Docket No. 19]

Rather than opposing that Motion, Plaintiff filed an Amended Complaint. [Docket No. 19] Plaintiff's Amended Complaint asserts all the same claims as the original Complaint. Plaintiff did not make any substantive changes that address the deficiencies raised in the Motion to Dismiss challenging Plaintiff's original Complaint. *See Id.*

Defendants again attempted to meet and confer, to no avail. (Declaration of Derek J. Haynes, ¶ 7.) That forced Defendants to file the instant Motion.

## III.

## LEGAL STANDARD FOR MOTION TO DISMISS

Under Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss a complaint because it "fail[s] to state a claim upon which relief can be granted." "Under Federal Rule of Civil Procedure 8(a)(2) a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-678 (2009). "[A] complaint must contain

sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (quotation marks omitted). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of further factual enhancement."' *Id.* (quoting *Twombly*, 550 U.S. at 555, 557). Facts "'merely consistent with' a defendant's liability" are insufficient. *Id.* (quoting *Twombly*, 550 U.S. at 557). And "'legal conclusions couched as a factual allegation"' are not accepted as true. *Twombly*, 550 U.S. at 555. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief."' *Id.*

**IV.**

**PLAINTIFF CANNOT RECOVER ON THE FIRST CLAIM FOR RELIEF**

Plaintiff's First Claim for Relief is pled under 42 U.S.C. §1983. Section 1983 does not confer any substantive rights. It is simply a vehicle plaintiffs can use to pursue civil actions for certain violations of their Connotational and federal rights. Recovering under Section 1983 requires: (1) a violation of plaintiffs' Constitution or federal rights, (2) proximately caused (3) by conduct of a person (defendant) (4) acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). Or, more simply, plaintiffs must plead and ultimately prove: "(1) the defendants acting under color of state law (2) deprived plaintiffs of rights secured by the Constitution or federal statutes." *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986).

**1. <u>Cao is Entitled to Eleventh Amendment Immunity</u>**

State agencies and officials are entitled to sovereign immunity under the Eleventh Amendment. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70–71 (1989). In application, that means the Eleventh Amendment bars suit against state agencies and their employees under 42 U.S.C. § 1983. *See P.R.*

*Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993); *Bair v. Krug*, 853 F.2d 672, 675 (9th Cir. 1988). School districts are considered state agencies for purposes of Eleventh Amendment immunity. *C.W. v. Capistrano Unified School Dist.*, 784 F.3d 1237, 1247 (9th Cir. 2015); *Belanger v. Madera Unified School Dist.*, 963 F.2d 248, 253 (9th Cir. 1992); see *Julian v. Mission Community Hospital*, 11 Cal.App.5th 360, 386 (2017).

Therefore, Plaintiff's First Claim for Relief against Cao should be dismissed with prejudice because Cao is entitled to Eleventh Amendment immunity.

**2. Plaintiff Cannot Recover Under the Fifth Amendment Because the Fifth Amendment Only Applies to Federal Actors**

Plaintiff's First Claim for Relief alleges Defendant Cao violated the procedural due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution. Plaintiff, however, cannot recover against Cao under the Fifth Amendment because the Fifth Amendment only applies to actions by the federal government. "The Fifth Amendment's due process clause only applies to the federal government." *Bingue v. Prunchak*, 512 F.3d 1169, 1174 (9th Cir.2008). Therefore, Plaintiff's First Claim for Relief should be dismissed to the extent it alleges a violation of the Fifth Amendment.

**3. Plaintiff Cannot Recover Under the Fourteenth Amendment's Due Process Clause Because There is No Property Right in Attending Private School**

Plaintiff alleges a procedural due process violation under the Fourteenth Amendment. To recover Plaintiff must prove: (1) Defendant deprived Plaintiff a constitutionally protected liberty or property interest; and (2) the procedural safeguards surrounding the deprivation were inadequate. *Sierra Lake Reserve v. City of Rocklin*, 938 F.2d 951, 956 (9th Cir.1991). Establishing a constitutionally protected liberty or property interest is a threshold requirement. *Wedges/Ledges of Cal., Inc. v. City of Phoenix*, 24 F.3d 56, 62 (9th Cir.1994).

Here, Plaintiff claims he had a constitutionally protected property interest in attending the private school, Moreau Catholic. Plaintiff alleges: "Plaintiff has a clearly established constitutionally protected property interest in his education at Moreau Catholic High School." [Docket No. 19, Amended Complaint ¶ 43.]

Courts, however, have explicitly rejected that assertion, finding there is not property right in

admittance to a private school. "Plaintiff cannot pursue a due process claim under Section 1983 because . . . attendance at a private school is not a cognizable liberty or property interest under the Due Process Clause." *Massey v. Biola Univ., Inc.*, 2020 WL 5898804, at 10 (C.D. Cal. Aug. 21, 2020).

That is for clear reason. A "property right" is something plaintiffs are entitled to have. *Town of Castle Rock, CO v. Gonzales*, 545 U.S. 748, 756 (2005). A need, desire, or unilateral expectation of something is not enough. *Id.* Plaintiffs must be entitled to it. Nobody is "entitled" to attend private school. Therefore, there is no property right to it and Plaintiff's First Claim for Relief fails for that reason.

**4. Cao Did Not Deny Plaintiff a Property Right**

Even assuming, *arguendo*, that Plaintiff had a property right in attending Moreau Catholic private school, Defendant Cao did not deny him that right. Cao did not prevent Moreau Catholic from admitting Plaintiff. Moreau Catholic makes its own admission decisions and it decided not to admit Plaintiff. Cao did not prevent Moreau Catholic from admitting Plaintiff. Therefore, Cao cannot be liable for any such deprivation.

**5. There Was No Violation of Plaintiff's Constitutional Right to Privacy**

Plaintiff's Amended Complaint infers that his due process claim is also based on an alleged violation of his right to informational privacy. [Docket No. 19, Amended Complaint ¶ 45.] The Ninth Circuit has recognized a limited right to informational privacy protected by the Due Process Clause. *Seaton v. Mayberg*, 610 F.3d 530, 537–39 (9th Cir.2010). "However, courts have construed this right narrowly, limiting it to those rights which are 'fundamental or implicit in the concept of ordered liberty.'" *Carver v. Rathlesberger*, 2005 WL 3080856, at *2 (E.D. Cal. Nov. 11, 2005) (quoting *St. Michael's Convalescent Hosp. v. California*, 643 F.2d 1369, 1375 (9th Cir.1981).

"Only the most intimate phases of personal life have been held to be constitutionally protected." *Id.* (quoting *McNally v. Pulitzer Pub. Co.*, 532 F.2d 69, 76 (8th Cir.1976).)

Here, Plaintiff alleges that Cao's disclosure to Moreau Catholic High School constitutes an unlawful disclosure of private information under the due process clause. There, however, is no authority suggesting Cao's alleged disclosure falls within those protections. That is particularly true given the disclosure was to another school to which Cao was asked to provide a recommendation.

In fact, in *Baker v. Howard* 419 F.2d 376 (9th Cir 1969), the Ninth Circuit held that the

constitutional right to privacy did not extend to information that was more private than the information at-issue here. The plaintiff in *Baker* alleged that the defendant law enforcement officers knowingly disclosed false information indicating that he engaged in unlawful conduct. Plaintiff alleged the officers investigated him for unlawful conduct but found he did not engage in any such conduct. Despite that conclusion, the officers still published "libelous and false statements" to a news radio station indicating that plaintiff did engage in unlawful conduct. That disclosure resulted in plaintiff losing his job. The District Court found the disclosure did not fall within the narrow confines of private information protected under the due process clause. In affirming that decision, the Ninth Circuit held: "Under some circumstances there can be such a gross abuse of privacy as to amount to an abridgement of fundamental constitutional guarantees. (Citation omitted) But the invasion of privacy here complained of is not, in our opinion, so flagrant that it calls for invocation of the Constitution." *Id.* at 376.

If a knowingly false disclosure of unlawful conduct to news media does not fall within the protections of the due process clause, then Cao's disclosure of Plaintiff's scholastic performance to a school Plaintiff was seeking to attend certainly does not rise to that level. That is particularly true given Cao was simply rescinding a recommendation that Plaintiff previously asked him to make.

Therefore, Plaintiff's First Claim for Relief should be dismissed to the extent it is based on an alleged violation of the right to privacy under the due process clause.

**6. <u>Defendant Cao is Entitled to Qualified Immunity</u>**

Lastly, and most importantly, even if Plaintiff can prove that Cao in some way violated his rights, the First Claim for Relief still fails because Cao is entitled to qualified immunity.

Government employees are entitled to qualified immunity unless their conduct violates clearly established constitutional rights of which a reasonable person would have known. *Saucier v. Katz*, 533 U.S. 194 (2001). A right is "clearly established" to overcome qualified immunity if, considering the factual context of the case, it would have been clear to a reasonable employee in defendant's position that they were violating the plaintiff's constitutional rights. The Supreme Court held that to prove a right is clearly established, the plaintiff must identify existing precedent that "squarely govern[s]" the specific facts at issue. *Kisela v. Hughes*, 138 S.Ct. 1148, 1152 (2018). In other words, Plaintiffs must "identify a case where an [official] acting under similar circumstances as [Cao] was held to have violated the

[constitution].” *Shafer v. County of Santa Barbara*, 868 F.3d 1110, 1117 (9th Cir. 2017).

There simply is no such authority here. In fact, as to the right to informational privacy, the Ninth Circuit has explicitly confirmed that right is not clearly established. *See Davis v. Bucher*, 853 F.2d 718, 719 (9th Cir. 1988) (holing that the right to informational privacy under the due process clause has been “infrequently examined [and] as a result its contours remain less than clear.”). No precedent authority has been published making it clear that rescinding a recommendation to another school violates the due process clause under the circumstances of this case. Therefore, Cao is entitled to qualified immunity and Plaintiff’s First Claim for Relief should be dismissed for that reason.

## V.
## PLAINTIFF CANNOT RECOVER ON HIS *MONELL* CLAIM AGAINST THE DISTRICT

### 1. The District is Entitled to Eleventh Amendment Immunity

Plaintiff’s Second Claim for Relief is a *Monell* claim against the District under 42 U.S.C. § 1983. That claim is barred by the Eleventh Amendment. As set forth above, the Eleventh Amendment bars suit against state agencies under 42 U.S.C. § 1983. *See P.R. Aqueduct & Sewer Auth.,* 506 U.S. at 144 (1993); *Bair*, 853 F.2d at 675. School districts are considered state agencies for purposes of Eleventh Amendment immunity. *C.W.*, 784 F.3d at 1247. Therefore, Plaintiff’s Second Claim for Relief is barred.

### 2. There was No Underlying Constitutional Violation

Government agencies are not vicariously liable for the conduct of their employees under 42 U.S.C. § 1983. *Monell v. Dept. of Social Services*, 436 U.S. 658 (1978). Plaintiffs must establish liability on a *Monell* claim to recover against government agencies. *Id.* Doing so requires that plaintiffs first prove any underlying constitutional violation. *Id.* Plaintiff cannot do that here, as set forth above in Section IV. Therefore, Plaintiff’s *Monell* claim against the District necessarily fails.

### 3. Plaintiff Failed to Plead Sufficient Facts to Recover on a *Monell* Claim

Plaintiff’s *Monell* claim against the District fails as a matter of law because the District is immune under the Eleventh Amendment and Plaintiff failed to establish an underlying constitution violation, as set forth above.

Plaintiff also failed to plead facts sufficient to recover on a *Monell* claim. To recover on a *Monell* claim, plaintiffs must plead and ultimately prove: (1) plaintiffs suffered a constitutional violation; (2) the

defendant-government agency had a policy, practice or custom; (3) that policy, practice or custom was the moving force behind the constitutional violation; and (4) that policy, practice or custom amounts to deliberate indifference to the plaintiffs' constitutional rights. *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir, 2011) (citation omitted).

Plaintiff's Amended Complaint does not include any *factual* allegations indicating that any of the District's policies, practices or customs amounted to deliberate indifference and was the moving force behind any constitutional violation. Plaintiff simply alleges that the District failed to follow some unspecified policy in this one instance. [See Docket No. 19, Amended Complaint ¶ 58.] Even if that conclusory allegation is taken as true, a failure to follow a policy does not establish the elements of a *Monell* violation – that the District has an unlawful policy; that any such policy was the moving force behind any violation; or that the policy amounts to deliberate indifference.

The only other allegation Plaintiff offers is a conclusory allegation that "Defendant Cao deprived Plaintiff of his constitutional rights as a result of official acquiescence and custom on the part of [the District]." [See Docket No.1, Amended Complaint ¶ 60.] That conclusory allegation is insufficient to carry Plaintiff's burden to plead facts that entitle him to relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677-678 (2009). Therefore, his Second Claim for Relief should be dismissed.

## VI.

## PLAINTIFF FAILED TO COMPLY WITH THE GOVERNMENT CLAIMS ACT FOR HIS STATE LAW CLAIMS

Plaintiff's Third and Fourth Claims for Relief are state law claims for negligence and tortious interference with contract. Plaintiffs are required to submit Government Claims under the Government Claims Act as a mandatory prerequisite to pursuing state law claims against public entities and their employees. California Government Code §§905, 910(e), 911.2 and 945.4. Plaintiffs must do so within six months after the conduct or events giving rise to the cause of action. California Government Code §911.2.

The claims presentation requirements are intended to give public entities and their employees the "opportunity to evaluate the merit and extent of liability and determine whether to grant the claim without the expense of litigation." *Crow v. State*, 222 Cal.App.3d 192, 202 (1990); see also *Baines v. Pickwick Ltd. V. City of L.A.*, 72 Cal.App.4th 298, 303 (1999) [claims presentation requirements facilitate fiscal

planning for potential liabilities]. The purported claim must therefore "make it readily discernable by the entity that the intended purpose thereof is to convey the assertion of a compensable claim against the entity which, if not otherwise satisfied, will result in litigation." *Green v. State Ctr. Comm. College Dist.*, 34 Cal.App.4th 1348, 1358 (1995).

Compliance with the claim presentation requirements is a necessary element of every state law claim against public agencies and employees. *Shirk v. Vista Unified Sch. Dist.*, 42 Cal.4th 201, 209 (2007). Failure to plead and ultimately prove presentation of a proper Government Claim bars the plaintiff from bringing a subsequent action against the public entity and its employees. *Cal. Restaurant Mgmt. Systems v. City of San Diego*, 195 Cal.App.4th 1581, 1591 (2011); *State of California v. Superior Court (Bodde)*, 32 Cal.4th 1234, 1239 (2004).

Plaintiff's Amended Complaint is devoid of any allegations regarding the Government Claims Act, let alone facts sufficient to prove compliance with the requirements of the Act. That is because Plaintiff did not comply with the Act. Therefore, Plaintiff's Third and Fourth Claims for Relief should be dismissed.

## VII.

## PLAINTIFF CANNOT RECOVER ON HIS NEGLIGENCE CLAIM

Plaintiff's negligence claim also fails on its merits. To plead negligence, a complaint must include facts sufficient to show: (1) defendant owed plaintiff a legal duty of care; (2) defendant breached that duty; and (3) that breach was the proximate cause of plaintiff's injury. *Ladd v. County of San Mateo*, 12 Cal.4th 913, 917 (1996). In the school context, courts have imposed a limited duty on teachers to protect students from third-parties in certain situations. *See Dailey v. Los Angeles Unified Sch. Dist.,* 2 Cal. 3d 741 (1970). However, there is no authority imposing or inferring a duty on teachers relating to recommendations for students to attend other schools. That is particularly true in circumstances, like here, where Plaintiff admits the District found that Plaintiff's allegations that Cao incorrectly accused him of cheating were unsubstantiated. [Docket No. 19, Amended Complaint, ¶ 33.] Therefore, Plaintiff's negligence claim should be dismissed.

///

///

## VIII.

## CAO DID NOT TORTIOUSLY INTERFERE WITH ANY CONTRACT

Plaintiff's Fourth Claim for Relief is a state law claim for tortious interference with contract. It should be dismissed based on Plaintiff's failure to comply with the Government Claims Act, as set forth above in Section VI. It also fails on its merits.

To recover on his tortious interference with contract claim, Plaintiff must plead and ultimately prove that he had a contract with Moreau Catholic High School guaranteeing him attendance at the school and that Cao had knowledge of that contract. *Pacific Gas & Electric Co. v. Bear Stearns & Co.*, 50 Cal.3d 1118, 1126 (1990) (the actual existence of a contract and the defendant's knowledge of that contract are required). Plaintiff fails to plead facts establishing that Cao knew Plaintiff had a contract with Moreau Catholic High School that guaranteed Plaintiff admittance to that School. Instead, Plaintiff simply submits that Cao *must have* known that Plaintiff had a contract guaranteeing him admittance to the School given Cao previously provided Plaintiff a recommendation to attend the School. That is illogical. Just because Cao previously provided Moreau Catholic High School information regarding Plaintiff's candidacy does not mean Cao knew that Plaintiff and Moreau Catholic High School subsequently executed a contract guaranteeing Plaintiff admittance to the School.

Plaintiff must also plead and ultimately prove that Cao's conduct prevented performance of the contract or made performance of the contract more difficult or expensive. California Civil Jury Instructions, Instruction 2201. That certainly is not the case here. Cao rescinding his recommendation for Plaintiff to attend did not prevent Moreau Catholic High School from admitting Plaintiff to the School or make it more expensive or difficult for Moreau Catholic High School to admit Plaintiff into the School. Moreau Catholic High School, at all times, was free to admit Plaintiff to the School if it wanted to do so.

Plaintiff must also plead facts establishing that Cao intended to prevent or disrupt performance of the contract. *Pacific Gas & Electric Co. v. Bear Stearns & Co.*, 50 Cal.3d 1118, 1126 (1990). The Amended Complaint is devoid of facts sufficient to make that showing.

Lastly, Plaintiff must prove actual damages stemming from Cao's alleged interference with a purported contract. Plaintiff does not identify any such damages, nor can he as any claim for damages would be purely speculative.

Therefore, Plaintiff's Fourth Claim for Relief should be dismissed.

**IX.**

**CONCLUSION**

Based on the foregoing, Defendants respectfully request the Court to dismiss Plaintiff's Amended Complaint in its entirety. Defendants submit the Amended Complaint should be dismissed with prejudice given Plaintiff cannot overcome the immunities noted above or Plaintiff's failure to comply with the Government Claims Act.

Dated: June 1, 2022

PORTER SCOTT
A PROFESSIONAL CORPORATION

By ___/s/ *Derek J. Haynes*____________
Derek J. Haynes
Douglas S. Saavedra
Attorneys for Defendants