**PORTER | SCOTT**

A PROFESSIONAL CORPORATION
Derek J. Haynes, SBN 264621
dhaynes@porterscott.com
Douglas S. Saavedra, SBN 333052
dsaavedra@porterscott.com
350 University Avenue, Suite 200
Sacramento, California 95825
TEL: 916.929.1481
FAX: 916.927.3706

Attorneys for Defendants
HAYWARD UNIFIED SCHOOL DISTRICT and GARY CAO (employee of Hayward Unified School District)
***Exempt from Filing Fees Pursuant to Government Code § 6103***

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| STEPHANIE DOSS as Natural Parent and *General Guardian* for J.D. her minor son,<br><br>        Plaintiffs,<br><br>v.<br><br>HAYWARD UNIFIED SCHOOL DISTRICT, in its official capacity, GARY CAO, in his individual capacity, and DOES 1-20, inclusive.<br><br>        Defendants.<br>_____/ | Case No.: 3:22-cv-00933<br><br>**DECLARATION OF DEREK J. HAYNES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**<br><br>**DATE:  August 12, 2022**<br>**TIME:  10:00 a.m.**<br>**DEPT:  Courtroom 1 – 17th Floor**<br><br>FAC Filed: 05/18/22<br>Complaint Filed:  02/15/22 |

I, Derek J. Haynes, declare:

1.      I am an attorney duly licensed to practice before all the courts of the State of California and the Northern District of California and am a shareholder with the law firm of Porter Scott, attorneys of record for Defendants HAYWARD UNIFIED SCHOOL DISTRICT and GARY CAO ("Defendants"). I have personal knowledge of the facts alleged herein and, if called, could testify competently as to them.

2.       On February 15, 2022, Plaintiff filed a Complaint alleging four causes of action including two separate 42 U.S.C. § 1983 Deprivation of Civil Rights claims against both Defendants, Negligence against Defendant Gary Cao, and Tortious Interference with a Contract against Defendant Gary Cao. A true and correct copy of that Complaint is attached hereto as <u>Exhibit A</u> for ease of reference. It is also included on the Court's Docket as Docket No. 1.

3.       On April 18, 2022, defense counsel sent a formal correspondence to Plaintiff's Counsel detailing the deficiencies in Plaintiff's Complaint, including authorities supporting Defendants' position. A true and correct copy of our office's April 18, 2022, Meet and Confer correspondence is attached as <u>Exhibit B</u>.

4.       On April 19, 2022, Plaintiff's Counsel sent an email to our office acknowledging that they read our correspondence and that we should just move forward with filing a motion to dismiss. A true and correct copy of this email is attached as <u>Exhibit C</u>.

5.       On May 4, 2022, Defendants filed a Motion to Dismiss Plaintiff's Complaint. A true and correct copy of Defendants' first Motion to Dismiss is attached as <u>Exhibit D</u>. It is also included on the Court's Docket as Docket No. 18.

6.       On May 18, 2022, Plaintiff filed an Amended Complaint alleging the same four causes of action as the original Complaint. Plaintiff's Amended Complaint is almost identical to his original Complaint. A true and correct copy of Plaintiff's Amended complaint is attached as <u>Exhibit E</u>. It is also included on the Court's Docket as Docket No. 19.

7.       On May 26, 2022, Defense Counsel sent a formal correspondence to Plaintiff's Counsel acknowledging Plaintiff's Amended Complaint and addressing that it contained all the same deficiencies as the original Complaint. Plaintiff's counsel did not respond to this correspondence. A true and correct copy of our office's May 26, 2022, Meet and Confer correspondence is attached as <u>Exhibit F</u>.

8.       Due to the persistent deficiencies in Plaintiff's Amended Complaint, Defendants have no choice but to file this Motion to Dismiss.

I make this Declaration on my own personal knowledge except to the facts stated on information and belief.  As to such facts, I believe them to be true.  If called upon to do so, I could and would competently testify about the matters asserted herein.

**DECLARATION OF DEREK J. HAYNES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on this 1st day of June 2022 at Sacramento, California.

___/s/ *Derek J. Haynes*___

Derek J. Haynes

**DECLARATION OF DEREK J. HAYNES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

# EXHIBIT A

Keith Altman, Esq. (CBN. 257309)
**THE LAW OFFICE OF KEITH ALTMAN**
33228 West 12 Mile Road, Suite 375
Farmington Hills, Michigan 48331
Telephone: (248) 987-8929
Email: keithaltman@kaltmanlaw.com

*Attorney for Plaintiffs*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### OAKLAND DIVISION

| | |
|---|---|
| **STEPHANIE DOSS as Natural Parent and *General Guardian* for J.D. her minor son,** | CASE NO. |
| *PLAINTIFFS*, | COMPLAINT |
| v. | 1. Deprivation of Civil Rights 42 U.S.C. § 1983-Fourteenth and Fifth Amendment Due Process |
| **HAYWARD UNIFIED SCHOOL DISTRICT, in its official capacity, GARY CAO, in his individual capacity, and DOES 1-20, inclusive.** | 2. Deprivation of Civil Rights 42 U.S.C. § 1983-Fourteenth and Fifth Amendment-Monell Claim |
| *DEFENDANTS.* | 3. Negligence |
| | 4. Tortious Interference with a Contract |
| | <u>JURY TRIAL DEMANDED</u> |

COMPLAINT

**NOW COMES** Stephanie Doss on behalf of her minor son, J.D., by and through their attorneys, The Law Office of Keith Altman, with this Complaint against Defendants, and hereby states the following:

## BACKGROUND

1.  Plaintiff J.D. was falsely accused of cheating on a math exam by his high school teacher. This false accusation and the discriminatory acts against Plaintiff J.D. caused him to lose admission to a prestigious school, where his attendance would elevate his history of academic success by significantly improving his academic career.

2.  This is an action seeking damages for Negligence and Tortious Interference with a Contract. Defendants' individual and collective acts also violated due process rights violations under 42 U.S.C. §1983.

## PARTIES

3.  Plaintiff J.D. ("Plaintiff") is a student at Mt. Eden High School, located in Hayward, California, and part of the Hayward Unified School District.

4.  At all times relevant to this Complaint, Plaintiff was, and is presently, a minor child.

1

COMPLAINT

5.    Stephanie Doss ("Doss") is Plaintiff's natural mother and J.D.'s natural parent and *general guardian*. This Complaint is filed by and through Doss with the consent of Plaintiff pursuant to Federal Rule of Civil Procedure 17 (c)(1)(A).

6.    Defendant Hayward Unified School District ("HUSD") is a public school district located in the City of Hayward, County of Alameda, in California. Mt. Eden High School is a school within HUSD.

7.    Defendant Gary Gao is a citizen of the state of California and is now and at all relevant times has been a math teacher at Mt. Eden High School and an employee of HUSD.

8.    Defendants DOES 1-20 (hereafter "DOE DEFENDANTS") are citizens of the state of California and are individuals who are or were employed by HUSD at all times relevant to this action. The names and job titles of the DOE DEFENDANTS are currently unknown.

## JURISDICTION & VENUE

9.    This action arises under the laws of the United States. Therefore, this Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 (federal question).

COMPLAINT

10. This action arises under 42 U.S.C. § 1983 for violations of civil rights under the First and Fourteenth Amendments of the United States Constitution.

11. In accordance with 28 U.S.C. § 1367, this Court also has supplemental jurisdiction over Plaintiff's state law claim for Negligence and Tortious Interference with a Contract. This is because this state law claim is so closely related to the federal question claim that it forms the same case or controversy under Article III of the United States Constitution.

12. This Court properly exercises personal jurisdiction over Defendant HUSD because it is domiciled within the Northern District of California.

13. This Court properly exercises personal jurisdiction over Defendant CAO because he is domiciled within the Northern District of California. Furthermore, Defendant CAO was an employee of HUSD at all relevant times herein and personally violated certain laws, rights, and policies, the effects of which were felt in the Northern District of California.

14. This Court properly exercises personal jurisdiction over DOE DEFENDANTS because they are domiciled within the Northern District of California. Furthermore, DOE DEFENDANTS were employees of HUSD at all relevant times herein and personally violated certain laws,

COMPLAINT

rights, and policies, the effects of which were felt in the Northern District of California.

15. This action is properly venued in the United States District Court for the Northern District of California because Defendants are located within this district and all violations alleged by Plaintiff transpired on the Mt. Eden High School campus in Hayward, California, located within this district.

## **FACTUAL ALLEGATIONS**

16. Plaintiff is a good student with primarily As and Bs in his classes.

17. At the beginning of 2021, Plaintiff had been admitted to Moreau Catholic High School ("Moreau"), a prestigious private school with a great reputation and learning opportunities, located in Hayward, California.

18. Also, at the beginning of 2021, Plaintiff was struggling with a math class taught by Defendant Mr. Gary Cao. Motivated to improve his grades in this class, Plaintiff enlisted the help of a math tutor.

19. In the tutoring sessions, his tutor showed Plaintiff a specific way to solve a certain math problem.

COMPLAINT

20.  Plaintiff put what he had learned from the tutoring to use during a math exam in Defendant Cao's class.

21.  After handing in the exam, Defendant Cao claimed that he had never taught this way to solve the mathematical problem that Plaintiff used to complete the exam. Therefore, Defendant Cao concluded that Plaintiff must have cheated on the exam.

22.  More specifically, Defendant Cao claimed that Plaintiff had used the *Photo Math* app (a computer program designed to help people perform an activity) to solve the problems on the exam because the app used a way similar to that used by Plaintiff to solve problems.

23.  Defendant Cao made this accusation without proof or any grounds for it.

24.  Terrance Christianson, Assistant Principal and Head of Math Department, called Doss, Plaintiff's mother, to share the accusations.

25.  Neither Plaintiff nor his mother, Doss, have ever heard of, or used, the *Photo Math* app referenced by Defendant Cao.

26.  In response to Doss' contact with Terrance Christianson, Defendant Cao contacted Moreau and withdrew his previous recommendation of Plaintiff.

27. Additionally, Defendant Cao told Moreau that Plaintiff had cheated on his exam and that he had plagiarized information. As a result of Defendant Cao's false allegations, Moreau rescinded their offer of admission to Plaintiff.

28. On multiple occasions, Plaintiff, and his mother Doss, tried reaching out to Defendant HUSD about the actions of Defendant Cao.

29. Defendant HUSD claimed that they would resolve the issues raised by Doss with Defendant Cao internally. Nothing was done.

30. In April 2021, and given the continued discriminatory behavior of Defendant Cao, Doss filed a written complaint with Defendant HUSD.

31. In response to Doss' Complaint, Defendant HUSD found the allegations against Defendant Cao unsubstantiated.

32. This unfair, inappropriate, and discriminatory treatment toward Plaintiff prevented him from attending the prestigious Moreau Catholic High School, a school that had already approved Plaintiff's admission before Defendant Cao's false allegations.

33. But for the unfair, inappropriate, and discriminatory treatment by Defendants, Plaintiff would have been able to continue and advance his

COMPLAINT

education at an institution that would have better positioned him for continued academic and professional success into the future.

34. These events have a profoundly negative impact on Plaintiff's mental well-being. Plaintiff has been severely emotionally injured by the false allegations and discrimination that he experienced at the hands of Defendants while he was their student.

## **RESPONDAET SUPERIOR AND AGENCY**

35. Plaintiff incorporates by reference every preceding allegation as if specifically set forth herein.

36. Under federal and California law, an employer may be vicariously liable for an employee's actions when they are acting within the scope of their employment on behalf of their employer.

37. At all times relevant to this action, Defendant Cao and DOE Defendants were employed by HUSD. The acts and omissions of Defendant Cao and DOE Defendants were undertaken within the scope of their employment with HUSD.

//

//

COMPLAINT

### FIRST CAUSE OF ACTION
### Violation of 42 U.S.C. § 1983
### Fifth and Fourteenth Amendments – Due Process
### (As to Defendant CAO)

38.  Plaintiff incorporates by reference every preceding allegation as if specifically set forth herein.

39.  The Fifth and Fourteenth Amendments of the U.S. Constitution provide, in pertinent part, that "no person shall be deprived of life, liberty, or property without due process of law."

40.  Plaintiff has a clearly established constitutionally protected property interest in his admittance to Moreau Catholic High School. Plaintiff had gained admittance to Moreau and had a secured property interest in attending Moreau Catholic High School. Plaintiff thus had a constitutionally protected property interest in attending Moreau Catholic High School.

41.  In addition, Plaintiff had a constitutionally protected privacy interest in information about his educational status with respect to the allegations of cheating against plaintiff.

42.  Given that Defendant Cao's accusations of cheating and plagiarism against Plaintiff, jeopardized his ability to attend an academic institution of his choosing, Plaintiff was entitled to a fair and impartial process from

8

which to determine whether the accusations of his cheating were true and, if so, what consequences should follow. Accordingly, Plaintiff was entitled to a process with a systematic method for evaluating Plaintiff's actions as well as clear standards of culpability concerning the specific violation levied against him. Anything less amounts to an arbitrary disciplinary process subject only to the whims of one single teacher, Defendant Cao.

43. In other words, Plaintiff had a right to have the accusations of cheating thoroughly investigated and only communicated to third parties, if found proven guilty.

44. The disciplinary process to which Plaintiff was subjected was devoid of due process for the following reasons:

    a. Defendant Cao derived his allegations that Plaintiff had cheated from mere speculation.

    b. Defendant Cao falsely told Moreau that Plaintiff had cheated and plagiarized.

    c. Defendant Cao did not let Plaintiff defend himself against the allegations, nor did Defendant Cao take any of Plaintiff's evidence into consideration.

COMPLAINT

d. Instead of granting Plaintiff a fair process of evaluating the allegations, Defendant Cao, on his own accord, went straight to Moreau to communicate his false claims against Plaintiff.

45. When the events contained in this Complaint occurred, Defendant Cao was acting under the color of law.

46. Defendant Cao was aware that Plaintiff was entitled to a fair and impartial determination of the merits of the allegations against Plaintiff.

47. DOE Defendants contributed to Plaintiff's constitutional deprivations in a manner to be determined through the course of litigation.

48. As a direct and proximate result of Defendant's actions, Plaintiff suffered emotional injury, humiliation, as well as a serious setback to Plaintiff's desired academic career justifying the need for injunctive relief.

**SECOND CAUSE OF ACTION**
**Violation of 42 U.S.C. § 1983**
**Fifth and Fourteenth Amendments – Monell Claim**
**(As to Defendant HUSD)**

49. Plaintiff incorporates by reference every preceding allegation as if specifically set forth herein.

10

COMPLAINT

50.  The Fifth and Fourteenth Amendments of the U.S. Constitution provide, in pertinent part, that "no person shall be deprived of life, liberty, or property without due process of law."

51.  Plaintiff has a clearly established constitutionally protected property interest in his admittance to Moreau Catholic High School.  Plaintiff had gained admittance to Moreau and thus had a secured property interest in attending Moreau Catholic High School.   Plaintiff thus had a constitutionally protected property interest in attending Moreau Catholic High School.

52.  In addition, Plaintiff had a constitutionally protected privacy interest in information about his educational status with respect to the allegations of cheating against Plaintiff.

53.  Defendant CAO deprived Plaintiff of his constitutional rights with full knowledge and consent of HUSD.

54.  Defendant HUSD had the opportunity to prevent Defendant CAO from depriving Plaintiff of his constitutional rights but failed to do so.

55.  Therefore, Defendant CAO deprived Plaintiff of his constitutional rights as a result of official acquiescence and custom on the part of HUSD.

COMPLAINT

56. As a direct and proximate result of Defendant's actions, Plaintiff suffered emotional injury, humiliation, as well as a serious setback to Plaintiff's desired academic career justifying the need for injunctive relief.

## THIRD CAUSE OF ACTION
### Negligence
### <u>Against Defendant Cao and DOE Defendants</u>

57. Plaintiff incorporates by reference every preceding allegation as if specifically set forth herein.

58. Defendant Cao owed Plaintiff a duty of reasonable care. In conformity with his duty of reasonable care, Defendant Cao:

    a. Had a duty not make accusations against Plaintiff that Defendant Cao knew or should have known were false.

    b. Had a duty not to undermine Plaintiff's ability to attend Moreau Catholic High School without good cause.

59. DOE Defendants owed Plaintiff a duty of reasonable care. In conformity with his duty of reasonable care, DOE Defendants:

    a. Had a duty not to undermine Plaintiff's ability to attend Moreau Catholic High School without good cause.

COMPLAINT

60.  Defendant Cao breached his duty of reasonable care to Plaintiff when he made false accusations of cheating against Plaintiff.  Defendant Cao had no grounds or evidence for this claim.

61.  Defendant Cao further breached his duty of reasonable care to Plaintiff when he withdrew his endorsement of Plaintiff and communicated his false allegations of cheating to Moreau Catholic High School.  Defendant Cao did not have good cause to jeopardize Plaintiff's educational future.

62.  Defendant Cao had no evidence for his accusations of cheating and plagiarism against Plaintiff and thus should have known they were false.

63.  It was foreseeable that Moreau Catholic High School would withdraw Plaintiff's admission when Defendant Cao withdrew his endorsement of Plaintiff and communicated his false accusations to Moreau.

64.  By communicating false accusations of cheating to Moreau and withdrawing his endorsement of Plaintiff to Moreau, Defendant Cao directly and proximately caused Plaintiff to lose his enrollment at Moreau Catholic High School.

65.  The actions of the DOE Defendants were negligent in a manner that will be determined through the course of litigation.

COMPLAINT

66. As a direct and proximate result of Defendant Cao's actions, Plaintiff suffered damages in the form of emotional injury and humiliation.

**FOURTH CAUSE OF ACTION**
**Tortious Interference with Contract**
**Against Defendant Cao**

67. Plaintiff incorporates by reference every preceding allegation as if specifically set forth herein.

68. Plaintiff had a valid contract with Moreau Catholic High School whereby Moreau offered Plaintiff admittance to their high school program and Plaintiff had accepted.  Plaintiff's admittance to Moreau was offered in exchange for consideration in the form of promises to pay tuition.

69. Defendant Cao was aware of the contract between Moreau and Plaintiff, as evidenced by Defendant Cao's previous endorsement of Plaintiff for admittance to Moreau.

70. Defendant Cao undertook the following intentional actions for the purpose of disrupting the contract between Moreau and Plaintiff

  a. Communicating false accusations of cheating and plagiarism against Plaintiff to Moreau;

  b. Withdrawing his endorsement of Plaintiff to Moreau

COMPLAINT

71.   As a result of Defendant Cao's actions, the contractual relationship between Moreau and Plaintiff was disrupted and Moreau withdrew their admittance of Plaintiff to their High School program

72.   As a direct and proximate result of Defendant Cao's actions, Plaintiff suffered damages in the form of emotional injury and humiliation.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff requests that this Court grant him relief as follows:

1.   Compensatory damages for humiliation, mental anguish, and emotional distress.

2.   Punitive damages against the Defendants.

3.   Attorneys' fees.

4.   Costs of the suit.

5.   Injunctive relief in the form of:

a.   Reinstating Plaintiff's admission to Moreau Catholic High School;

COMPLAINT

b.  Removing and/or expunging any records that indicate or

allege any misconduct by Plaintiff arising from the events

described within this complaint;

6.  Such other relief as the Court may deem proper

## **JURY TRIAL DEMANDED**

Plaintiff hereby demands a trial by jury on all issues stated in this action.

Dated: February 15, 2022          Respectfully Submitted,

Keith Altman, Esq. (State Bar No. 257309)
THE LAW OFFICE OF KEITH ALTMAN
33228 West 12 Mile Road, Suite 375
Farmington Hills, Michigan 48331
Telephone: (248) 987-8929
Email: keithaltman@kaltmanlaw.com

*Attorney for Plaintiffs*

COMPLAINT

**VERIFICATION**

I, the undersigned, certify and declare that I have read the foregoing Complaint, and know its contents. I am the attorney for the Plaintiffs in this action. Such parties are absent from the county where I have my office and are unable to verify the document described above. For that reason, I am making this verification for and on behalf of the Plaintiffs. I am informed and believe on that ground allege the matters stated in said document are true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on February 15, 2022, at Farmington Hills, Michigan.

Keith Altman, Esq. (State Bar No. 257309)

17

COMPLAINT

# EXHIBIT B



April 18, 2022

Author: Douglas S. Saavedra
Author's email: dsaavedra@porterscott.com

**VIA EMAIL**

Keith Altman, Esq.
The Law Office of Keith Altman
33228 West 2 Mile Road, Suite 375
Farmington Hills, Michigan 48331
keithaltman@kaltmanlaw.com

RE:   ***Doss v. Hayward Unified School District, et al.***
       **USDC – Northern District; Case No.: 4:22-cv-00933**

Dear Mr. Altman:

Please accept this correspondence as our attempt to initiate meet-and-confer communications regarding the deficiencies in Plaintiff's Complaint. Defendants Hayward Unified School District and Gary Cao request that Plaintiff dismiss this action, or in the alternative, amend his Complaint, for the reasons discussed below.

**First Cause of Action: § 1983 Due Process Claim Against Gary Cao**

A Civil Rights action under 42 U.S.C. §1983 requires proof that (1) a violation of rights protected by the Constitution or created by federal statute, (2) proximately caused (3) by conduct of a person (4) acting under color of state law. Crumpton v. Gates, 947 F.2d 1418, 1420 (9th Cir. 1991). Or, more simply, plaintiffs must "plead that (1) the defendants acting under color of state law (2) deprived plaintiffs of rights secured by the Constitution or federal statutes." Gibson v. United States, 781 F.2d 1334, 1338 (9th Cir. 1986).

Plaintiff's Complaint alleges a violation of a property interest. Specifically, he claims he was denied education at Moreau Catholic High School. However, he has no property right in education at that school. Students only have a property right in *public* education. Moreau Catholic High School is a *private* school. No one is suppressing Plaintiff from attending public school.

Moreover, Mr. Cao did not deprive Plaintiff of his admission to Moreau Catholic High School. Moreau Catholic High School made that decision by rescinding Plaintiff's admission. We understand that Plaintiff claims Mr. Cao provided Moreau Catholic High School with information that led to the decision to rescind Plaintiff's admission. However, that decision that deprived Plaintiff schooling at Moreau Catholic High School was made by that School.



Plaintiff's claim that he had a protected privacy right that was violated is also unfounded. Plaintiff explicitly asked Mr. Cao to disclose information to Moreau Catholic High School regarding his opinion of Plaintiff's candidacy. Therefore, Plaintiff had no expectation of privacy regarding his Mt. Eden academic information. In fact, federal regulation allows this communication under 34C.F.R. § 99.34 (b)(2) which provides that an educational institution can disclose the education record of a student to another institution if the student is enrolled/receives services from the other institution and the school has made reasonable attempts to notify the parents. Here, Plaintiff gave Mr. Cao express permission to disclose information regarding his qualifications to Moreau Catholic High School.

Lastly, and most importantly, even if Plaintiff can prove Mr. Cao in some way violated his rights, Mr. Cao is entitled to qualified immunity that bars Plaintiff's claims. School officials are entitled to qualified immunity unless their conduct violates clearly established constitutional rights of which a reasonable person would have known. *Saucier v. Katz*, 533 U.S. 194 (2001). A right is "clearly established," for purposes of a qualified immunity defense asserted by a school official, if, considering the factual context of the case, it would have been clear to a reasonable school official that what he was doing was a violation of the right. The Supreme Court held that to prove a right is clearly established, the plaintiff must identify existing precedent that "squarely govern[s]" the specific facts at issue. *Kisela v. Hughes*, 138 S.Ct. 1148, 1152 (2018). In other words, Plaintiffs must "identify a case where an [official] acting under similar circumstances as [Royal] was held to have violated the [constitution]." *Shafer v. County of Santa Barbara*, 868 F.3d 1110, 1117 (9th Cir. 2017)

There simply is no such authority here. It was entirely reasonable for Mr. Cao to believe that he had the right to communicate with a private school regarding Plaintiff's candidacy given Plaintiff authorized him to do so. There was nothing to suggest that doing so violated Plaintiff's right to privacy given that authorization and the federal regulations authorizing that communication. It also was not clear that the communications violated a property interest given students do not have a property interest in *private* school and Mr. Cao was not the one who made the decision to rescind Plaintiff's admission. Therefore Mr. Cao is entitled to qualified immunity and this cause of action will be dismissed.

**Second Cause of Action: Monell Claim Against HUSD**

Section 1983 states, in pertinent part: "Every *person* who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law...." 42 U.S.C. § 1983 (emphasis added). A California School District cannot be sued under §1983 because it is not a person as defined in §1983. See *Kirchmann v. Lake Elsinore Unified School Dist.*, 83 Cal.App.4th 1098 (2000)



(subsequently appealed to U.S. Supreme Court and denied certiorari in *Kirchmann v. Lake Elsinore Unified School Dist.*, 533 U.S. 902 (2001)); See also *Pierce v. San Mateo County Sheriff's Dept.*, 232 Cal.App.4th 995 (2014). State and federal courts have uniformly held that California school districts are state agencies and thus not "persons" for purposes of section 1983. *Julian v. Mission Community Hospital*, 11 Cal.App.5th 360, 386 (2017); See, e.g., McAllister v. Los Angeles Unified School District, 216 Cal.App.4th 1198, 1207 (2013); *C.W. v. Capistrano Unified School Dist.*, 784 F.3d 1237, 1247 (9th Cir. 2015); *Belanger v. Madera Unified School Dist.*, 963 F.2d 248, 253 (9th Cir. 1992).

Hayward Unified School District is a California school district and is not a person for the purposes of Section 1983. On those grounds alone, Hayward Unified School District must be dismissed from this lawsuit.

The cause of action against Hayward Unified School District also fails on additional grounds. As a preliminary matter, Plaintiff must first identify an underlying constitutional violation for which there is no immunity. He cannot do so, as set forth above in the discussion of the cause of action pled against Mr. Cao.

Even if Plaintiff can establish a violation of Mr. Cao, liability can only run to an employing entity if the violation was the result of an established policy or practice by the entity under *Monell*. Under *Monell*, a municipality or local government can be found liable under §1983 only when the entity itself causes the violation through the execution of the entity's policy, practice or custom. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989). There is no *respondeat superior* or vicarious liability under § 1983. *Id.*

Plaintiff's Complaint fails to allege that Hayward Unified School District has a policy or practice that was the moving force behind any constitutional deprivation. It does not allege any such policy or practice because none exist. Therefore, Plaintiff's cause of action against the District should also be dismissed.

**Third Cause of Action: Negligence Against Gary Cao**

Plaintiff alleges that Mr. Cao is negligent based on an alleged violation of the general duty of reasonable care to Plaintiff.  However, there is no such duty as it relates to Plaintiff's relationship with a separate entity, in this case Moreau Catholic High School. Mr. Cao's interactions with Moreau catholic High School are protected by statute under 34C.F.R. § 99.34 (b)(2) and were consented to by Plaintiff when he and his mother asked Mr. Cao to provide information regarding Plaintiff's candidacy. Plaintiff's relationship and admissions process with Moreau Catholic High School fall completely outside Mr. Cao's duties as a teacher for Plaintiff at Mt. Eden High School. Mr. Cao also did not breach any duty owed to Plaintiff. Therefore, the negligence cause of action will fail.



April 18, 2022
Page 4

**Fourth Cause of Action: Tortious Interference with a Contract Against Gary Cao**

To recover on his tortious interference with contract claim, Plaintiff must prove: (1) Plaintiff had a contract with Moreau Catholic High School guaranteeing him attendance at the school; (2) Mr. Cao knew of the contract; (3) Mr. Cao engaged in an intentional act designed to induce breach of that contract; (4) actual breach of the contract; and (5) resulting damage. *Pacific Gas & Electric Co. v. Bear Stearns & Co.* (1990) 50 Cal.3d 1118, 1126.

Plaintiff cannot satisfy multiple of those requirements. The Complaint alleges that Mr. Cao was aware that Plaintiff had a contract to attend Moreau Catholic High School because Mr. Cao had previously endorsed Plaintiff. That is not true, nor is it logical. The fact that Mr. Cao provided information to Moreau Catholic High School regarding Plaintiff's candidacy does not mean that Mr. Cao knew that Plaintiff already had a contract in place for his admission to the School. There is also nothing to suggest that Mr. Cao intended to deprive Plaintiff of any such contractual rights. That is particularly true because, as set forth above, federal regulations allowed for his communication with the School. Therefore, Plaintiff will not recover on this cause of action.

**Conclusion**

Defendants ask that Plaintiff dismiss this action because he cannot succeed for the reasons set forth above. Defendants' hope is to avoid having to file a Motion to Dismiss. We are happy to discuss further.

Very truly yours,

PORTER SCOTT
A PROFESSIONAL CORPORATION

By

Douglas S. Saavedra

DJH/DSS/ajb

# EXHIBIT C

| From: | Lori Crusselle <loricrusselle@kaltmanlaw.com> |
|---|---|
| Sent: | Tuesday, April 19, 2022 3:30 PM |
| To: | April Bybee; Keith Altman |
| Cc: | Doug Saavedra; Derek Haynes; Jasmyn S. Scarlett |
| Subject: | Re: Doss v. Hayward Unified School District, et al. |

**\*\*\*External email\*\*\***

Mr. Altman has read your meet and confer letter.  You may file your motion to dismiss.



**Lori Crusselle**
Director of Litigation / Senior Litigation Paralegal
**Direct Phone:** (470) 502-2567
**Firm Phone:** (248) 987-8929
http://www.kaltmanlaw.com



HOME | K Altman Law
www.kaltmanlaw.com

*This email and any files transmitted with it are confidential and intended solely for the use of the individual or entity to whom addressed. This message is intended only to be seen by those named. If you have received this email in error, please notify the sender immediately. If you are not the intended recipient, please note that disclosing, copying, distributing, or taking any action in reliance on the contents of this information is strictly prohibited.*

**From:** April Bybee <abybee@porterscott.com>
**Sent:** Monday, April 18, 2022 6:13 PM
**To:** Keith Altman <keithaltman@kaltmanlaw.com>; Lori Crusselle <loricrusselle@kaltmanlaw.com>; Toni Renee Vierra <trvierra@kaltmanlaw.com>
**Cc:** Doug Saavedra <dsaavedra@porterscott.com>; Derek Haynes <dhaynes@porterscott.com>; Jasmyn S. Scarlett <jscarlett@porterscott.com>
**Subject:** Doss v. Hayward Unified School District, et al.

Good Afternoon,

Please see the attached correspondence in the above-entitled matter.

Thank you,



*April Bybee*

Assistant to Doug Saavedra
350 University Avenue | Suite 200 | Sacramento, CA 95825
T| 916. 929.1481 Ext. 340 F| 916. 927.3706
www.porterscott.com

**CONFIDENTIALITY NOTICE:** This email and any attachments are confidential and privileged.  Any inadvertent disclosure shall not waive the attorney-client or work product privileges.  If you have received this email in error, please notify the sender immediately and delete all copies of the email and any attachments.

# EXHIBIT D

**PORTER | SCOTT**
A PROFESSIONAL CORPORATION
Derek J. Haynes, SBN 264621
dhaynes@porterscott.com
Douglas S. Saavedra, SBN 333052
dsaavedra@porterscott.com
350 University Avenue, Suite 200
Sacramento, California 95825
TEL: 916.929.1481
FAX: 916.927.3706

Attorneys for Defendants
HAYWARD UNIFIED SCHOOL DISTRICT and GARY CAO (employee of Hayward Unified School District*)*
***Exempt from Filing Fees Pursuant to Government Code § 6103***

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| STEPHANIE DOSS as Natural Parent and *General Guardian* for J.D. her minor son,<br><br>    Plaintiffs,<br><br>v.<br><br>HAYWARD UNIFIED SCHOOL DISTRICT, in its official capacity, GARY CAO, in his individual capacity, and DOES 1-20, inclusive.<br><br>    Defendants.<br>_____/ | Case No.: 3:22-cv-00933<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>**DATE:  June 24, 2022**<br>**TIME:  10:00 a.m.**<br>**DEPT:  Courtroom 1 – 17th Floor**<br><br>Complaint Filed:  02/15/22 |

**TO PLAINTIFF AND PLAINTIFF'S ATTORNEY OF RECORD:**

**NOTICE IS HEREBY GIVEN** that on June 24, 2022 at 10:00 a.m. or as soon thereafter as the matter may be heard in Courtroom 1 of the above entitled court, located at 450 Golden Gate Avenue, San Francisco, CA 94102, Defendants Hayward Unified School District and Gary Cao will and hereby do move this Court to dismiss Plaintiff's Complaint pursuant to Federal Rules of Civil Procedure ("Fed. R.

{02694569.DOCX}

Civ. P.") Rule 12(b)(6) because Plaintiff's Complaint fails to state a claim upon which relief can be granted for the following specific reasons:

1.     Plaintiff's First and Second Claims for Relief under. § 1983 are barred because Defendants are entitled to Eleventh Amendment immunity;

2.     Plaintiff's First and Second Claims for Relief are barred to the extent they are based on alleged violations of the Fifth Amendment because the Fifth Amendment only applies to federal actors;

3.     Plaintiff's First Claim for Relief fails to the extent it alleges a violation of the Fourteenth Amendment's Due Process Clause because there is no property right in attending private school and Cao did not deny Plaintiff any property right;

4.     Plaintiff's First Claim for Relief fails to the extent it alleges a violation of any privacy right under the Fourteenth Amendment because Cao did not violate any right to privacy;

5.     Plaintiff's First Claim for Relief against Cao is barred because Cao is entitled to qualified immunity;

6.     Plaintiff's Second Claim for Relief, for alleged *Monell* liability against the District, is barred because there was no underlying constitutional violation;

8.     Plaintiff failed to plead sufficient facts to recover on his Second Claim for Relief, for *Monell* liability against the District;

9.     Plaintiff's Third and Fourth Claims for Relief are barred for failure to comply with the Government Claims Act;

10.     Plaintiff's Third Claim for Relief, for negligence against Cao, should be dismissed because Plaintiff failed to plead sufficient facts to show that Cao breached any duty owed to Plaintiff; and

12.     Plaintiff's Fourth Claim for Relief, for tortious interference with contract, should be dismissed because Plaintiff failed to plead sufficient facts to show that Cao knew of any contract, that Cao prevented performance of that contract or that Cao intended to interfere with performance.

This motion to dismiss is based on this notice of motion and motion, the supporting memorandum of points and authorities, the supporting declaration and exhibits, and any other pleadings, evidence or legal arguments that may be presented at the time of the hearing to the extent one is held.

{02694569.DOCX}

# **TABLE OF CONTENTS**

I.     INTRODUCTION ...............................................................................................1

II.    FACTUAL BACKGROUND ............................................................................2

       A. Alleged Facts...............................................................................................2

       B. Meet-and-Confer Efforts ............................................................................3

III.   LEGAL STANDARD FOR MOTION TO DISMISS......................................3

IV.    PLAINTIFF CANNOT RECOVER ON THE FIRST CLAIM FOR RELIEF....................4

       1. Cao is Entitled to Eleventh Amendment Immunity ......................................4

       2. Plaintiff Cannot Recover Under the Fifth Amendment Because the Fifth
          Amendment Only Applies to Federal Actors...............................................4

       3. Plaintiff Cannot Recover Under the Fourteenth Amendment's Due Process
          Clause Because There is No Property Right in Attending Private School ......5

       4. Cao Did Not Deny Plaintiff a Property Right................................................5

       5. There Was No Violation of Plaintiff's Constitutional Right to Privacy ...........6

       6. Defendant Cao is Entitled to Qualified Immunity ........................................7

V.     PLAINTIFF CANNOT RECOVER ON HIS *MONELL* CLAIM AGAINST
       THE DISTRICT..................................................................................................7

       1. The District is Entitled to Eleventh Amendment Immunity ...........................7

       2. There was No Underlying Constitutional Violation ......................................8

       3. Plaintiff Failed to Plead Sufficient Facts to Recover on a Monell Claim.........8

VI.    PLAINTIFF FAILED TO COMPLY WITH THE GOVERNMENT CLAIMS
       ACT FOR HIS STATE LAW CLAIMS.............................................................9

VII.   PLAINTIFF CANNOT RECOVER ON HIS NEGLIGENCE CLAIM..............9

VIII.  CAO DID NOT TORTIOUSLY INTERFERE WITH ANY CONTRACT ....... 10

IX.    CONCLUSION ............................................................................................... 11

{02694569.DOCX}

i

# <u>TABLE OF AUTHORITIES</u>

Cases

*Ashcroft v. Iqbal*
   556 U.S. 662 (2009)..............................................................................................3, 8, 9

*Baines v. Pickwick Ltd. V. City of L.A.*
   72 Cal.App.4th 298 (1999) ........................................................................................9

*Bair v. Krug*
   853 F.2d 672 (9th Cir. 1988) ................................................................................4, 8

*Baker v. Howard*
   419 F.2d 376 (9th Cir 1969) .....................................................................................6

*Belanger v. Madera Unified School Dist.*
   963 F.2d 248 (9th Cir. 1992) .....................................................................................4

*Bell Atl. Corp. v. Twombly*
   550 U.S. 544 (2007).................................................................................................3, 4

*Bingue v. Prunchak*
   512 F.3d 1169 (9th Cir.2008) ...................................................................................5

*C.W. v. Capistrano Unified School Dist.*
   784 F.3d 1237 (9th Cir. 2015) ..............................................................................4, 8

*Cal. Restaurant Mgmt. Systems v. City of San Diego*
   195 Cal.App.4th 1581 (2011) ...................................................................................9

*Carver v. Rathlesberger*
   2005 WL 3080856 (E.D. Cal. Nov. 11, 2005) ........................................................6

*Crow v. State*
   222 Cal.App.3d 192 (1990) ......................................................................................9

*Crumpton v. Gates*
   947 F.2d 1418 (9th Cir. 1991) ..................................................................................4

*Dailey v. Los Angeles Unified Sch. Dist.*
   2 Cal. 3d 741 (1970) ...............................................................................................10

*Davis v. Bucher*
   853 F.2d 718 (9th Cir. 1988) ....................................................................................7

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND
AUTHORITIES

*Dougherty v. City of Covina*
654 F.3d 892 (9th Cir, 2011) ........................................................................ 8

*Gibson v. United States*
781 F.2d 1334 (9th Cir. 1986) ...................................................................... 4

*Green v. State Ctr. Comm. College Dist.*
34 Cal.App.4th 1348 (1995) ........................................................................ 9

*Julian v. Mission Community Hospital*
11 Cal.App.5th 360 (2017) .......................................................................... 4

*Kisela v. Hughes*
138 S.Ct. 1148 (2018) .................................................................................. 7

*Ladd v. County of San Mateo*
12 Cal.4th 913 (1996) .................................................................................. 9

*Massey v. Biola Univ., Inc.*
2020 WL 5898804 (C.D. Cal. Aug. 21, 2020) ............................................. 5

*McNally v. Pulitzer Pub. Co.*
532 F.2d 69 (8th Cir.1976) .......................................................................... 6

*Monell v. Dept. of Social Services*
436 U.S. 658 (1978) ..................................................................................... 8

*P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*
506 U.S. 139 (1993) ................................................................................. 4, 8

*Pacific Gas & Electric Co. v. Bear Stearns & Co.*
50 Cal.3d 1118 (1990) ........................................................................... 10, 11

*Saucier v. Katz*
533 U.S. 194 (2001) ..................................................................................... 7

*Seaton v. Mayberg*
610 F.3d 530 (9th Cir.2010) ........................................................................ 6

*Shafer v. County of Santa Barbara*
868 F.3d 1110 (9th Cir. 2017) ..................................................................... 7

*Shirk v. Vista Unified Sch. Dist.*
42 Cal.4th 201 (2007) .................................................................................. 9

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES

*Sierra Lake Reserve v. City of Rocklin*
938 F.2d 951 (9th Cir.1991) ........................................................................ 5

*St. Michael's Convalescent Hosp. v. California*
643 F.2d 1369 (9th Cir.1981) ...................................................................... 6

*State of California v. Superior Court (Bodde)*
32 Cal.4th 1234 (2004) ............................................................................... 9

*Town of Castle Rock, CO v. Gonzales*
545 U.S. 748 (2005).................................................................................... 5

*Wedges/Ledges of Cal., Inc. v. City of Phoenix*
24 F.3d 56 (9th Cir.1994) ........................................................................... 5

*Will v. Mich. Dep't of State Police*
491 U.S. 58 (1989)...................................................................................... 4

Statutes

42 U.S.C. § 1983............................................................................. 1, 4, 5, 7, 8
California Government Code §911.2 ............................................................. 9
California Government Code §§905, 910(e), 911.2 and 945.4...................... 9

Rules

Federal Rule of Civil Procedure 8(a)(2) ...................................................... 3
Federal Rules of Civil Procedure ("Fed. R. Civ. P.") Rule 12(b)(6) ........... 3

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

Plaintiff JD, through his Guardian, filed this action against Defendant Hayward Unified School District (hereinafter "District") and JD's former teacher, Defendant Gary Cao, asserting a variety of claims based on allegations that a separate private school denied Plaintiff admittance after the District and Cao caught JD cheating repeatedly.

Plaintiff asked Cao to write a recommendation for Plaintiff to transfer to a private school outside of the District, Moreau Catholic High School. Plaintiff was subsequently caught cheating repeatedly on homework assignments and examinations. Cao thereafter rescinded his recommendation. Moreau Catholic High School later denied Plaintiff admittance for unspecified reasons. Plaintiff now brings this action asserting a variety of claims against Cao and the District. All of the claims are barred as a matter of law and fail on their merits.

Plaintiff's First and Second Claims for Relief are pled under 1983. The First Claim for Relief is for alleged due process violations under the Fifth and Fourteenth Amendments against Cao. The Second Claim for Relief is a *Monell* claim against the District based on the same alleged constitutional violations. Both Claims are indisputably barred because school districts and their personnel are considered state actors that are entitled to Eleventh Amendment immunity against suit under 42 U.S.C. § 1983.

Additionally, Plaintiff cannot pursue claims under the Fifth and Fourteenth Amendments. The Fifth Amendment only applies to federal actors. The District and Cao are not federal actors.

To recover under the Fourteenth Amendment against Cao, Plaintiff must prove that Cao denied him a property right protected by the due process clause. Plaintiff submits that property right was the right to attend Moreau Catholic High School. However, Courts are clear that there is no property right to attend private school. Cao also did not deny Plaintiff admittance to Moreau Catholic High School. Moreau Catholic made that decision. Cao simply rescinded his recommendation letter for Plaintiff. That does not give rise to any constitutional violation. Even if it does, Cao is entitled to qualified immunity given there is no precedent decision confirming that act constitutes a constitutional violation.

Plaintiff's *Monell* claim against the District fails for the same reasons. Plaintiff must prove that

Cao violated the due process clause as a mandatory prerequisite to pursuing a *Monell* claim against the District. Plaintiff cannot do that, as set forth above. Plaintiff also failed to plead facts establishing that Cao's acts were motivated by a District policy, practice or custom, as is required for a *Monell* claim.

Plaintiff's Third and Fourth Claims for Relief are state law claims pled against Cao for negligence and tortious interference with contract. Both claims are barred because Plaintiff failed to submit a Government Claim under the Government Claims Act, which is a mandatory prerequisite to pursuing state law claims against public entities and their employees. The time for doing so has now passed, meaning Plaintiff cannot cure this deficiency.

The state law claims also fail on their merits. The negligence claim fails because Cao did not have a duty to provide Plaintiff a recommendation for attendance at Moreau Catholic High School. The tortious interference with contract claim fails because Cao did not know Plaintiff had a contract to attend Moreau Catholic, Cao did not prevent either party from performing under the contract, nor did he intend to prevent that performance.

Therefore, Defendants respectfully submit that Plaintiff's Claims for Relief should be dismissed. Defendants maintain those Claims should be dismissed with prejudice given Plaintiff cannot overcome the immunities detailed above and Plaintiff's failure to submit a Government Claim before the deadline.

## II.

## FACTUAL BACKGROUND

### A.    Alleged Facts

Plaintiff was a student at Mt. Eden High School. Defendant Gary Cao was his math teacher for a few months. [Docket No. 1, Complaint ¶ 18.] Sometime in early 2021, at the request of Plaintiff's mother, Cao submitted a recommendation for Plaintiff to transfer to a private school, Moreau Catholic High School. [Docket No. 1, Complaint ¶ 26.]

Plaintiff was subsequently caught cheating on his homework. At the time, students were attending school remotely. Students did their math homework via handwriting. They then took pictures of their handwritten work and submitted them electronically. Plaintiff was caught submitting photographs of the homework completed by other students, in the other students' handwriting, as though it was his own. Cao and the District advised Plaintiff's mom of the incident. Plaintiff was then subsequently caught cheating

1  again, this time on a math exam. The District investigated and confirmed the cheating.

2  Cao later withdrew the recommendation he submitted for Plaintiff to attend the Moreau Catholic

3  High School. [Docket No. 1, Complaint ¶ 16.] The private school subsequently denied Plaintiff admittance

4  to the school. [Docket No. 1, Complaint ¶ 27.]

5  **B.    Meet-and-Confer Efforts**

6  Defense counsel met and conferred with Plaintiff's counsel regarding the deficiencies with

7  Plaintiff's claims. Defense counsel provided Plaintiff's counsel the authorities supporting Defendants'

8  position. Plaintiff's counsel decided not to meet and confer. He advised Defendants to just move forward

9  with their Motion. (Declaration of Doug Saavedra, ¶ 3-4.)

10  **III.**

11  **LEGAL STANDARD FOR MOTION TO DISMISS**

12  Under Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss a complaint

13  because it "fail[s] to state a claim upon which relief can be granted." "Under Federal Rule of Civil

14  Procedure 8(a)(2) a pleading must contain a 'short and plain statement of the claim showing that the

15  pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-678 (2009). "[A] complaint must contain

16  sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.*

17  (quotation marks omitted). "The plausibility standard is not akin to a 'probability requirement,' but it asks

18  for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Bell Atl. Corp. v.*

19  *Twombly*, 550 U.S. 544, 556 (2007). "A claim has facial plausibility when the plaintiff pleads factual

20  content that allows the court to draw the reasonable inference that the defendant is liable for the

21  misconduct alleged." *Id.* at 678. "Threadbare recitals of the elements of a cause of action, supported by

22  mere conclusory statements, do not suffice." *Id.* "A pleading that offers 'labels and conclusions' or 'a

23  formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it

24  tenders 'naked assertion[s]' devoid of further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at

25  555, 557). Facts "'merely consistent with' a defendant's liability" are insufficient. *Id.* (quoting *Twombly*,

26  550 U.S. at 557). And "'legal conclusions couched as a factual allegation'" are not accepted as true.

27  *Twombly*, 550 U.S. at 555. "[W]here the well-pleaded facts do not permit the court to infer more than the

28  mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is

entitled to relief."' *Id.*

## IV.

## PLAINTIFF CANNOT RECOVER ON THE FIRST CLAIM FOR RELIEF

Plaintiff's First Claim for Relief is pled under 42 U.S.C. §1983. Section 1983 does not confer any substantive rights. It is simply a vehicle plaintiffs can use to pursue civil actions for certain violations of their Connotational and federal rights. Recovering under Section 1983 requires: (1) a violation of plaintiffs' Constitution or federal rights, (2) proximately caused (3) by conduct of a person (defendant) (4) acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). Or, more simply, plaintiffs must plead and ultimately prove: "(1) the defendants acting under color of state law (2) deprived plaintiffs of rights secured by the Constitution or federal statutes." *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986).

### 1.    Cao is Entitled to Eleventh Amendment Immunity

State agencies and officials are entitled to sovereign immunity under the Eleventh Amendment. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70–71 (1989). In application, that means the Eleventh Amendment bars suit against state agencies and their employees under 42 U.S.C. § 1983. *See P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993); *Bair v. Krug*, 853 F.2d 672, 675 (9th Cir. 1988). School districts are considered state agencies for purposes of Eleventh Amendment immunity. *C.W. v. Capistrano Unified School Dist.*, 784 F.3d 1237, 1247 (9th Cir. 2015); *Belanger v. Madera Unified School Dist.*, 963 F.2d 248, 253 (9th Cir. 1992); see *Julian v. Mission Community Hospital*, 11 Cal.App.5th 360, 386 (2017).

Therefore, Plaintiff's First Claim for Relief against Cao should be dismissed with prejudice because Cao is entitled to Eleventh Amendment immunity.

### 2.    Plaintiff Cannot Recover Under the Fifth Amendment Because the Fifth Amendment Only Applies to Federal Actors

Plaintiff's First Claim for Relief alleges Defendant Cao violated the procedural due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution. Plaintiff, however, cannot recover against Cao under the Fifth Amendment because the Fifth Amendment only applies to actions by the federal government. "The Fifth Amendment's due process clause only applies to the federal

government." *Bingue v. Prunchak*, 512 F.3d 1169, 1174 (9th Cir.2008). Therefore, Plaintiff's First Claim for Relief should be dismissed to the extent it alleges a violation of the Fifth Amendment.

### 3. Plaintiff Cannot Recover Under the Fourteenth Amendment's Due Process Clause Because There is No Property Right in Attending Private School

Plaintiff alleges a procedural due process violation under the Fourteenth Amendment. To recover Plaintiff must prove: (1) Defendant deprived Plaintiff a constitutionally protected liberty or property interest; and (2) the procedural safeguards surrounding the deprivation were inadequate. *Sierra Lake Reserve v. City of Rocklin*, 938 F.2d 951, 956 (9th Cir.1991). Establishing a constitutionally protected liberty or property interest is a threshold requirement. *Wedges/Ledges of Cal., Inc. v. City of Phoenix*, 24 F.3d 56, 62 (9th Cir.1994).

Here, Plaintiff claims he had a constitutionally protected property interest in attending the private school, Moreau Catholic. Plaintiff alleges: "Plaintiff has a clearly established constitutionally protected property interest in his admittance to Moreau Catholic High School." [Docket No. 1, Complaint ¶ 40.]

Courts, however, have explicitly rejected that assertion, finding there is not property right in admittance to a private school. "Plaintiff cannot pursue a due process claim under Section 1983 because . . . attendance at a private school is not a cognizable liberty or property interest under the Due Process Clause." *Massey v. Biola Univ., Inc.*, 2020 WL 5898804, at 10 (C.D. Cal. Aug. 21, 2020).

That is for clear reason. A "property right" is something plaintiffs are entitled to have. *Town of Castle Rock, CO v. Gonzales*, 545 U.S. 748, 756 (2005). A need, desire or unilateral expectation of something is not enough. *Id.* Plaintiffs must be entitled to it. Nobody is "entitled" to attend private school. Therefore, there is no property right to it and Plaintiff's First Claim for Relief fails for that reason.

### 4. Cao Did Not Deny Plaintiff a Property Right

Even assuming, *arguendo*, that Plaintiff had a property right in attending Moreau Catholic private school, Defendant Cao did not deny him that right. Cao did not prevent Moreau Catholic from admitting Plaintiff. Moreau Catholic makes its own admission decisions and it decided not to admit Plaintiff. Cao did not prevent Moreau Catholic from admitting Plaintiff. Therefore, Cao cannot be liable for any such deprivation.

5.      **There Was No Violation of Plaintiff's Constitutional Right to Privacy**

Plaintiff's Complaint infers that his due process claim is also based on an alleged violation of his right to informational privacy. [Docket No. 1, Complaint ¶ 41.] The Ninth Circuit has recognized a <u>limited</u> right to informational privacy protected by the Due Process Clause. *Seaton v. Mayberg*, 610 F.3d 530, 537–39 (9th Cir.2010). "However, courts have construed this right narrowly, limiting it to those rights which are 'fundamental or implicit in the concept of ordered liberty.'" *Carver v. Rathlesberger*, 2005 WL 3080856, at *2 (E.D. Cal. Nov. 11, 2005) (quoting *St. Michael's Convalescent Hosp. v. California*, 643 F.2d 1369, 1375 (9th Cir.1981).

"Only the most intimate phases of personal life have been held to be constitutionally protected." *Id.* (quoting *McNally v. Pulitzer Pub. Co.*, 532 F.2d 69, 76 (8th Cir.1976).)

Here, Plaintiff alleges that Cao's disclosure to Moreau Catholic High School constitutes an unlawful disclosure of private information under the due process clause. There, however, is no authority suggesting Cao's alleged disclosure falls within those protections. That is particularly true given the disclosure was to another school to which Cao was asked to provide a recommendation.

In fact, in *Baker v. Howard* 419 F.2d 376 (9th Cir 1969), the Ninth Circuit held that the constitutional right to privacy did not extend to information that was more private than the information at-issue here. The plaintiff in *Baker* alleged that the defendant law enforcement officers knowingly disclosed false information indicating that he engaged in unlawful conduct. Plaintiff alleged the officers investigated him for unlawful conduct but found he did not engage in any such conduct. Despite that conclusion, the officers still published "libelous and false statements" to a news radio station indicating that plaintiff did engage in unlawful conduct. That disclosure resulted in plaintiff losing his job. The District Court found the disclosure did not fall within the narrow confines of private information protected under the due process clause. In affirming that decision, the Ninth Circuit held: "Under some circumstances there can be such a gross abuse of privacy as to amount to an abridgement of fundamental constitutional guarantees. (Citation omitted) But the invasion of privacy here complained of is not, in our opinion, so flagrant that it calls for invocation of the Constitution." *Id.* at 376.

If a knowingly false disclosure of unlawful conduct to news media does not fall within the protections of the due process clause, then Cao's disclosure of Plaintiff's scholastic performance to a

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES

school Plaintiff was seeking to attend certainly does not rise to that level. That is particularly true given Cao was simply rescinding a recommendation that Plaintiff previously asked him to make.

Therefore, Plaintiff's First Claim for Relief should be dismissed to the extent it is based on an alleged violation of the right to privacy under the due process clause.

## 6. Defendant Cao is Entitled to Qualified Immunity

Lastly, and most importantly, even if Plaintiff can prove that Cao in some way violated his rights, the First Claim for Relief still fails because Cao is entitled to qualified immunity.

Government employees are entitled to qualified immunity unless their conduct violates clearly established constitutional rights of which a reasonable person would have known. *Saucier v. Katz*, 533 U.S. 194 (2001). A right is "clearly established" to overcome qualified immunity if, considering the factual context of the case, it would have been clear to a reasonable employee in defendant's position that they were violating the plaintiff's constitutional rights. The Supreme Court held that to prove a right is clearly established, the plaintiff must identify existing precedent that "squarely govern[s]" the specific facts at issue. *Kisela v. Hughes*, 138 S.Ct. 1148, 1152 (2018). In other words, Plaintiffs must "identify a case where an [official] acting under similar circumstances as [Cao] was held to have violated the [constitution]." *Shafer v. County of Santa Barbara*, 868 F.3d 1110, 1117 (9th Cir. 2017).

There simply is no such authority here. In fact, as to the right to informational privacy, the Ninth Circuit has explicitly confirmed that right is not clearly established. *See Davis v. Bucher*, 853 F.2d 718, 719 (9th Cir. 1988) (holing that the right to informational privacy under the due process clause has been "infrequently examined [and] as a result its contours remain less than clear."). No precedent authority has been published making it clear that rescinding a recommendation to another school violates the due process clause under the circumstances of this case. Therefore, Cao is entitled to qualified immunity and Plaintiff's First Claim for Relief should be dismissed for that reason.

## V.
## PLAINTIFF CANNOT RECOVER ON HIS *MONELL* CLAIM AGAINST THE DISTRICT

## 1. The District is Entitled to Eleventh Amendment Immunity

Plaintiff's Second Claim for Relief is a *Monell* claim against the District under 42 U.S.C. § 1983. That claim is barred by the Eleventh Amendment. As set forth above, the Eleventh Amendment bars suit

against state agencies under 42 U.S.C. § 1983. *See P.R. Aqueduct & Sewer Auth.,* 506 U.S. at 144 (1993); *Bair*, 853 F.2d at 675. School districts are considered state agencies for purposes of Eleventh Amendment immunity. *C.W.*, 784 F.3d at 1247. Therefore, Plaintiff's Second Claim for Relief is barred.

**2.**     **There was No Underlying Constitutional Violation**

Government agencies are not vicariously liable for the conduct of their employees under 42 U.S.C. § 1983. *Monell v. Dept. of Social Services*, 436 U.S. 658 (1978). Plaintiffs must establish liability on a *Monell* claim to recover against government agencies. *Id.* Doing so requires that plaintiffs first prove any underlying constitutional violation. *Id.* Plaintiff cannot do that here, as set forth above in Section IV. Therefore, Plaintiff's *Monell* claim against the District necessarily fails.

**3.**     **Plaintiff Failed to Plead Sufficient Facts to Recover on a *Monell* Claim**

Plaintiff's *Monell* claim against the District fails as a matter of law because the District is immune under the Eleventh Amendment and Plaintiff failed to establish an underlying constitution violation. Plaintiff also failed to plead facts sufficient to recover on a *Monell* claim.

To recover on a *Monell* claim, plaintiffs must plead and ultimately prove: (1) plaintiffs suffered a constitutional violation; (2) the defendant-government agency had a policy, practice or custom; (3) that policy, practice or custom was the moving force behind the constitutional violation; and (4) that policy, practice or custom amounts to deliberate indifference to the plaintiffs' constitutional rights. *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir, 2011) (citation omitted).

Plaintiff's Complaint does not include any *factual* allegations indicating the existence of any policy, practice or custom amounting to deliberate indifference that was the moving force behind any constitutional violation. Instead, Plaintiff relies on a single conclusory allegation that: "Defendant Cao deprived Plaintiff of his constitutional rights as a result of official acquiescence and custom on the part of [the District]." [See Docket No.1, Complaint ¶ 55.] That conclusory allegation is insufficient to carry Plaintiff's burden to plead facts that entitle him to relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677-678 (2009). Therefore, his Second Claim for Relief should be dismissed.

///

///

///

## VI.

## PLAINTIFF FAILED TO COMPLY WITH THE GOVERNMENT CLAIMS ACT FOR HIS STATE LAW CLAIMS

Plaintiff's Third and Fourth Claims for Relief are state law claims for negligence and tortious interference with contract. Plaintiffs are required to submit Government Claims under the Government Claims Act As a mandatory prerequisite to pursuing state law claims against public entities and their employees. California Government Code §§905, 910(e), 911.2 and 945.4. Plaintiffs must do so within six months after the conduct or events giving rise to the cause of action. California Government Code §911.2.

The claims presentation requirements are intended to give public entities and their employees the "opportunity to evaluate the merit and extent of liability and determine whether to grant the claim without the expense of litigation." *Crow v. State*, 222 Cal.App.3d 192, 202 (1990); see also *Baines v. Pickwick Ltd. V. City of L.A.*, 72 Cal.App.4th 298, 303 (1999) [claims presentation requirements facilitate fiscal planning for potential liabilities].) The purported claim must therefore "make it readily discernable by the entity that the intended purpose thereof is to convey the assertion of a compensable claim against the entity which, if not otherwise satisfied, will result in litigation." *Green v. State Ctr. Comm. College Dist.*, 34 Cal.App.4th 1348, 1358 (1995).

Compliance with the claim presentation requirements is a necessary element of every state law claim against public agencies and employees. *Shirk v. Vista Unified Sch. Dist.*, 42 Cal.4th 201, 209 (2007). Failure to plead and ultimately prove presentation of a proper Government Claim bars the plaintiff from bringing a subsequent action against the public entity and its employees. *Cal. Restaurant Mgmt. Systems v. City of San Diego*, 195 Cal.App.4th 1581, 1591 (2011); *State of California v. Superior Court (Bodde)*, 32 Cal.4th 1234, 1239 (2004).

Plaintiff's Complaint is devoid of any allegations regarding the Government Claims Act, let alone facts sufficient to prove compliance with the requirements of the Act. That is because Plaintiff did not comply with the Act. Therefore, Plaintiff's Third and Fourth Claims for Relief should be dismissed.

## VII.

## PLAINTIFF CANNOT RECOVER ON HIS NEGLIGENCE CLAIM

Plaintiff's negligence claim also fails on its merits. To plead negligence, a complaint must include

facts sufficient to show: (1) defendant owed plaintiff a legal duty of care; (2) defendant breached that duty; and (3) that breach was the proximate cause of plaintiff's injury. *Ladd v. County of San Mateo*, 12 Cal.4th 913, 917 (1996). In the school context, courts have imposed a limited duty on teachers to protect students from third-parties in certain situations. *See Dailey v. Los Angeles Unified Sch. Dist.,* 2 Cal. 3d 741 (1970). However, there is no authority imposing or inferring a duty on teachers relating to recommendations for students to attend other schools. That is particularly true in circumstances, like here, where Plaintiff admits the District found that Plaintiff's allegations that Cao incorrectly accused him of cheating were unsubstantiated. [Docket No. 1, Complaint, ¶ 31.] Therefore, Plaintiff's negligence claim should be dismissed.

## VIII.

## CAO DID NOT TORTIOUSLY INTERFERE WITH ANY CONTRACT

Plaintiff's Fourth Claim for Relief is a state law claim for tortious interference with contract. It should be dismissed based on Plaintiff's failure to comply with the Government Claims Act, as set forth above in Section VI. It also fails on its merits.

To recover on his tortious interference with contract claim, Plaintiff must plead and ultimately prove that he had a contract with Moreau Catholic High School guaranteeing him attendance at the school and that Cao had knowledge of that contract. *Pacific Gas & Electric Co. v. Bear Stearns & Co.*, 50 Cal.3d 1118, 1126 (1990) (the actual existence of a contract and the defendant's knowledge of that contract are required). Plaintiff fails to plead facts establishing that Cao knew Plaintiff had a contract with Moreau Catholic High School that guaranteed Plaintiff admittance to that School. Instead, Plaintiff simply submits that Cao *must have* known that Plaintiff had a contract guaranteeing him admittance to the School given Cao previously provided Plaintiff a recommendation to attend the School. That is illogical. Just because Cao previously provided Moreau Catholic High School information regarding Plaintiff's candidacy does not mean Cao knew that Plaintiff and Moreau Catholic High School subsequently executed a contract guaranteeing Plaintiff admittance to the School.

Plaintiff must also plead and ultimately prove that Cao's conduct prevented performance of the contract or made performance of the contract more difficult or expensive. California Civil Jury Instructions, Instruction 2201. That certainly is not the case here. Cao rescinding his recommendation for

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff to attend did not prevent Moreau Catholic High School from admitting Plaintiff to the School or make it more expensive or difficult for Moreau Catholic High School to admit Plaintiff into the School. Moreau Catholic High School, at all times, was free to admit Plaintiff to the School if it wanted to do so.

Plaintiff must also plead facts establishing that Cao intended to prevent or disrupt performance of the contract. *Pacific Gas & Electric Co. v. Bear Stearns & Co.*, 50 Cal.3d 1118, 1126 (1990). The Complaint is devoid of facts sufficient to make that showing.

Lastly, Plaintiff must prove actual damages stemming from Cao's alleged interference with a purported contract. Plaintiff does not identify any such damages, nor can he as any claim for damages would be purely speculative.

Therefore, Plaintiff's Fourth Claim for Relief should be dismissed.

## IX.

## CONCLUSION

Based on the foregoing, Defendants respectfully request the Court to dismiss plaintiff's Complaint in its entirety. Defendants submit the Complaint should be dismissed with prejudice given Plaintiff cannot overcome the immunities noted above or Plaintiff's failure to comply with the Government Claims Act.

Dated: May 4, 2022

PORTER SCOTT
A PROFESSIONAL CORPORATION


By ___*/s/ Derek J. Haynes*_____
    Derek J. Haynes
    Douglas S. Saavedra
    Attorneys for Defendants

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES

**EXHIBIT E**

Keith Altman, Esq. (CBN. 257309)
**THE LAW OFFICE OF KEITH ALTMAN**
33228 West 12 Mile Road, Suite 375
Farmington Hills, Michigan 48331
Telephone: (248) 987-8929
Email: keithaltman@kaltmanlaw.com

*Attorney for Plaintiffs*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## OAKLAND DIVISION

**STEPHANIE DOSS as Natural Parent and *General Guardian* for J.D. her minor son,**

              *PLAINTIFFS*,

v.

**HAYWARD UNIFIED SCHOOL DISTRICT, in its official capacity, GARY CAO, in his individual capacity, and DOES 1-20, inclusive.**

              *DEFENDANTS*.

CASE NO. 3:22-cv-00933

<u>AMENDED COMPLAINT</u>

COMPLAINT

**NOW COMES** Stephanie Doss on behalf of her minor son, J.D., by and through their attorneys, The Law Office of Keith Altman, with this Amended Complaint against Defendants, and hereby states the following:

## BACKGROUND

1. Plaintiff J.D. was falsely accused of cheating on a math exam by his high school teacher. This false accusation and the subsequent discriminatory acts against Plaintiff J.D. caused him to lose his admission status to a prestigious school, where his attendance would elevate his history of academic success by significantly improving his academic career.

2. This is an action seeking damages for Negligence and Tortious Interference with a Contract. Defendants' individual and collective acts also violated due process rights violations under 42 U.S.C. §1983.

## PARTIES

3. Plaintiff J.D. ("Plaintiff") is a student at Mt. Eden High School, located in Hayward, California, and part of the Hayward Unified School District.

4. At all times relevant to this Complaint, Plaintiff was, and is presently, a minor child.

AMENDED COMPLAINT

5. Stephanie Doss ("Doss") is Plaintiff's natural mother and J.D.'s natural parent and *general guardian*. This Complaint is filed by and through Doss with the consent of Plaintiff pursuant to Federal Rule of Civil Procedure 17 (c)(1)(A).

6. Defendant Hayward Unified School District ("HUSD") is a public school district located in the City of Hayward, County of Alameda, in California. Mt. Eden High School is a school within HUSD.

7. Defendant Gary Gao is a citizen of the state of California and is now and at all relevant times has been a math teacher at Mt. Eden High School and an employee of HUSD.

8. Defendants DOES 1-20 (hereafter "DOE DEFENDANTS") are citizens of the state of California and are individuals who are or were employed by HUSD at all times relevant to this action. The names and job titles of the DOE DEFENDANTS are currently unknown.

## JURISDICTION & VENUE

9. This action arises under the laws of the United States. Therefore, this Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 (federal question).

2

10. This action arises under 42 U.S.C. § 1983 for violations of civil rights under the First and Fourteenth Amendments of the United States Constitution.

11. In accordance with 28 U.S.C. § 1367, this Court also has supplemental jurisdiction over Plaintiff's state law claim for Negligence and Tortious Interference with a Contract. This is because this state law claim is so closely related to the federal question claim that it forms the same case or controversy under Article III of the United States Constitution.

12. This Court properly exercises personal jurisdiction over Defendant HUSD because it is domiciled within the Northern District of California.

13. This Court properly exercises personal jurisdiction over Defendant CAO because he is domiciled within the Northern District of California. Furthermore, Defendant CAO was an employee of HUSD at all relevant times herein and personally violated certain laws, rights, and policies, the effects of which were felt in the Northern District of California.

14. This Court properly exercises personal jurisdiction over DOE DEFENDANTS because they are domiciled within the Northern District of California. Furthermore, DOE DEFENDANTS were employees of HUSD at all relevant times herein and personally violated certain laws,

AMENDED COMPLAINT

rights, and policies, the effects of which were felt in the Northern District of California.

15. This action is properly venued in the United States District Court for the Northern District of California because Defendants are located within this district and all violations alleged by Plaintiff transpired on the Mt. Eden High School campus in Hayward, California, located within this district.

## **FACTUAL ALLEGATIONS**

16. Plaintiff is a successful student with primarily As and Bs in his classes.

17. At the beginning of 2021, Plaintiff had been admitted to Moreau Catholic High School ("Moreau"), a prestigious private school with a great reputation and learning opportunities, located in Hayward, California.

18. During the same time period, Plaintiff was struggling with a math class taught by Defendant Mr. Gary Cao. Motivated to improve his grades in this class, Plaintiff enlisted the help of an outside math tutor.

19. In the tutoring sessions, his tutor showed Plaintiff a way to solve a certain math problem that was different than taught in Defendant Cao's class.

AMENDED COMPLAINT

20. The alternative method of solving the math equations taught by Plaintiffs tutor allowed Plaintiff to be successful in comprehending and executing the equations.

21. Plaintiff put what he had learned from the tutoring to use during a math exam in Defendant Cao's class.

22. After handing in the exam, Defendant Cao claimed that he had never taught this way to solve the mathematical problem that Plaintiff used to complete the exam. Therefore, Defendant Cao concluded that Plaintiff must have cheated on the exam.

23. More specifically, Defendant Cao claimed that Plaintiff had used the *Photo Math* app (a computer program designed to help people perform an activity) to solve the problems on the exam because the app used a way similar to that used by Plaintiff to solve problems.

24. Defendant Cao made this accusation without proof or any grounds for it.

25. Terrance Christianson, Assistant Principal and Head of Math Department, called Doss, Plaintiff's mother, to share the accusations.

26. Neither Plaintiff nor his mother, Doss, have ever heard of, or used, the *Photo Math* app referenced by Defendant Cao.

27. Defendant HUSD failed to follow their Uniform Disciplinary Guidelines.

5

28. In response to Doss' contact with Terrance Christianson, Defendant Cao contacted Moreau and withdrew his previous recommendation of Plaintiff.

29. Additionally, Defendant Cao told Moreau that Plaintiff had cheated on his exam and that he had plagiarized information. As a result of Defendant Cao's false allegations, Moreau rescinded their contractual offer of admission to Plaintiff.

30. On multiple occasions, Plaintiff, and his mother Doss, tried reaching out to Defendant HUSD about the actions of Defendant Cao.

31. Defendant HUSD claimed that they would resolve the issues raised by Doss with Defendant Cao internally. Nothing was done.

32. In April 2021, and given the continued discriminatory behavior of Defendant Cao, Doss filed a written complaint with Defendant HUSD.

33. In response to Doss' Complaint, Defendant HUSD found the allegations against Defendant Cao unsubstantiated.

34. This unfair, inappropriate, and discriminatory treatment toward Plaintiff prevented him from attending the prestigious Moreau Catholic High School, a school that had already approved Plaintiff's admission before Defendant Cao's false allegations.

AMENDED COMPLAINT

35. But for the unfair, inappropriate, and discriminatory treatment by Defendants, Plaintiff would have been able to follow through on the contract between Plaintiff and Moreau Catholic High School continuing to advance his education at an institution that would have better positioned him for continued academic and professional success into the future.

36. These events have a profoundly negative impact on Plaintiff's mental well-being. Plaintiff has been severely emotionally injured by the false allegations and discrimination that he experienced at the hands of Defendants while he was their student.

## RESPONDAET SUPERIOR AND AGENCY

37. Plaintiff incorporates by reference every preceding allegation as if specifically set forth herein.

38. Under federal and California law, an employer may be vicariously liable for an employee's actions when they are acting within the scope of their employment on behalf of their employer.

39. At all times relevant to this action, Defendant Cao and DOE Defendants were employed by HUSD. The acts and omissions of Defendant Cao and

AMENDED COMPLAINT

DOE Defendants were undertaken within the scope of their employment with HUSD.

40. Defendant Cao and DOE Defendants were acting under the guidance and supervision of HUSD.

//

//

**FIRST CAUSE OF ACTION**
**Violation of 42 U.S.C. § 1983**
**Fifth and Fourteenth Amendments – Due Process**
**(As to Defendant CAO)**

41. Plaintiff incorporates by reference every preceding allegation as if specifically set forth herein.

42. The Fifth and Fourteenth Amendments of the U.S. Constitution provide, in pertinent part, that "no person shall be deprived of life, liberty, or property without due process of law."

43. Plaintiff has a clearly established constitutionally protected property interest in his education at Moreau Catholic High School.

44. Plaintiff gained admittance to Moreau, and thus a secured property interest in his education at Moreau Catholic High School. Plaintiff thus had a constitutionally protected property interest in attending Moreau Catholic High School.

AMENDED COMPLAINT

45. In addition, Plaintiff had a constitutionally protected privacy interest in information about his educational status with respect to the allegations of cheating against plaintiff.

46. Given that Defendant Cao's accusations of cheating and plagiarism against Plaintiff, jeopardized his ability to attend an academic institution of his choosing, Plaintiff was entitled to a fair and impartial process from which to determine whether the accusations of his cheating were true and, if so, what consequences should follow. Accordingly, Plaintiff was entitled to a process with a systematic method for evaluating Plaintiff's actions as well as clear standards of culpability concerning the specific violation levied against him. Anything less amounts to an arbitrary disciplinary process subject only to the whims of one single teacher, Defendant Cao.

47. Plaintiff had a right to have the accusations of cheating thoroughly investigated and only communicated to third parties, if found proven guilty.

48. The disciplinary process to which Plaintiff was subjected was devoid of due process for the following reasons:

AMENDED COMPLAINT

a. Defendant Cao derived his allegations that Plaintiff had cheated from mere speculation.

b. Defendant Cao had no proof Plaintiff had plagiarized.

c. Further, Defendant Cao took no action to seek proof of Plaintiff's alleged plagiarism.

d. Had Defendant Cao sought proof of his speculation, Defendant Cao would have concluded that no plagiarism had occurred.

e. Defendant Cao falsely told Moreau that Plaintiff had cheated and plagiarized.

f. Defendant Cao did not let Plaintiff defend himself against the allegations

g. Defendant Cao refused to take any of Plaintiff's evidence into consideration.

h. Instead of granting Plaintiff a fair process of evaluating the allegations, Defendant Cao, on his own malicious accord, went straight to Moreau to communicate his false claims against Plaintiff.

i. Defendant Cao represented himself to Moreau as Plaintiff's teacher and falsely represented actions that occurred within

AMENDED COMPLAINT

HUSD knowing that Moreau was likely to act on Defendant Cao's false misrepresentations.

49. When the events contained in this Complaint occurred, Defendant Cao was acting under the color of law.

50. Defendant Cao was aware that Plaintiff was entitled to a fair and impartial determination of the merits of the allegations against Plaintiff.

51. DOE Defendants contributed to Plaintiff's constitutional deprivations in a manner to be determined through the course of litigation.

52. As a direct and proximate result of Defendant's actions, Plaintiff suffered emotional injury, humiliation, as well as a serious setback to Plaintiff's desired academic career justifying the need for injunctive relief.

**SECOND CAUSE OF ACTION**
**Violation of 42 U.S.C. § 1983**
**Fifth and Fourteenth Amendments – Monell Claim**
**(As to Defendant HUSD)**

53. Plaintiff incorporates by reference every preceding allegation as if specifically set forth herein.

54. The Fifth and Fourteenth Amendments of the U.S. Constitution provide, in pertinent part, that "no person shall be deprived of life, liberty, or property without due process of law."

11

55. Plaintiff has a clearly established constitutionally protected property interest in his contractual offer of admittance to Moreau Catholic High School. Plaintiff had gained admittance to Moreau and thus had a secured property interest in attending Moreau Catholic High School. Plaintiff thus had a constitutionally protected property interest in his education at Moreau Catholic High School.

56. In addition, Plaintiff had a constitutionally protected privacy interest in information about his educational status with respect to the allegations of cheating against Plaintiff.

57. Defendant CAO deprived Plaintiff of his constitutional rights with full knowledge and consent of HUSD.

58. Plaintiff sought resolution of Defendant Cao's actions under HUSD policies and procedures. Defendant Cao and Defendant HUSD knowingly failed to investigate and resolve the misrepresentation under their policies. This inaction is a direct result of Defendant's deliberate indifference to the violations of Plaintiff's constitutional rights.

59. Defendant HUSD had the opportunity to prevent Defendant CAO from depriving Plaintiff of his constitutional rights but failed to do so.

AMENDED COMPLAINT

60. Therefore, Defendant CAO deprived Plaintiff of his constitutional rights as a result of official acquiescence and custom on the part of HUSD.

61. As a direct and proximate result of Defendant's actions, Plaintiff suffered emotional injury, humiliation, as well as a serious setback to Plaintiff's desired academic career justifying the need for injunctive relief.


**THIRD CAUSE OF ACTION**
**Negligence**
**Against Defendant Cao and DOE Defendants**

62. Plaintiff incorporates by reference every preceding allegation as if specifically set forth herein.

63. Defendant Cao owed Plaintiff a duty of reasonable care. In conformity with his duty of reasonable care, Defendant Cao:

    a. Had a duty not make accusations against Plaintiff that Defendant Cao knew or should have known were false.

    b. Had a duty not to undermine Plaintiff's ability to attend Moreau Catholic High School without good cause.

64. DOE Defendants owed Plaintiff a duty of reasonable care. In conformity with his duty of reasonable care, DOE Defendants:

13

AMENDED COMPLAINT

a. Had a duty not to undermine Plaintiff's ability to attend Moreau Catholic High School without good cause.

65. Defendant Cao breached his duty of reasonable care to Plaintiff when he made false accusations of cheating against Plaintiff. Defendant Cao had no grounds or evidence for this claim.

66. Defendant Cao further breached his duty of reasonable care to Plaintiff when he withdrew his endorsement of Plaintiff and communicated his false allegations of cheating to Moreau Catholic High School. Defendant Cao did not have good cause to jeopardize Plaintiff's educational future.

67. Defendant Cao had no evidence for his accusations of cheating and plagiarism against Plaintiff and thus should have known they were false.

68. It was foreseeable that Moreau Catholic High School would withdraw Plaintiff's admission when Defendant Cao withdrew his endorsement of Plaintiff and communicated his false accusations to Moreau.

69. By communicating false accusations of cheating to Moreau and withdrawing his endorsement of Plaintiff to Moreau, Defendant Cao directly and proximately caused Plaintiff to lose his enrollment at Moreau Catholic High School.

14

70.  The actions of the DOE Defendants were negligent in a manner that will be determined through the course of litigation.

71.  As a direct and proximate result of Defendant Cao's actions, Plaintiff suffered damages in the form of emotional injury and humiliation.

## FOURTH CAUSE OF ACTION
### Tortious Interference with Contract
### <u>Against Defendant Cao</u>

72.  Plaintiff incorporates by reference every preceding allegation as if specifically set forth herein.

73.  Plaintiff had a valid contract with Moreau Catholic High School whereby Moreau offered Plaintiff admittance to their high school program and Plaintiff had accepted.  Plaintiff's admittance to Moreau was offered in exchange for consideration in the form of promises to pay tuition.

74.  Defendant Cao was aware of the contract between Moreau and Plaintiff, as evidenced by Defendant Cao's previous endorsement of Plaintiff for admittance to Moreau.

75.  Defendant Cao undertook the following intentional actions for the purpose of disrupting the contract between Moreau and Plaintiff

AMENDED COMPLAINT

a. Communicating false accusations of cheating and plagiarism against Plaintiff to Moreau;

b. Withdrawing his endorsement of Plaintiff to Moreau

76. As a result of Defendant Cao's actions, the contractual relationship between Moreau and Plaintiff was disrupted and Moreau withdrew their admittance of Plaintiff to their High School program

77. As a direct and proximate result of Defendant Cao's actions, Plaintiff suffered damages in the form of emotional injury and humiliation.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff requests that this Court grant him relief as follows:

1. Compensatory damages for humiliation, mental anguish, and emotional distress.

2. Punitive damages against the Defendants.

3. Attorneys' fees.

4. Costs of the suit.

5. Injunctive relief in the form of:

16

AMENDED COMPLAINT

a. Reinstating Plaintiff's admission to Moreau Catholic High School;

b. Removing and/or expunging any records that indicate or allege any misconduct by Plaintiff arising from the events described within this complaint;

6. Such other relief as the Court may deem proper

## **JURY TRIAL DEMANDED**

Plaintiff hereby demands a trial by jury on all issues stated in this action.

Dated: May 18, 2022            Respectfully Submitted,

Keith Altman, Esq. (State Bar No. 257309)
THE LAW OFFICE OF KEITH ALTMAN
33228 West 12 Mile Road, Suite 375
Farmington Hills, Michigan 48331
Telephone: (248) 987-8929
Email: keithaltman@kaltmanlaw.com

*Attorney for Plaintiffs*

AMENDED COMPLAINT

**VERIFICATION**

I, the undersigned, certify and declare that I have read the foregoing Amended Complaint, and know its contents. I am the attorney for the Plaintiffs in this action. Such parties are absent from the county where I have my office and are unable to verify the document described above. For that reason, I am making this verification for and on behalf of the Plaintiffs. I am informed and believe on that ground allege the matters stated in said document are true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on May 18, 2022, at Farmington Hills, Michigan.

Keith Altman, Esq. (State Bar No. 257309)

AMENDED COMPLAINT

**EXHIBIT F**



P O R T E R | S C O T T

ATTORNEYS

May 26, 2022

Author: Douglas S. Saavedra
Author's email: dsaavedra@porterscott.com

**VIA EMAIL**

Keith Altman, Esq.
The Law Office of Keith Altman
33228 West 2 Mile Road, Suite 375
Farmington Hills, Michigan 48331
keithaltman@kaltmanlaw.com

RE:    ***Doss v. Hayward Unified School District, et al.***
       **USDC – Northern District; Case No.: 4:22-cv-00933**

Dear Mr. Altman:

Please accept this correspondence as our attempt meet-and-confer regarding the deficiencies in Plaintiff's Amended Complaint. Defendants Hayward Unified School District and Gary Cao request that Plaintiff dismiss this action, or in the alternative, amend his Amended Complaint.

Plaintiff's Amended Complaint alleges all the same claims as Plaintiff's original Complaint. In fact, the Amended Complaint is identical to the original Complaint except for a few minor changes and additions to the Background section and first two causes of action. Those changes do not address any of the arguments raised in Defendants' original Motion. Considering the minimal changes present in the Amended Complaint, our concerns about the adequacy of Plaintiff's pleadings remain the same as in our first meet and confer letter and Motion to Dismiss regarding the original Complaint. If Plaintiff does not further amend his Amended Complaint significantly, Defendants will have no choice but to file a new Motion to Dismiss.

Defendants ask that Plaintiff dismiss this action because he cannot succeed for the reasons set forth in the prior Motion. Defendants' hope is to avoid having to file a Motion to Dismiss. We are happy to discuss further.

Very truly yours,

PORTER SCOTT
A PROFESSIONAL CORPORATION

By

Douglas S. Saavedra

DJH/DSS/ajb

350 University Avenue, Suite 200 ● Sacramento, CA 95825 ● TEL: 916.929.1481 ● FAX: 916.927.3706
www.porterscott.com

{02708458.DOCX}

A PROFESSIONAL CORPORATION