Keith Altman, Esq. (CBN. 257309)
**THE LAW OFFICE OF KEITH ALTMAN**
33228 West 12 Mile Road, Suite 375
Farmington Hills, Michigan 48331
Telephone: (248) 987-8929
Email: keithaltman@kaltmanlaw.com

*Attorney for Plaintiffs*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# OAKLAND DIVISION

| | |
|---|---|
| STEPHANIE DOSS as Natural Parent and *General Guardian* for J.D. her minor son<br><br>    *Plaintiffs,*<br>v.<br><br>HAYWARD UNIFIED SCHOOL DISTRICT, in its official capacity, GARY CAO, in his individual capacity, and DOES 1-20, inclusive.<br><br>    *Defendants.* | Case No.: 3:22-cv-00933 |

## PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

**NOW COMES** Stephanie Doss on behalf of her minor son, J.D., by and through their attorneys, the Law Office of Keith Altman, with their Response to Defendant's Motion to Dismiss, and hereby state as follows:

# FACTUAL BACKGROUND

Plaintiff's Complaint in this matter was filed on February 15, 2022, with the United States District Court Northern District of California Oakland Division. Defendants filed their first Motion to Dismiss on May 4, 2022.

Subsequently, Plaintiffs' Amended Complaint ("Amended Complaint") was filed on May 18, 2022. Plaintiff brings causes of action for violation of 42 U.S.C. § 1983 Fifth and Fourteenth Amendments – due process, negligence, and tortious interference with contract. Defendants filed their second Motion to Dismiss on June 1, 2022.

# STANDARD FOR DISMISSAL

To the extent that the Court has jurisdiction over a claim, Federal Rule of Civil Procedure 12(b)(6) permits a motion to dismiss where the complaint "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P., 12(b)(6).

A complaint "attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," but must simply allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). And, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Defendants fail to show that Plaintiffs' claims, taken on their facts, will not provide for relief following discovery on the claims. For that reason, Defendants motion to dismiss must fail.

# ARGUMENT

I. **Plaintiff Adequately Pleads a Violation of 42 U.S.C § 1983 as to Defendant Cao**

### 1. Defendant Cao is Not Entitled to Eleventh Amendment Immunity

Defendants allege that a suit against Defendant Cao would be barred by sovereign immunity. Defendant Cao is only sued in his individual capacity as opposed to his official capacity; therefore sovereign immunity does not apply.

Eleventh Amendment Immunity "is the privilege of the sovereign not to be sued without its consent." *Va. Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 253 (2011). This sovereign immunity also applies to state agencies and state instrumentalities. *Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425, 429 (1997). Similarly, a suit may be barred by sovereign immunity where it is brought against an employee in his or her official capacity. *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985). When the employee is sued in his or her individual capacity however, they are not entitled to sovereign immunity. *Oertwich v. Traditional Vill. of Togiak*, 29 F.4th 1108, 1121 (9th Cir. 2022).

In this case, Plaintiff is suing Defendant Cao in his individual capacity. [*See generally* Docket No. 19, Amended Complaint.] Defendant Cao is therefore not entitled to Eleventh Amendment Immunity.

### 2. Plaintiff Adequately Pleads That He Had a Constitutionally Protected Property Right

Contrary to Defendants allegations, Plaintiff does have an adequately pled property right in admittance to a private school. [*See* Docket No. 21, Motion to Dismiss Amended Complaint, pp. 5, 6.]

Generally, a property interest is defined as a legitimate claim of entitlement to a benefit. . . Thus, to have a property interest in a benefit, a person . . . must have more than a unilateral expectation of it." *Golden Gate Water Ski Club v. Cnty. of Contra Costa*, 165 Cal. App. 4th 249, 268 (2008) (internal citation and quotations omitted).

As plaintiff adequately pleads, he had already been admitted to Moreau Catholic High School ("Moreau"), therefore having more than a unilateral expectation of receiving this benefit and a property right in receiving his education at Moreau. [*See* Docket No. 19, Amended Complaint, ¶ 44.]

Even if it is ignored that Plaintiff was already admitted to Moreau and therefore had an established property interest in attendance, the fact that Moreau is a private school is not a hinderance to Plaintiff's claim. It is well established that parents have a constitutional right, protected by the Fourteenth Amendment, to direct the education of their children and select the best school for their children's success, even when that school is a private school. *Pierce v. Soc'y of the Sisters of the Holy Names of Jesus & Mary*, 268 U.S. 510, 534 (1925). There is therefore an established right for children to attend private schools.

Further, constitutionally protected property rights "are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law—rules or understandings that secure certain benefits and that support claims of entitlement to those benefits." *Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 577, 92 S. Ct. 2701, 2709, 33 L. Ed. 2d 548 (1972). California state law makes children ages six to eighteen "subject to compulsory full-time education." Cal. Educ. Code § 48200 (West). The California Education Code further includes regulations regarding private schools, for example that they shall "be taught in the English language and shall offer instruction in the several branches of study required to be taught in the public schools of the state." Cal. Educ. Code § 48222 (West). California state law therefore recognizes a pupil's right to fulfill the compulsory education requirement in a private school, making attendance of a private school a constitutionally protected property right.

Additionally, "[t]he Due Process Clause also forbids arbitrary deprivations of liberty. Where a person's good name, reputation, honor, or integrity is at stake because of what the government is doing to him, the minimal requirements of the Clause must

be satisfied." *Goss v. Lopez*, 419 U.S. 565, 574 (1975) (internal citation and quotations omitted). Through his accusations of cheating, Defendant Cao damaged Plaintiff's reputation without awarding him due process as Plaintiff pled in his Amended Complaint. [*See* Docket No. 19, Amended Complaint, ¶¶ 46, 48, 49.]

Plaintiff therefore adequately pleads his constitutionally protected rights.

### 3. Plaintiff Adequately Pleads That Defendant Cao Did Deprive Plaintiff a Property Right

Plaintiff adequately pleads that he was deprived of his property right "through a state action" in the sense of the Fourteenth Amendment when he pleads that Defendant Cao acting under the color of law deprived him of his right, without awarding him due process. [Docket No. 19, Amended Complaint, ¶¶ 46, 48, 49.]

"A deprivation connotes . . . at the very least, a deliberate decision not to act to prevent a loss." *Parratt v. Taylor*, 451 U.S. 527, 548 (1981), *overruled on other grounds by Daniels v. Williams,* 474 U.S. 327 (1986) (Powell, J., concurring).

Hence, a deprivation does not have to be an active act of denying someone a right. Defendant Cao deprived Plaintiff of his rights by actively submitting allegations to Moreau which caused Plaintiff's admittance to be rescinded.

### 4. Plaintiff Adequately Pleads His Constitutional Right to Privacy Was Violated

Plaintiff adequately pleads a violation of his constitutional right to privacy and therefore Defendants' argument is unfounded.

First, Defendants deliberately misstate the claims Plaintiff raises against Defendant Cao when they say he "was simply rescinding a recommendation that Plaintiff previously asked him to make." [Docket No. 21, Motion to Dismiss Amended Complaint, p.7.] Plaintiff claims a violation of his constitutional right to

privacy in the context of Defendant Cao going out of his way to tell Moreau about the cheating allegations after already having rescinded the recommendation. [Docket No. 19, Amended Complaint, ¶¶ 29, 45.].

The Fourteenth Amendment protects "two types of privacy interests." *Doe v. Luzerne Cnty.*, 660 F.3d 169, 175 (3d Cir. 2011) (internal citation omitted). One of these types is the "individual interest in avoiding disclosure of personal matters." *Id.* (internal citations and quotation marks omitted). With this, Plaintiff has a "right to confidentiality." *See Malleus v. George*, 641 F.3d 560, 564 (3d Cir. 2011), *as amended* (June 6, 2011). Here, Plaintiff had a right to confidentiality regarding cheating allegations which were released to Moreau without awarding him the adequate due process. Cheating allegations are a personal matter, which can, as seen in this case, ruin a child's future academic and possibly work career. As such, they deserve a high level of confidentiality, resulting in Plaintiff adequately pleading a violation of his constitutional right to privacy.

And lastly, the comparison Defendants draw to *Baker v. Howard* fails because in the cited case, the information is released to a third party and not directly to the Plaintiff's employer, resulting in an only incidental loss of his job. *See* 419 F.2d 376, 376 (9th Cir 1969). In this case, Defendant Cao released information directly to Plaintiff's new school. The right to privacy of confidential information must be significantly higher in a setting in which the private information can directly lead to a detriment to Plaintiff.

Therefore, Plaintiff adequately pled a violation of his right to privacy.

**5. Defendant Cao is Not Entitled to Qualified Immunity**

Defendant Cao is not entitled to qualified immunity. Qualified immunity can only be granted if the case does not fulfill two separate prongs. First, Plaintiff must show that, "[t]aken in the light most favorable to the party asserting the injury, . . . the facts alleged show the [defendant]'s conduct violated a constitutional right." *Saucier v.*

*Katz*, 533 U.S. 194, 201 (2001). Second, Plaintiff must show that the violation involved a clearly established constitutional right of which a reasonable person would have known. *Id.* at 202.

As to the first prong and as established above, Plaintiff sufficiently pleads that a constitutional violation has occurred.

As to the second prong, "caselaw does not require a case directly on point for a right to be clearly established." *Kisela v. Hughes*, 138 S. Ct. 1148, 1152 (2018). As explained in more detail above, Plaintiff had clearly established constitutional property and privacy rights and can provide case law for each of his rights. A reasonable person in Defendant Cao's position would have known that Plaintiff had these clearly established rights after being admitted to a new school. Further, as a teacher, Defendant Cao should have reasonably been familiar with Plaintiff's right to due process concerning the cheating allegations. Further, the issue of what a reasonable person would have known is an issue to be litigated at trial and this Court should allow the matter to proceed to discovery.

## II.   Plaintiff Adequately Pleads a Violation of 42 U.S.C § 1983 as to the District

### 6. The District is Not Entitled to Eleventh Amendment Immunity

The District is not entitled to Eleventh Amendment immunity as Plaintiff is seeking only injunctive relief from the District. [Docket No. 19, Amended Complaint, ¶ 61.] "Forward-looking" injunctive relief falls under the *Ex parte Young* doctrine. *Koslow v. Commonwealth of Pennsylvania*, 302 F.3d 161, 179 (3d Cir. 2002). So long as Plaintiff is bringing federal claims against a state actor acting in their official capacity, the Eleventh Amendment immunity does not apply. *See Id.*; *Cap. Bonding Corp. v. New Jersey Supreme Ct.*, 127 F. Supp. 2d 582, 589 (D.N.J. 2001).

Because Plaintiff is suing the District in its official capacity for injunctive relief, Eleventh Amendment immunity does not apply.

### 7. Plaintiff Adequately Pleads an Underlying Violation

As set forth above, Plaintiff adequately pleads an underlying constitutional violation. Plaintiff adequately pleads the District's vicarious liability for Defendant Cao's actions. [Docket No. 19, Amended Complaint, ¶¶ 39, 40.]

### 8. Plaintiff Adequately Pleads Sufficient Facts to Recover on a *Monell* Claim

Plaintiff pleads facts sufficient to recover under the *Monell* theory. The District can be held accountable for violations of 42 U.S.C. § 1983 if "a policy, practice, or custom of the entity can be shown to be a moving force behind a violation of constitutional rights" and this "policy amounts to deliberate indifference to Plaintiff's constitutional rights." *See Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011) (internal citations and question marks omitted).

As shown above, Plaintiff's constitutional rights were violated. To adequately plead that a policy, practice, or custom was the moving force behind this violation, courts previously have ruled that it is sufficient for Plaintiff to show that the government agency "took no action to adequately investigate, supervise, discipline, or train" the acting official, despite having knowledge of his behavior. *See Moore v. City of Vallejo*, 73 F. Supp. 3d 1253, 1258 (E.D. Cal. 2014). Plaintiff adequately pleads that the District was aware of Defendant Cao's actions and disregard of due process when he states that he reached out to the District on multiple occasions and nothing was done to help him or investigate and supervise Defendant Cao's behavior. [Docket No. 19, Amended Complaint, ¶¶ 30, 31, 58.]

"Similarly, a failure to supervise that is sufficiently inadequate may amount to deliberate indifference." *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir.

2011) (internal citation and quotation marks omitted). Therefore, Plaintiff adequately pleads that the district showed deliberate indifference to the violations of Plaintiff's constitutional rights. [Docket No. 19, Amended Complaint, ¶ 58.]

### III. Plaintiff Complied with the Government Claims Act for His State Law Claims

Plaintiff adequately complied with California's Government Claims Act. All state law claims in Plaintiff's Amended Complaint are brought against Defendant Cao and DOE Defendants, not the District itself. [Docket No. 19, Amended Complaint, ¶¶ 13, 15.] Defendants cite no authority for the proposition that claims against school employees are governed by California Government Code §§905, 910(e), 911.2 and 945.4. While Chapter 3.6 of the Code refers to public entities and their employees, Part 3 to which Defendants cite, only mentions public entities. According to the Code, "'Local public entity'" includes a county, city, district, public authority, public agency, and any other political subdivision or public corporation in the State." Cal. Gov. Code § 900.4 (West).

Even if this Honorable Court should find that the cited sections of the Government Claims Act do apply to Defendant Cao, Plaintiff did comply with the requirements. Plaintiff notified Defendants of the claims against Defendant Cao and the likelihood of a lawsuit on August 10, 2021. [Exhibit A.] The notice meets the requirement of California Government Code § 910(e). The notice contents the name of the public employee causing the injury, as well as all other requirements of California Government Code § 910, such as the address of the claimant and a description of the claim. In accordance with California Government Code § 911.2, Plaintiff gave this notice four months after accrual of the claims. Additionally, Plaintiff clearly states that litigation might ensue, fulfilling "[t]he most essential element of a 'claim as presented,' because it satisfies the primary purposes of the Government Claims Act: facilitating the investigation of disputes and their settlement without trial if

appropriate." *See City of Stockton v. Superior Ct.*, 42 Cal. 4th 730, 744 (2007). Therefore, Plaintiff adequately complied with California's Government Claims Act.

### IV. Plaintiff Adequately Pleads His Negligence Claim

Plaintiff adequately pleads a negligence claim against Defendant Cao. A prima facie case of negligence can be established by pleading that the defendant owed plaintiff a legal duty of due care, the defendant breached that duty, and that breach proximately caused plaintiff's injury. *Ladd v. County of San Mateo*, 12 Cal.4th 913, 917 (1996).

Plaintiff adequately pleads that Defendant Cao owed him a duty of due care, more specifically a duty of reasonable care involving not to make accusations he knew or should have known to be false and not to undermine his ability to attend Moreau without good cause. [Docket No. 19, Amended Complaint, ¶ 63.]

Further, Plaintiff adequately pleads that Defendant Cao breached this duty when he made false accusations against Plaintiff to Moreau without having evidence for the alleged cheating and when he withdrew his recommendation without good cause. [Docket No. 19, Amended Complaint, ¶¶ 65, 66.] Plaintiff especially establishes a breach of Defendant Cao's duty of reasonable care when he pleads that Defendant Cao was never able to produce evidence for the alleged cheating and therefore should have known it to be false. [Docket No. 19, Amended Complaint, ¶ 67.]

And lastly, Plaintiff adequately pleads proximity of the breach causing plaintiff's injury of not being admitted to Moreau. [Docket No. 19, Amended Complaint, ¶ 69.] Causation in the law of negligence is not determined by a linear projection from a 'but for' premise. Instead, it is expressed in terms of 'foreseeability' and is limited by the policy that cause must be 'proximate.'" *Espinosa v. Kirkwood*, 185 Cal. App. 4th 1269, 1275 (2010) (internal citation omitted). Plaintiff adequately pleads the foreseeability of Moreau withdrawing Plaintiff's admission following Defendant Cao's allegations. [Docket No. 19, Amended Complaint, ¶ 68.] Being a teacher

himself, Defendant Cao was aware of general school admission processes and was aware that schools generally will not admit students accused of cheating. Further, it is foreseeable that a private school with an excellent reputation would only admit students with a perfect record. A record which Defendant Cao willfully tarnished.

Plaintiff therefore pleads facts sufficient to establish a prima facie case of negligence and enough to allow the parties to move forward to discovery.

### V. Plaintiff Adequately Pleads His Tortious Interference with a Contract Claim

Plaintiff adequately pleads a prima facie case for tortious interference with a contract and therefore should be allowed to proceed to discovery. The elements of such a claim are "(1) a valid contract between plaintiff and a third party; (2) defendant's knowledge of this contract; (3) defendant's intentional acts designed to induce a breach or disruption of the contractual relationship; (4) actual breach or disruption of the contractual relationship; and (5) resulting damage." *Pac. Gas & Elec. Co. v. Bear Stearns & Co.*, 50 Cal. 3d 1118, 1126 (1990).

First, Plaintiff adequately pleads that he had entered into a contract with Moreau and that Defendant Cao had knowledge of this contract. Generally, a complaint will survive a motion to dismiss if it alleges nonconclusory facts that, taken as true, state a claim to relief that is plausible on its face. *Ashcroft*, 556 U.S. 662, 680 (2009). Here, Plaintiff pleads that Plaintiff had accepted a contract for admission at Moreau and that Defendant Cao was aware of this contract. [Docket No. 19, Amended Complaint, ¶¶ 73, 74.] Plaintiff additionally pleads that Cao's knowledge is evidenced by his previous recommendation to Moreau, and by the fact that Defendant Cao undertook multiple actions to try to paint Plaintiff in a bad light at Moreau, like withdrawing the recommendation and additionally making sure to let them know about the cheating allegations. [Docket No. 19, Amended Complaint, ¶¶ 74, 75.] With this, Plaintiff pleads enough of a context to his pleading that Defendant Cao knew of the contract.

The statement is not merely conclusory and therefore meets the pleading standard required to survive a motion to dismiss and to move on to discovery.

Second, Plaintiff adequately pleads Defendant Cao's acts of rescinding the recommendation and informing Moreau of the alleged cheating, designed to disrupt the contract between Plaintiff and Moreau. [Docket No. 19, Amended Complaint, ¶ 75.]

Third, Plaintiff adequately pleads that Defendant Cao's acts led to an actual disruption of the contract between Plaintiff and Moreau, when the latter withdrew their admittance of Plaintiff to the school. [Docket No. 19, Amended Complaint, ¶ 76.] Plaintiff thereby also points out a timely proximity between the two events. [*See* Docket No. 19, Amended Complaint, ¶ 29.] Thereby, Defendant Cao actually disrupted the contractual relationship between Moreau and Plaintiff.

And lastly, Plaintiff adequately pleads resulting damages from Defendant Cao's tortious interference with the contract – the impact on his academic and professional success, as well as the negative impact on Plaintiff's mental well-being, having been severely emotionally injured and humiliated [Docket No. 19, Amended Complaint, ¶¶ 35, 36, 77.]

Plaintiff therefore adequately pleads all elements to establish a claim of tortious interference with a contract against Defendant Cao.

## CONCLUSION

**WHEREFORE** Plaintiffs respectfully request that the Court deny Defendants' Motion to Dismiss. Should this Court find Plaintiffs' complaint defective in any way, Plaintiffs respectfully request leave to amend.

Dated: July 15, 2022            Respectfully submitted,

*[signature]*

Keith Altman, Esq. (State Bar No. 257309)
THE LAW OFFICE OF KEITH ALTMAN
33228 West 12 Mile Road, Suite 375
Farmington Hills, Michigan 48331
Telephone: (248) 987-8929
Email: keithaltman@kaltmanlaw.com

*Attorney for Plaintiffs*

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION**

| | |
|---|---|
| STEPHANIE DOSS as Natural Parent and General Guardian for J.D. her minor son,<br><br>　　*Plaintiffs,*<br><br>v.<br><br>HAYWARD UNIFIED SCHOOL DISTRICT, in its official capacity, GARY CAO, in his individual capacity, and DOES 1-20, inclusive.<br><br>　　*Defendants.* | Case No.: 3:22-cv-00933 |

## **CERTIFICATE OF SERVICE**

I certify that on July 15, 2022, I served the foregoing Plaintiffs' Response to Defendants Motion to Dismiss upon all parties herein by filing copies of same using the ECF System.

　　　　　　　　　　　　　　　　　Respectfully Submitted,

　　　　　　　　　　　　　　　　　Keith Altman, Esq.

# EXHIBIT A

# The Law Office of Keith Altman

Keith Altman, Esq.
33228 West 12 Mile Road, Ste. 375
Farmington Hills, MI 48334
Tel. 516.456.5885
Email: keithaltman@kaltmanlaw.com

August 10, 2021

Dr. Matt Wayne, Superintendent
Hayward Unified School District
24411 Amador Street
Hayward, CA 94544

Re:     *Matter of Jayden Doss v. Haywood Unified School District and Gary Cao*

Dear Dr. Wayne,

The parents of Jayden Doss have retained me to pursue a lawsuit against the School District and one of its teachers at the Mt. Eden High School, Gary Cao. The crux of the case is that Mr. Cao, with the knowledge and support of the District, provided false and misleading information to the Moreau private school that had accepted Jayden for transfer. As a result of this information, Jayden's acceptance was rescinded. We believe this action was retaliation for Jayden's mother, Stephanie, complaining about how Mr. Cao was treating Jayden. We expect this suit to be filed in the United States District Court for the Northern District of California in the next 30 days.

Because of the likely contentious nature of the lawsuit, it would seem that it is not viable for Jayden to attend Mt. Eden while he is suing the school and one of its teachers. Out of an abundance of caution, I suggest that Jayden be enrolled in another high school so that the focus can be on his education and there are no issues concerning the litigation.

If there are questions, feel free to contact me at your convenience.

Sincerely yours,

*/s/ Keith Altman*
Keith Altman[1]

---

[1] Licensed in California and Michigan