**PORTER | SCOTT**
A PROFESSIONAL CORPORATION
Derek J. Haynes, SBN 264621
dhaynes@porterscott.com
Dylan T. de Wit, SBN 327363
ddewit@porterscott.com
350 University Avenue, Suite 200
Sacramento, California 95825
TEL: 916.929.1481
FAX: 916.927.3706

Attorneys for Defendants
HAYWARD UNIFIED SCHOOL DISTRICT and GARY CAO (employee of Hayward Unified School District)
*Exempt from Filing Fees Pursuant to Government Code § 6103*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| STEPHANIE DOSS as Natural Parent and *General Guardian* for J.D. her minor son,<br><br>　　　Plaintiffs,<br><br>v.<br><br>HAYWARD UNIFIED SCHOOL DISTRICT, in its official capacity, GARY CAO, in his individual capacity, and DOES 1-20, inclusive.<br><br>　　　Defendants.<br>_____/ | Case No.: 3:22-cv-00933<br><br>**REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**<br><br>DATE:　August 12, 2022<br>TIME:　10:00 a.m.<br>DEPT:　Courtroom 1 – 17th Floor<br><br><br>FAC Filed: 05/18/22<br>Complaint Filed: 02/15/22 |

{02755701.DOCX}　　　　　　　　　　　　　　　　　　i

**REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

# I.

# INTRODUCTION

Defendants Hayward Unified School District and Gary Cao moved to dismiss Plaintiff's Amended Complaint on various grounds. As to the First Claim for Relief, for alleged violation of the Fifth and Fourteenth Amendments pursuant to 42 U.S.C. § 1983, Defendant Cao argued that Plaintiff cannot pursue a claim under the Fifth Amended because that Amendment only applies to federal actors. Plaintiff's Opposition ignores that argument.

As to the Fourteenth Amendment, Defendant Cao argued that he is entitled to Eleventh Amendment immunity. Plaintiff changes the nature of her claim to avoid that. She now submits that she is only suing Cao in his personal capacity, not his official capacity, and therefore the immunity does not apply. Even if that is the case, the claim still fails for additional reasons. The allegation that Cao violated Plaintiff's Fourteenth Amendment property right to attend Moreau Catholic fails because there is no right to attend private school. Courts have made that clear. Plaintiff counters by citing inapplicable authorities indicating that students have the right to attend school generally. That is true, but they are not entitled to attend *private* school.

Plaintiff alternatively argues that Defendant Cao violated the right to informational privacy. However, again, Plaintiff fails to cite any authority for that proposition. Indeed, the right to informational privacy does not extend to scholastic performance, particularly when that information is disclosed to a school where the student is applying and the student authorizes the teacher to communicate with that school.

Moreover, Defendant Cao is entitled to qualified immunity because any rights he purportedly violated were not "clearly established." Rights are only clearly established if there is an earlier case where a court found liability in circumstances similar to the one presented. Plaintiff's Opposition simply submits the rights were clearly established "as set forth above." Yet, the only authorities cited by Plaintiff are boilerplate statements of black letter law. None of them involve circumstances even remotely similar to the ones presented here.

As to Plaintiff's Second Claim for Relief, for *Monell* liability against the District, the District argued that it is entitled to Eleventh Amendment immunity. Plaintiff again changes the nature of her

claim to avoid that. She now maintains she is only seeking injunctive relief pursuant to the *Ex Parte Young* doctrine. That is not pled in the Amendment Complaint. Moreover, the *Ex Parte Young* doctrine has no application in this case for a litany of reasons:

- The doctrine only applies against *individual* public employees who are sued in their *official* capacity. Plaintiff's Second Claim for Relief is pled against the District, not an individual.
- Cao is the only individual Defendant named in the lawsuit and Plaintiff's Opposition explicitly admits she is only suing him in his individual capacity, not his official capacity.
- The doctrine only applies against individual public officials who have a duty to enforce the laws that were allegedly violated, like the Labor Commissioner when the Labor Code is violated. Defendant Cao has no such duty.
- The doctrine only applies in circumstances where there are *ongoing* violations of federal law. That is not the case here. Plaintiff's claims are based on a single disclosure by a *former* teacher.

Plaintiff's Third and Fourth Claims for Relief are state law claims against Defendant Cao. Cao argued those claims must be dismissed because Plaintiff did not submit a Government Claim under the Government Claims Act. Plaintiff's Opposition raises a specious argument that the Government Claims Act only applies to public entities, not public employees. That argument is contrary to decades of state and federal authorities.

Alternatively, Plaintiff argues that a letter she submitted to the District suffices as a Government Claim. It does not as it does not comply with the mandatory minimum requirements of Government Code § 910.

The state law claims also fail on their merits. As to the Third Claim for Relief, for negligence, Plaintiff fails to cite any authorities holding or even inferring that Cao breached any duty imposed on him.

The Fourth Claim for Relief, for tortious interference with contract, fails because Plaintiff did not plead facts establishing that she had a contract with Moreau Catholic or that Defendant Cao knew of any such contract. Plaintiff rests her Opposition on the assertion that Cao *must have* known there was a contract given he previously gave Plaintiff a recommendation to attend the School. However, the fact that Cao gave Plaintiff a recommendation does not prove that Cao knew Plaintiff subsequently executed a contract to attend the School.

Therefore, Defendants respectfully submit that Plaintiff's Amended Complaint should be dismissed. Defendants maintain it should be dismissed with prejudice given Plaintiff cannot overcome the applicable immunities or Plaintiff's failure to submit a Government Claim.

## II.

## PLAINTIFF CANNOT RECOVER ON THE FIRST CLAIM FOR RELIEF

**1.   Plaintiff Tacitly Concedes She Cannot Recover Under the Fifth Amendment**

Plaintiff's First Claim for Relief is pled against Defendant Cao under 42 U.S.C. §1983 for alleged violations of the Fifth and Fourteenth Amendments. Defendants' Motion argued that Plaintiff cannot pursue a claim under the Fifth Amendment because that Amendment only applies to actions by the federal government. *Bingue v. Prunchak*, 512 F.3d 1169, 1174 (9th Cir.2008). Plaintiff does not address that in her Opposition. That is a tacit admission that the Motion should be granted on that ground.

**2.   Official Capacity**

Cao also moved to dismiss the First Claim for Relief on grounds that he is entitled to Eleventh Amendment immunity. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70–71 (1989) (state officials are entitled to Eleventh Amendment immunity from suit under 42 U.S.C. § 1983). Plaintiff's Opposition argues that the Eleventh Amendment does not apply because she is only suing Cao in his individual capacity, not his official capacity. [Docket No. 24, Opposition p.3:2-17.] That, however, is not pled in Plaintiff's Amended Complaint.

**3.   Plaintiff Cannot Recover Under the Fourteenth Amendment's Due Process Clause Because There is No Property Right in Attending Private School**

Cao's Motion went on to argue that Plaintiff cannot recover under the Fourteenth Amendment because Cao did not deprive Plaintiff of any constitutionally protected property interest. *Wedges/Ledges of Cal., Inc. v. City of Phoenix*, 24 F.3d 56, 62 (9th Cir.1994). Plaintiff claims there was a property interest in attending the private school, Moreau Catholic. [Docket No. 19, Amended Complaint ¶ 43.]

There, however, is no constitutionally protected property right to attend private school. *Massey v. Biola Univ., Inc.*, 2020 WL 5898804, at 10 (C.D. Cal. Aug. 21, 2020) ("Plaintiff cannot pursue a due process claim under Section 1983 because . . . attendance at a private school is not a cognizable liberty or property interest under the Due Process Clause.")

Plaintiff's Opposition counters by citing the *Pierce* case from the 1920's that is irrelevant to the present litigation. *Pierce* involved two private schools seeking an injunction from an Oregon statue that would have eliminated private school institutions. The Court granted the injunction, finding the Oregon statute arbitrarily would have destroyed plaintiffs' businesses. *Pierce v. Soc'y of the Sisters of the Holy Names of Jesus & Mary,* 268 U.S. 510, 536 (1925). The Court did not, in any way, rule that students are entitled to attend private school.

Plaintiff next cites California Education Code § 48200. That statute simply provides that "Each person between the ages of 6 and 18 years . . . is subject to compulsory full-time education." It does not create an entitlement to private school.

In sum, there is no constitutionally protected property right to attend private school. The authorities cited by Plaintiff do not hold otherwise. Therefore, Defendant's Motion to Dismiss Plaintiff's First Claim for Relief should be granted.

**4.      There Was No Violation of Plaintiff's Constitutional Right to Informational Privacy**

Alternatively, Plaintiff infers her due process claim is based on an alleged violation of the right to informational privacy. [Docket No.19, Amended Complaint ¶45] Cao moved to dismiss that claim, citing authorities holding that the right to informational privacy is extremely limited. It only extends to "those rights which are 'fundamental or implicit in the concept of ordered liberty.'" *Seaton v. Mayberg*, 610 F.3d 530, 537-39 (9th Cir.2010); *Carver v. Rathlesberger*, 2005 WL 3080856 at 2 (E.D. Cal. Nov. 11, 2005). "Only the most intimate phases of personal life have been held to be constitutionally protected." *Id.*

There is no authority indicating that right extends to a situation like the one alleged by Plaintiff, where a teacher discloses a student's scholastic performance to a school where the student is applying, particularly when the student authorizes the teacher to communicate with that school. Plaintiff does not dispute that. She simply quotes black letter law regarding the constitutional right to privacy and then concludes the disclosure at-issue should be protected. She does not cite or analogize the present situation to any precedent authority.

Plaintiff does attempt to distinguish the *Baker v. Howard*, 419 F.2d 376 (9th Cir 1969) case cited in Defendant's Motion. In *Baker* the Ninth Circuit held the right to informational privacy did not extend to a situation where law enforcement officers told the media that plaintiff engaged in criminal conduct

even though they knew that was false, resulting in the plaintiff losing his job. Plaintiff argues that disclosure was less severe than the one at-issue here because it was made to the general public. She submits *Baker* is not instructive because the disclosure in that case was "to a third party," the media, while the disclosure here was limited to the school where Plaintiff applied. [Docket No. 24, p.6:15.20] That logic is flawed. Under Plaintiff's reasoning, Defendant Cao could have disclosed Plaintiff's scholastic performance to the general public through the media, but not directly to another interested party, the school that Plaintiff authorized Cao to communicate with. That is illogical and not supported by any authority.

The reality is there is no authority extending the constitutional right to informational privacy to the instant situation. Therefore, Plaintiff's First Claim for Relief should be dismissed.

### 5. Defendant Cao is Entitled to Qualified Immunity

Cao went on to argue that he is also entitled to qualified immunity. Plaintiff can only overcome qualified immunity by proving Cao violated "clearly established" constitutional rights. Plaintiffs can only satisfy that burden by identify existing precedent that "squarely govern[s]" the specific facts at issue. *Kisela v. Hughes*, 138 S.Ct. 1148, 1152 (2018). In other words, plaintiffs must "identify a case where an [official] acting under similar circumstances as [Cao] was held to have violated the [constitution]." *Shafer v. Co. of Santa Barbara*, 868 F.3d 1110, 1117 (9th Cir. 2017). There is no such case.

Plaintiff counters by arguing that she does not have to cite a "a case direct on point for a right to be clearly established." [Docket No. 24, p.7:8-9.] That is true, but she does have to cite a case where liability was found in "similar circumstances." *Shafer*, 868 F.3d at 1117. Liability must be beyond debate. *Kisela*, 138 S.Ct. at 1152. It is not enough to just cite general statements of the law. *Id.* Plaintiff must identify a case or set of cases that are "particularized" to the facts of the pending case. *White v. Pauly*, 137 S. Ct. 548, 552 (2017), citing to *Anderson v. Creighton*, 483 U.S. 635, 640, 107 S. Ct. 3034 (1987). Again, there needs to be a prior case finding liability under similar circumstances. *Shafer*, 868 F.3d at 1117.

Plaintiff does not cite any such case. She simply submits that the rights were clearly established "as explained in more detail above" in Plaintiff's Opposition. [Docket No.24, p.7:7-9.] Yet, none of the authorities cited in Plaintiff's Opposition involve anything remotely similar to the circumstances at-issue. Plaintiff simply cited black letter law regarding the constitutional rights to property and informational privacy and the *Pierce* case from the 1920's, discussed above, involving an injunction to overturn an

Oregon statute that eliminated private schools. None of those cases imposed liability on a public official in circumstances similar to the ones presented here. Therefore, Cao is entitled to qualified immunity.

### III.
### PLAINTIFF CANNOT RECOVER ON HER *MONELL* CLAIM AGAINST THE DISTRICT

**1.    The District is Entitled to Eleventh Amendment Immunity**

The District argued that Plaintiff's Second Claim for Relief, for *Monell* liability, should be dismissed because the District is entitled to Eleventh Amendment immunity. Plaintiff counters, arguing that she is only seeking injunctive relief and the *Ex Parte Young* doctrine provides an exception to Eleventh Amendment immunity when seeking injunctive relief against state actors acting in their official capacity who violate federal law. That argument fails for a litany of reason.

First, Plaintiff's Amended Complaint does not indicate she is only seeking injunctive relief, nor does she identify what injunctive relief she is allegedly seeking.

Second, the *Ex Parte Young* doctrine only applies to overcome Eleventh Amendment immunity on claims against <u>individual</u> state actors who were acting in their <u>official capacity</u>. *Ex Parte Young*, 209 U.S. 123, 155–56 (1908); *Alden v. Maine*, 527 U.S. 706, 747, (1999); *S.B. by & through Kristina B. v. California Dep't of Educ.*, 327 F. Supp. 3d 1218, 1236 (E.D. Cal. 2018). Plaintiff's Second Claim for Relief is pled against the District, not an individual Defendant. The only individual Defendant even named in the lawsuit is Defendant Cao, but Plaintiff explicitly admits "Defendant Cao is only sued in his individual capacity as opposed to his official capacity." [Docket No. 24, p.3:4-5.] Thus, the *Ex Parte Young* doctrine does not apply.

Third, the *Ex Parte Young* doctrine only applies when there are ongoing violations of federal law. S.*B. by & through Kristina B.*, 327 F. Supp. 3d at 1236–37. Plaintiff does not allege any ongoing federal violations. She alleges a single purportedly unlawful disclosure in April 2021 by a *former* teacher.

Fourth, the *Ex Parte Young* doctrine only applies to state actors who have a duty to enforce the applicable law. *Id.* A "generalized duty" is insufficient. There must be a direct connection. For example, in *Coal. to Defend Affirmative Action v. Brown*, 674 F.3d 1128, 1134 (9th Cir. 2012), the Ninth Circuit held that the Labor Commissioner was the appropriate official to sue for alleged Labor Code violations because the Labor Commissioner is responsible for enforcing those provisions. Defendant Cao has no

such authority to enforce any law at-issue in the instant action.

Therefore, Plaintiff's Second Claim for Relief should be dismissed because the District is entitled to Eleventh Amended immunity.

**2.  There was No Underlying Constitutional Violation**

The District went on to argue that Plaintiff's *Monell* claim should be dismissed because Plaintiff did not plead facts sufficient to show an underlying constitutional violation. Plaintiff's Opposition relies on the same arguments, discussed above, relating to the First Claim for Relief against Defendant Cao. Those arguments do not establish an underlying constitutional violation for the reasons set forth above. Therefore, Plaintiff's *Monell* claim should be dismissed.

**3.  Plaintiff Failed to Plead Sufficient Facts to Recover on a *Monell* Claim**

The District further argued that even if Plaintiff can establish an underlying constitutional violation, the *Monell* claim should still be dismissed because Plaintiff failed to plead the requisite facts establishing that the District had a policy, practice or custom amounting to deliberate indifference that was the moving force behind the alleged constitutional violation. *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir, 2011) (citation omitted).

Plaintiff's Opposition cites *Moore v. City of Vallejo*, 73 F.Supp.3d 1253 (2014), where the Court held that public entities can be liable under *Monell* when they "[take] no action to adequately investigate, supervise, discipline, or train [officers]" despite knowing the officers had a history of similar unlawful behavior. However, the complaint in *Moore* included factual allegations supporting that assertion. *Moore* involved a claim that a police officer unlawfully shot the victim, who was disabled, when it was unwarranted. The complaint included allegations that the officer had a prior history of shooting individuals who did not pose a threat, including disabled individuals, the City knew of those shootings and knew they were unlawful, and yet took no action to correct the issue, resulting in more shootings. *Moore*, 73 F.Supp.3d at 1258. Plaintiff did not plead any such facts in the instant action.

Plaintiff also cites *Daughter v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011) for the proposition that "a failure to supervise that is sufficiently inadequate may amount to deliberate indifference." That is true. However, as in *Dougherty*, Plaintiff failed to plead facts supporting any such conclusion, or the other requisite conclusions that any failure to supervise was the result of a policy or practice or that any such

policy or practice was the moving force behind the violation alleged. Therefore, Plaintiff's *Monell* claim should be dismissed.

IV.

**PLAINTIFF FAILED TO COMPLY WITH THE GOVERNMENT CLAIMS ACT**

**A.      Plaintiff Was  Required to File a Government Claim Against Defendant Cao**

Plaintiff's Third and Fourth Claims for Relief are state law claims for negligence and tortious interference with contract. Defendants argued those claims are barred because Plaintiff failed to present the requisite Government Claim. California Government Code §§905, 910(e), 911.2 and 945.4.

Plaintiff's Opposition raises a specious argument that a Government Claim is not required against public employees. That argument conflicts with decades of state and federal authorities confirming the opposite. California Government Code § 950.6 ("A cause of action for such injury may not be maintained against the public employee or former public employee whose act or omission caused such injury until the claim has been rejected . . . in whole or in part by the public entity."); *State of California v. Superior Ct.*, 32 Cal. 4th 1234, 1243 (2004) ("a plaintiff must still allege in his complaint that he has complied with the claim statute in order to state a cause of action against a public employee."); see *Cardenas v. Cnty. of Tehama*, 476 F. Supp. 3d 1055, 1070 (E.D. Cal. 2020).

Plaintiff did not submit a Government Claim. Therefore, the Third and Fourth Claims for Relief should be dismissed.

**B.      Plaintiff's Letter is Not  a Government Claim**

Plaintiff goes on to argue that even if a Government Claim is required, she submitted an acceptable alternative. That, however, is not alleged in her Amended Complaint.

Plaintiff attaches a copy of the letter she maintains satisfies the Government Claims Act as Exhibit A to her Opposition. That letter is not a Government Claim. Government Code § 910 lists the information that <u>must</u> be included in a document for it to qualify as a Government Claim. The statute provides the document "shall" include, amongst other things, the name and address of the injured party, the address to which the injured party would like notices sent, "the date, place and other circumstances of the occurrence or transaction which gave rise to the claim asserted," and a specification of the claimed monetary damages if it is under $10,000 or whether it is more than $10,000. California Government Code § 910(a)-(f).

{02755701.DOCX}                                                     8
**REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

An omission of any one of those essential elements renders the document non-compliant. See *Del Real v. City of Riverside*, 95 Cal.App.4th 761, 769 (2002); see also *City of San Jose v. Superior Court*, 12 Cal.3d 447, 456 (1974). A public entity's knowledge of the allegations is not enough. *DiCampli-Mintz v. Cty. of Santa Clara*, 55 Cal.4th 983, 990 (2012) ("It is well-settled that claims statutes must be satisfied even in face of the public entity's actual knowledge of the circumstances surrounding the claim.")

Plaintiff's letter does not list multiple essential elements under Government Code § 910, including her address, the date of the alleged unlawful conduct or the amount of the claimed damages. [See Docket No. 24, p.16] Therefore, the Third and Fourth Claims for Relief should be dismissed because Plaintiff did not comply with the Government Claims Act.

## V.

## PLAINTIFF CANNOT RECOVER FOR NEGLIGENCE

Defendant Cao also moved to dismiss the negligence claim on its merits. Cao argued there was no breach of any duty owed to Plaintiff. In the school context, courts have imposed a limited duty on teachers to protect students from third-parties in certain situations. *See Dailey v. Los Angeles Unified Sch. Dist.*, 2 Cal. 3d 741 (1970). However, there is no authority imposing or inferring a duty on teachers relating to recommendations for students to attend other schools.

Indeed, Plaintiff fails to cite any such authority in her Opposition. Instead, Plaintiff submits conclusory assertions that Cao must be liable for negligence for telling Moreau Catholic that Plaintiff cheated. Yet, Plaintiff's own allegations admit that the District investigated and found that Plaintiff's allegation that Cao fabricated that accusation to be unsubstantiated. [Docket No. 19, Amended Complaint, ¶ 33.] In sum, Plaintiff fails to offer any authority establishing a specific duty owed by Defendant Cao and Plaintiff's own allegations cut against a finding of any breach.

## VI.

## CAO DID NOT TORTIOUSLY INTERFERE WITH ANY CONTRACT

Plaintiff's Fourth Claim for Relief is a state law claim for tortious interference with contract. Defendant Cao argued it should be dismissed because Plaintiff failed to submit a Government Claim, as set forth above, and it fails on its merits.

Defendant Cao argued that Plaintiff failed to plead the requisite facts establishing that Plaintiff

actually had a contract with Moreau Catholic High School. *Pacific Gas & Electric Co. v. Bear Stearns & Co.*, 50 Cal.3d 1118, 1126 (1990) (the actual existence of a contract is required). In fact, Plaintiff's own allegations admit that Moreau Catholic "rescinded their contractual <u>offer</u> of admission to Plaintiff," not that an actual contract was in place. [Docket No. 19, Amended Complaint ¶29.]

Plaintiff further failed to plead the requisite facts establishing that Defendant Cao <u>knew</u> Plaintiff had a contract with Moreau Catholic. *Pacific Gas & Electric Co.*, 50 Cal.3d at 1126 (defendant must know plaintiff had a contract with the third-party). Plaintiff's Opposition cites paragraph 74 of her Amended Complaint. That paragraph indicates Cao must have known of a contract "as evidenced by Defendant's Cao's previous endorsement of Plaintiff for admittance to Moreau." [Docket No. 19, Amended Complaint ¶27.] However, the fact that Cao gave Plaintiff a recommendation to attend the School does not mean Cao knew that Plaintiff subsequently entered into a contract for admittance to the School. Plaintiff also argues that Defendant Cao's must have known of a contract given Cao took steps to withdraw his recommendation and accused Plaintiff of cheating. [Docket No. 24, Opposition p.11:24-26] Again, neither of those allegations establishes that Cao knew Plaintiff had a contract with Moreau Catholic.

Therefore, Plaintiff's Fourth Claim for Relief should be dismissed.

## VIII.

## CONCLUSION

Based on the foregoing, Defendants respectfully request that the Court dismiss Plaintiff's Amended Complaint in its entirety. Defendants submit the Amended Complaint should be dismissed with prejudice given Plaintiff cannot overcome the immunities noted above or Plaintiff's failure to comply with the Government Claims Act.

Dated: July 20, 2022
PORTER SCOTT
A PROFESSIONAL CORPORATION

By   /s/ *Derek J. Haynes*
        Derek J. Haynes
        Dylan T. de Wit
        Attorneys for Defendants