1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

STEPHANIE DOSS,

          Plaintiff,

   v.

HAYWARD UNIFIED SCHOOL
DISTRICT, et al.,

        Defendants.

Case No.  22-cv-00933-SI

**ORDER DISMISSING COMPLAINT
WITH LEAVE TO AMEND**

Re: Dkt. No. 21

Before the Court is defendants' motion to dismiss plaintiff's amended complaint for failure to state a claim upon which relief can be granted.  Dkt. No. 21.  Having considered the parties' briefing, the arguments conducted on August 12, 2022, and plaintiff's supplemental authorities submitted on August 19, 2022, the Court hereby **GRANTS** the motion with leave to amend.

**BACKGROUND**

**A.  Factual Background**

Stephanie Doss is the mother of Plaintiff J.D. and brings this action on his behalf.  Dkt. No. 19 ¶ 5.  J.D. is a student at Mt. Eden High School, a public school in Hayward, California, which is part of the Hayward Unified School District (HUSD).  *Id.* ¶ 3.  At Mt. Eden, J.D. was a student in a math class taught by Defendant Gary Cao.  *Id.* at ¶¶ 17-18.  Cao provided a recommendation for J.D.'s application to Moreau Catholic High School (Moreau), a private school also located in Hayward.  *Id.* at ¶¶ 17, 28.  J.D. was admitted to Moreau in early 2021.  *Id.*

J.D. alleges that he sought help from a math tutor because he was struggling in Cao's class.  *Id.* at ¶ 18.  According to J.D., the tutor showed him a new way to solve a particular math problem;

when J.D. used that method on an exam, Cao accused him of cheating using the *Photo Math* app. *Id.* ¶¶ 19-22.  Terrance Christianson, the assistant principal and head of the Math Department at Mt. Eden, called Doss to discuss the cheating allegation.  *Id.* ¶ 25.  J.D. maintains that he had never heard of or used the *Photo Math* app.  *Id.* at ¶ 26.  He alleges that the accusation was made "without proof or any grounds for it" and that HUSD failed to follow its Uniform Disciplinary Guidelines. *Id.* ¶¶ 25, 27.

Following this incident, Cao withdrew his recommendation and told Moreau J.D. had cheated on the exam and plagiarized information.  *Id.* ¶¶ 28-29.  Moreau then rescinded their offer of admission.  *Id.* ¶29.

J.D. alleges that he and his mother tried "[o]n multiple occasions" to contact HUSD about Cao's actions and that HUSD said it would resolve the issue internally but "[n]othing was done." *Id.* ¶¶ 30-31.  Doss filed a complaint in April 2021; in response, HUSD found the Doss's allegations against Cao "unsubstantiated."  *Id.* ¶¶ 32-33.  Plaintiff argues that defendants' actions prevented him from attending Moreau, harming his future academic and professional success as well as his mental well-being.  *Id.* ¶¶ 34-36.  He also argues defendants' actions were discriminatory.  *Id.*

### B.   Procedural History

Plaintiff filed a Complaint on February 15, 2022.  Dkt. No. 1.  After meeting and conferring with Plaintiff, Defendants moved for dismissal on May 4, 2022.  Dkt. No. 18.  Plaintiff filed the First Amended Complaint (FAC) on May 18.  Dkt. No. 19.  In the FAC, Plaintiff brings (1) a § 1983 claim against Cao for violations of the Fifth and Fourteenth Amendment, (2) a § 1983 claim against HUSD for violations of the Fifth and Fourteenth Amendment, (3) a claim against both defendants for negligence, and (4) a claim against Cao for tortious interference with contract.  Dkt. No. 19 at ¶¶ 41-77.  Defendants filed the instant motion to dismiss on June 1, 2022.  Dkt. No. 21.  Plaintiff opposes the motion and requests leave to amend if the Court finds any deficiencies.  Dkt. No. 24. The Court held a hearing on the motion to dismiss on August 12, 2022.  Dkt. No. 32.  At the hearing, plaintiff raised for the first time an argument that the defendants had violated the Family Educational Rights and Privacy Act (FERPA), 20 U.S.C. § 1232g.  Following the hearing, plaintiff submitted

2

1    supplemental authority.  Dkt. No. 33

2

3                              **LEGAL STANDARD**

4          Federal Rule of Civil Procedure 12(b)(6) provides for dismissal for "failure to state a

5    complaint upon which relief can be granted."  To survive a motion to dismiss, a complaint must

6    provide "not only 'fair notice' of the nature of the claim, but also 'grounds' on which the complaint

7    rests. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 & n.3 (2007) (citation omitted).  For the

8    purposes of deciding a motion to dismiss, the Court must accept the facts in the complaint as true

9    but "[t]hreadbare recitals of the elements, supported by mere conclusory statements, do not suffice."

10   *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  To survive a 12(b)(6) motion, the "complaint must

11   contain sufficient factual mater, accepted as true, to 'state a claim to relief that is plausible on its

12   face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S.

13   544 (2007)).  Unlike facts, legal conclusions are "not entitled to the assumption of truth." *Id.*

14         Dismissal without leave to amend is proper only if the Court "determines that the pleading

15   could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127

16   (9th Cir. 2000) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

17

18                              **DISCUSSION**

19   **I.    Plaintiff's first and second causes of action are dismissed because plaintiff fails to**
            **adequately plead a due process violation.**

20         Plaintiff's first and second claims for relief are brought under Section 1983 of the Civil

21   Rights Act of 1871 for alleged violations of plaintiff's due process rights under the Fifth and

22   Fourteenth Amendments.  Dkt. No. 19 at ¶¶ 41-61.  "To make out a cause of action under section

23   1983, plaintiffs must plead that (1) the defendants acting under color of state law (2) deprived

24   plaintiffs of rights secured by the Constitution or federal statutes." *Williams v. California*, 764 F.3d

25   1002, 1009 (quoting *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986).  Plaintiff alleges

26   he had a property interest in his offer of admittance to Moreau and a "privacy interest in information

27   about his educational status with respect to the allegations of cheating against the Plaintiff." *Id.* at

28   ¶¶ 55-56.  He alleges that he was deprived of these interests without due process when Cao relayed

United States District Court
Northern District of California

                                              3

the cheating allegations to Moreau.

Plaintiff's Fifth Amendment claims fail because "the Fifth Amendment's due process clause only applies to the federal government." *Bingue v. Prunchak*, 512 F.3d 1169, 1174 (9th Cir. 2008). Because Cao and HUSD are not federal government actors, plaintiff has no cause of action under the Fifth Amendment. *Id.* Plaintiff's Fifth Amendment claims are dismissed.

That leaves plaintiff's Fourteenth Amendment due process claims. To state a due process claim, a plaintiff must show "(1) a liberty or property interest protected by the Constitution; (2) a deprivation of the interest by the government; [and] (3) lack of process." *Shanks v. Dressel*, 540 F.3d 1082, 1090-91 (9th Cir. 2008) (quoting *Portman v. County of Santa Clara*, 995 F.2d 898, 904 (9th Cir.1993)).

### A. Property Interest

Plaintiff alleges a property interest in "his contractual offer of admittance to Moreau." Dkt. No. 19 ¶ 55. Defendants argue that there is no property right in admittance to a private school. Dkt. No. 21 at 5-6. Plaintiff's claim fails because there is no property interest in attendance at a private school. *Massey v. Biola Univ., Inc.*, 2020 WL 5898804, at *10 (C.D. Cal. Aug. 21, 2020), *report and recommendation adopted*, 2020 WL 6161451 (C.D. Cal. Oct. 20, 2020), *aff'd*, No. 20-56128, 2022 WL 671021 (9th Cir. Mar. 7, 2022) ("Attendance at a private school is not a cognizable liberty or property interest under the Due Process Clause.").

Plaintiff argues that he has a property interest because parents have a constitutional right to select private schools for their children. Dkt. No. 24 at 4. Plaintiff cites *Pierce v. Soc'y of the Sisters of the Holy Names of Jesus & Mary*, in which the Supreme Court struck down an Oregon law requiring attendance at public schools. 268 U.S. 510, 534-35 (1925). However, *Pierce* stands for the proposition that states cannot mandate attendance at public schools. *Id.* It does not create a property interest in attendance at a particular private school. *See id.*

Plaintiff also argues that he had a property right in his admission to Moreau because admission had already been granted and was no longer "a unilateral expectation." Dkt. No. 24 at 3-4. But for a benefit to give rise to a property interest, the benefit must be "created and . . . defined

4

by existing rules or understandings that stem from an independent source such as state law." *Town of Castle Rock, Colo. v. Gonzales*, 545 U.S. 748, 756 (2005); *see Prime H*.  Although plaintiff has pled that he was admitted to Moreau, he has not pled any facts or law to support his contention that he was entitled to the admission.  *See id.* At the hearing on August 12, the Court requested plaintiff to submit additional authority to support plaintiff's claim that there is a property right in admission to a private high school.  Dkt. No. 32.  While plaintiff submitted supplemental authority showing that there is a property interest in *public* education, he did not submit support for his contention that there is a property interest in *private* education.  *See* Dkt. No. 33.

Even if plaintiff had a constitutionally protected property interest in attendance at Moreau, he has not adequately pled that the deprivation of property – in this case, the revocation of admission – was state action.  *See Rendell-Baker v. Kohn*, 457 U.S. 830, 838 ("If the action of the respondent [private] school is not state action, our inquiry ends.")  A Fourteenth Amendment violation "can arise only by way of state action."  *Rawson v. Recovery Innovations, Inc.*, 975 F.3d 742, 747 (9th Cir. 2020).  And "interest in reputation alone" is not a liberty or property interest protected by the Due Process Clause of the Fourteenth Amendment.  *Paul v. Davis*, 424 U.S. 693, 711 (1976).  In *Paul v. Davis*, the Supreme Court found no due process violation even where the government's publication of false criminal accusations against a photographer would "seriously impair his future employment opportunities."  *Id.* at 696.  The Court held that the state's "defamatory publications, however seriously they may have harmed [plaintiff's] reputation, did not deprive him of any 'liberty' or 'property' interests protected by the Due Process Clause."  *Id.* at 712.

The question, then, is not whether the damaging statement was state action, but whether the revocation of admission to Moreau was state action.  Plaintiff alleges that Moreau revoked their offer of admission "[a]s a result of Defendant Cao's false allegations." Dkt. No. 19 ¶ 29.  The Ninth Circuit has identified four tests for state action: "(1) public function; (2) joint action; (3) governmental compulsion or coercion; and (4) governmental nexus."  *Id.*

The "public function" test is met when the entity causing the action serves a function that has "traditionally been the *exclusive* prerogative of the State."  *Rendell-Becker v. Kohn*, 457 U.S. 830, 842 (1982).  In *Rendell-Baker v. Kohn*, the Supreme Court held that "education of maladjusted

5

1    high school students is a public function" but not "the exclusive province of the state."  457 U.S.

2    830, 842 (1982).  Here, as in *Rendell-Baker*, Moreau Catholic School performs a function that is

3    sometimes but not exclusively performed by the state.  The public function test is not met.  *See id.*

4        The "joint action" test requires conspiracy or joint action between the private entity and the

5    state.  *Franklin v. Fox*, 312 F.3d 423, 445 (9th Cir. 2002).  Cases in the Ninth Circuit "require a

6    substantial degree of cooperation before imposing civil liability" to prevail under this test.  *Id.* at

7    445. Plaintiff has alleged only that Cao made damaging statements and Moreau reacted to them, not

8    that there was any conspiracy between Cao and Moreau.  *See* Dkt. No. 19 ¶ 29.

9        Plaintiff has not alleged that the government compelled or coerced Moreau, merely that the

10   government made statements that were harmful to plaintiff's reputation and Moreau reacted

11   adversely to those statements.  *Id.*

12       Finally, there is a governmental nexus where "there is such a close nexus between the State

13   and the challenged action that the seemingly private behavior may be fairly treated as that of the

14   State itself."  *Kirtley v. Rainey*, 326 F.3d 1088, 1095 (9th Cir. 2003).  Plaintiff has pled no such

15   nexus.  See Dkt. No. 19 ¶ 29.

16       Plaintiff does not plead sufficient facts to show that the deprivation was compelled or

17   coerced by the government or otherwise constituted state action.  Because plaintiff has not

18   sufficiently pled that he had a property right in admission to Moreau or that the revocation of his

19   admission was done under color of state law, plaintiff's claims based on a deprivation of his right

20   to property are dismissed.

21

22               **B.  Privacy Interest**

23       Plaintiff also alleges a privacy interest in information concerning the cheating allegations.

24   *Id.* ¶¶ 45, 56.  The Ninth Circuit has recognized a right to privacy protecting "the individual interest

25   in avoiding disclosure of personal matters."  *Marsh v. County of San Diego*, 680 F.3d 1148, 1153

26   (9th Cir. 2012).  This protection has been applied to such private information as death images of a

27   family member, *id.* at 1154, personal sexual matters, *Thorne v. Cty of El Segundo*, 726 F.2d 459,

28   468 (9th Cir. 1983), medical information, *Norman-Bloodsaw v. Lawrence Berkeley Laboratory*, 135

United States District Court
Northern District of California

6

F.3d 1260, 1269 (9th Cir. 1998), and financial information including social security numbers, *In re Crawford*, 194 F.3d 954, 958 (9th Cir. 1999).  But the allegation that plaintiff cheated on a math test does not begin to approach the level of intimacy of these examples.  The Supreme Court has found no privacy interest in a shoplifting charge.  *Paul v. Davis*, 424 U.S. 693, 713 (1976).  In fact, because plaintiff alleges the allegation is false, the court looks not to privacy but to reputational harms.

The Fourteenth Amendment does protect against some reputational harms, but only where the plaintiff meets the "stigma plus" test by showing "the public disclosure of a stigmatizing statement by the government, the accuracy of which is contested, *plus* the denial 'of some more tangible interest[] such as employment,' or the alteration of a right or status recognized by state law."  *Ulrich v. City & Cnty. of San Francisco*, 308 F.3d 968, 982 (9th Cir. 2002) (quoting *Paul v. Davis*, 424 U.S. 693, 701, 711 (1976)).  It is not enough for the government to cause a reputational harm which then has an adverse effect on the plaintiff.  *Paul v. Davis*, 424 U.S. at 711 (1976).  Because plaintiff has not pled deprivation *by the government* in addition to the public disclosure, the stigma test is not met.  *See Paul*, 424 U.S. at 695, 713 (rejecting Fourteenth Amendment claim for reputational harms caused by police publishing accusation plaintiff shoplifted).

Plaintiff argued at the hearing on August 12 that the disclosure of cheating allegations violated the FERPA.  *See* Dkt. No. 32.  However, plaintiff's FAC fails to mention FERPA.  *See* Dkt. No. 19.  Because a violation of FERPA is not pled, it cannot be the basis for a claim.

Plaintiff's claims based on deprivation of a privacy right are therefore dismissed.

Defendants move to dismiss plaintiff's due process claims on several other grounds; because the Court finds that plaintiff has not adequately pled a deprivation of his due process rights, the Court does not evaluate those claims.

## II.   Having dismissed plaintiff's federal claims, the Court declines to exercise jurisdiction over plaintiff's state law claims.

Plaintiff also brings state law claims for negligence and tortious interference with contract. Dkt. No. 19 ¶¶ 62-77.  Because plaintiff's federal claims are without merit, the Court declines to exercise supplemental jurisdiction over the state law claims.  *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) ("Certainly, if the federal claims are dismissed before trial . . . the state

United States District Court
Northern District of California

1      claims should be dismissed as well.).

2

3                                        **CONCLUSION**

4          For the reasons discussed above, plaintiff's first and second causes of action are

5 **DISMISSED** without prejudice. **Plaintiff shall file a second amended complaint on or before**

6 **October 10, 2022. Failure to do so will result in the dismissal of the complaint WITH**

7 **PREJUDICE.**

8          The Court declines to rule on defendant's motion to dismiss with respect to the state court

9 causes of action because, in the event federal claims are dismissed, the Court would not extend

10 jurisdiction over the state law claims.

11          **IT IS SO ORDERED**.

12 Dated: September 12, 2022

13

14                                         SUSAN ILLSTON
                                        United States District Judge

*United States District Court*
*Northern District of California*

8