Keith Altman, Esq. (CBN. 257309)
**THE LAW OFFICE OF KEITH ALTMAN**
33228 West 12 Mile Road, Suite 375
Farmington Hills, Michigan 48331
Telephone: (248) 987-8929
Email: keithaltman@kaltmanlaw.com

*Attorney for Plaintiffs*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## OAKLAND DIVISION

| | |
|---|---|
| **STEPHANIE DOSS as Natural Parent and *General Guardian* for J.D. her minor son,**<br><br>*PLAINTIFFS*,<br><br>v.<br><br>**HAYWARD UNIFIED SCHOOL DISTRICT, in its official capacity, GARY CAO, in his individual capacity, and DOES 1-20, inclusive.**<br><br>*DEFENDANTS*. | Case No. 3:22-cv-00933<br><br><u>SECOND AMENDED COMPLAINT</u><br><br><u>JURY TRIAL DEMAND</u> |

1

## I.   <u>INTRODUCTION</u>

1.   This is an action arising from discriminatory acts against Plaintiff J.D. caused him to lose his admission status to a prestigious school seeking damages for Negligence and Tortious Interference with a Contract. Defendants' individual and collective acts also violated due process rights violations under 42 U.S.C. §1983.

## II.   <u>PARTIES</u>

2.   Plaintiff J.D. ("Plaintiff") is a student at Mt. Eden High School, located in Hayward, California, and part of the Hayward Unified School District. Plaintiff is a citizen of California.

3.   At all times relevant to this Complaint, Plaintiff was, and is presently, a minor child.

4.   Stephanie Doss ("Doss") is Plaintiff's natural mother and J.D.'s natural parent and *general guardian*. This Complaint is filed by and through Doss with the consent of Plaintiff pursuant to Federal Rule of Civil Procedure 17 (c)(1)(A).

5.   Defendant Hayward Unified School District ("HUSD") is a public school district located in the City of Hayward, County of Alameda, in California. Mt. Eden High School is a school within HUSD. HUSD has received federal funding at all times relevant to this litigation.

6.    Defendant Gary Gao is a citizen of the state of California and is now and at all relevant times has been a math teacher at Mt. Eden High School and an employee of HUSD.

7.    Defendants DOES 1-20 (hereafter "DOE DEFENDANTS") are citizens of the state of California and are individuals who are or were employed by HUSD at all times relevant to this action. The names and job titles of the DOE DEFENDANTS are currently unknown.

### III.    JURISDICTION & VENUE

8.    This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §1331, which provides district courts with jurisdiction over civil actions arising under the United States Constitution or laws of the United States.

9.    In accordance with 28 U.S.C. § 1367, this Court also has supplemental jurisdiction over Plaintiff's state law claims.

10.    This Court properly exercises personal jurisdiction over Defendant HUSD because it is domiciled within the Northern District of California.

11.    This Court properly exercises personal jurisdiction over Defendant CAO because he is domiciled within the Northern District of California.  Furthermore, Defendant CAO was an employee of HUSD at all relevant times herein and personally violated

certain laws, rights, and policies, the effects of which were felt in the Northern District of California.

12.   This Court properly exercises personal jurisdiction over DOE DEFENDANTS because they are domiciled within the Northern District of California.  Furthermore, DOE DEFENDANTS were employees of HUSD at all relevant times herein and personally violated certain laws, rights, and policies, the effects of which were felt in the Northern District of California.

13.   This action is properly venued in the United States District Court for the Northern District of California because Defendants are located within this district and all violations alleged by Plaintiff transpired on the Mt. Eden High School campus in Hayward, California, located within this district.

## IV.   <u>FACTUAL ALLEGATIONS</u>

14.   Plaintiff is a successful student with primarily As and Bs in his classes.

15.   At the beginning of 2021, Plaintiff had been admitted to Moreau Catholic High School ("Moreau"), a prestigious private school with a great reputation and learning opportunities, located in Hayward, California.

16.   During the same time period, Plaintiff was struggling with a math class taught by Defendant Mr. Gary Cao. Motivated to improve his grades in this class, Plaintiff enlisted the help of an outside math tutor.

17. In the tutoring sessions, his tutor showed Plaintiff a way to solve a certain math problem that was different than taught in Defendant Cao's class.

18. The alternative method of solving the math equations taught by Plaintiffs tutor allowed Plaintiff to be successful in comprehending and executing the equations.

19. Plaintiff put what he had learned from the tutoring to use during a math exam in Defendant Cao's class.

20. After handing in the exam, Defendant Cao claimed that he had never taught this way to solve the mathematical problem that Plaintiff used to complete the exam. Therefore, Defendant Cao concluded that Plaintiff must have cheated on the exam.

21. More specifically, Defendant Cao claimed that Plaintiff had used the *Photo Math* app (a computer program designed to help people perform an activity) to solve the problems on the exam because the app used a way similar to that used by Plaintiff to solve problems.

22. Defendant Cao made this accusation without proof or any grounds for it.

23. Terrance Christianson, Assistant Principal and Head of Math Department, called Doss, Plaintiff's mother, to share the accusations.

24. Neither Plaintiff nor his mother, Doss, have ever heard of, or used, the *Photo Math* app referenced by Defendant Cao.

25. Defendant HUSD failed to follow their Uniform Disciplinary Guidelines.

26.  In response to Doss' contact with Terrance Christianson, Defendant Cao contacted Moreau and withdrew his previous recommendation of Plaintiff.

27.  Additionally, Defendant Cao told Moreau that Plaintiff had cheated on his exam and that he had plagiarized information. As a result of Defendant Cao's false allegations, Moreau rescinded their contractual offer of admission to Plaintiff.

28.  On multiple occasions, Plaintiff, and his mother Doss, tried reaching out to Defendant HUSD about the actions of Defendant Cao.

29.  Defendant HUSD claimed that they would resolve the issues raised by Doss with Defendant Cao internally. Nothing was done.

30.  In April 2021, and given the continued discriminatory behavior of Defendant Cao, Doss filed a written complaint with Defendant HUSD.

31.  In response to Doss' Complaint, Defendant HUSD found the allegations against Defendant Cao unsubstantiated.

32.  This unfair, inappropriate, and discriminatory treatment toward Plaintiff prevented him from attending the prestigious Moreau Catholic High School, a school that had already approved Plaintiff's admission before Defendant Cao's false allegations.

33.  But for the unfair, inappropriate, and discriminatory treatment by Defendants, Plaintiff would have been able to follow through on the contract between Plaintiff and Moreau Catholic High School continuing to advance his education at an

institution that would have better positioned him for continued academic and professional success into the future.

34.  These events have a profoundly negative impact on Plaintiff's mental well-being. Plaintiff has been severely emotionally injured by the false allegations and discrimination that he experienced at the hands of Defendants while he was their student.

**Respondeat Superior and Agency**

35.  Under federal and California law, an employer may be vicariously liable for an employee's actions when they are acting within the scope of their employment on behalf of their employer.

36.  At all times relevant to this action, Defendant Cao and DOE Defendants were employed by HUSD. The acts and omissions of Defendant Cao and DOE Defendants were undertaken within the scope of their employment with HUSD.

37.  At the time of this Complaint, only the individual Defendants themselves are aware of the exact role that each individual Defendant played in the events that are the subject of the lawsuit. For this reason, only the individual Defendants know at which times each Defendant acted in a manner that exceeded the scope of their duties in their official capacities and at which each Defendant acted in a manner that was within the scope of their duties in their official capacities.

## V.   <u>CAUSES OF ACTION</u>

**FIRST COUNT - VIOLATION OF 42 U.S.C. § 1983**
**Fourteenth Amendments – Due Process**
<u>**(As to Defendant CAO)**</u>

38. Plaintiff incorporates by reference every preceding allegation as if specifically set forth herein.

39. The Fourteenth Amendment of the U.S. Constitution provides, in pertinent part, that "no person shall be deprived of life, liberty, or property without due process of law."

40. Plaintiff has a clearly established constitutionally protected property interest in his education at Moreau Catholic High School.

41. Plaintiff gained admittance to Moreau, and thus a secured property interest in his education at Moreau Catholic High School.  Plaintiff thus had a constitutionally protected property interest in attending Moreau Catholic High School.

42. Defendant CAO's actions were intertwined with that of the State as he was acting on behalf of HUSD when violating Plaintiff's due process rights.

43. In addition, Plaintiff had a constitutionally protected liberty interest in his freedom to pursues an education at Moreau Catholic High School.

44. Defendant CAO's actions, being intertwined with the State, inflicted reputational damage to Plaintiff which continues to cause Plaintiff harm as he is unable to receive the education provided by Moreau Catholic High School and thus likely unable to

attend his post-secondary education of choice and follow the career path Plaintiff was entitled to pursue.

45. Given that Defendant Cao's accusations of cheating and plagiarism against Plaintiff, jeopardized his ability to attend an academic institution of his choosing, Plaintiff was entitled to a fair and impartial process from which to determine whether the accusations of his cheating were true and, if so, what consequences should follow.

46. Plaintiff was entitled to a process with a systematic method for evaluating Plaintiff's actions as well as clear standards of culpability concerning the specific violation levied against him.   Anything less amounts to an arbitrary disciplinary process subject only to the whims of one single teacher, Defendant Cao.

47. Plaintiff had a right to have the accusations of cheating thoroughly investigated and only communicated to third parties, if found proven guilty.

48. Plaintiff had a federally protected right to have his educational documents remain private under FERPA.

49. The disciplinary process to which Plaintiff was subjected was devoid of due process for the following reasons:

   a. Defendant Cao derived his allegations that Plaintiff had cheated from mere speculation.

   b. Defendant Cao had no proof Plaintiff had plagiarized.

c.  Further, Defendant Cao took no action to seek proof of Plaintiff's alleged plagiarism.

d.  Had Defendant Cao sought proof of his speculation, Defendant Cao would have concluded that no plagiarism had occurred.

e.  Defendant Cao falsely told Moreau that Plaintiff had cheated and plagiarized.

f.  Defendant Cao did not let Plaintiff defend himself against the allegations

g.  Defendant Cao refused to take any of Plaintiff's evidence into consideration.

h.  Instead of granting Plaintiff a fair process of evaluating the allegations, Defendant Cao, on his own malicious accord, went straight to Moreau to communicate his false claims against Plaintiff.

i.  Defendant Cao represented himself to Moreau as Plaintiff's teacher and falsely represented actions that occurred within HUSD knowing that Moreau was likely to act on Defendant Cao's false misrepresentations.

50.  When the events contained in this Complaint occurred, Defendant Cao was acting under the color of law.

51.  Defendant Cao was aware that Plaintiff was entitled to a fair and impartial determination of the merits of the allegations against Plaintiff.

52. DOE Defendants contributed to Plaintiff's constitutional deprivations in a manner to be determined through the course of litigation.

53. As a direct and proximate result of Defendant's actions, Plaintiff suffered emotional injury, humiliation, as well as a change in legal status as an admitted student to Moneau Catholic School to a non-admitted student which resulted in a serious setback to Plaintiff's desired academic and professional career justifying the need for injunctive relief.

**WHEREFORE**, Plaintiff requests that this Court grant him relief as follows:

a. Compensatory damages for humiliation, mental anguish, and emotional distress.

b. Punitive damages against the Defendants.

c. Attorneys' fees.

d. Costs of the suit.

e. Injunctive relief in the form of:

i. Reinstating Plaintiff's admission to Moreau Catholic High School;

ii. Removing and/or expunging any records that indicate or allege any misconduct by Plaintiff arising from the events described within this complaint;

f. Such other relief as the Court may deem proper

**SECOND COUNT – VIOLATION OF 42 U.S.C. § 1983**
**Fourteenth Amendments – Monell Claim**
**(As to Defendant HUSD)**

54. Plaintiff incorporates by reference every preceding allegation as if specifically set forth herein.

55. The Fourteenth Amendment of the U.S. Constitution provides, in pertinent part, that "no person shall be deprived of life, liberty, or property without due process of law."

56. Plaintiff has a clearly established constitutionally protected property and liberty interest in his education at Moreau Catholic High School.

57. In addition, Plaintiff had a constitutionally protected privacy interest in information about his educational status with respect to the allegations of cheating against Plaintiff.

58. Plaintiff had a federally protected right to have his educational documents remain private under FERPA.

59. Defendant CAO deprived Plaintiff of his constitutional rights with full knowledge and consent of HUSD.

60. Plaintiff sought resolution of Defendant Cao's actions under HUSD policies and procedures.

61. Defendant Cao and Defendant HUSD knowingly failed to investigate and resolve the misrepresentation under their policies.

62. This inaction is a direct result of Defendant's deliberate indifference to the violations of Plaintiff's constitutional rights.

63. Defendant HUSD had the opportunity to prevent Defendant CAO from depriving Plaintiff of his constitutional rights but failed to do so.

64. Therefore, Defendant CAO deprived Plaintiff of his constitutional rights as a result of official acquiescence and custom on the part of HUSD.

65. As a direct and proximate result of Defendant's actions, Plaintiff suffered emotional injury, humiliation, as well as a change in legal status as an admitted student to Moneau Catholic School to a non-admitted student which resulted in a serious setback to Plaintiff's desired academic and professional career justifying the need for injunctive relief.

**WHEREFORE**, Plaintiff requests that this Court grant him relief as follows:

   a.  Compensatory damages for humiliation, mental anguish, and emotional distress.

   b.  Punitive damages against the Defendants.

   c.  Attorneys' fees.

   d.  Costs of the suit.

   e.  Injunctive relief in the form of:

        i.  Reinstating Plaintiff's admission to Moreau Catholic High School;

ii.   Removing and/or expunging any records that indicate or allege any misconduct by Plaintiff arising from the events described within this complaint;

f.   Such other relief as the Court may deem proper

## THIRD COUNT – FAMILY EDUCATIONAL RIGHTS AND PRIVACY ACT

66.   Plaintiff incorporates by reference every preceding allegation as if specifically set forth herein.

67.   Student disciplinary records are protected as educational records under 20 U.S.C. §1232.

68.   Defendant Cao contacted Moreau Catholic High School in which time he withdrew his previous recommendation of Plaintiff.

69.   Defendant Cao told Moreau that Plaintiff had cheated on his exam and that he had plagiarized information.

70.   As a result of Defendant Cao's false allegations, Moreau rescinded their contractual offer of admission to Plaintiff.

71.   Plaintiff has a clearly established constitutionally protected right in the privacy of his disciplinary records.

72.   Defendant CAO deprived Plaintiff of his constitutional rights with full knowledge and consent of HUSD.

73. Defendant HUSD had the opportunity to prevent Defendant CAO from depriving Plaintiff of his constitutional rights but failed to do so.

74. As a direct and proximate result of Defendant's actions, Plaintiff suffered emotional injury, humiliation, as well as a change in legal status as an admitted student to Moneau Catholic School to a non-admitted student which resulted in a serious setback to Plaintiff's desired academic and professional career justifying the need for injunctive relief.

**WHEREFORE**, Plaintiff requests that this Court grant him relief as follows:

g.  Compensatory damages for humiliation, mental anguish, and emotional distress.

h.  Punitive damages against the Defendants.

i.  Attorneys' fees.

j.  Costs of the suit.

k.  Injunctive relief in the form of:

    i.  Reinstating Plaintiff's admission to Moreau Catholic High School;

    ii.  Removing and/or expunging any records that indicate or allege any misconduct by Plaintiff arising from the events described within this complaint;

l.  Such other relief as the Court may deem proper

## FOURT COUNT - NEGLIGENCE

75.    Plaintiff incorporates by reference every preceding allegation as if specifically set forth herein.

76.    Defendant Cao owed Plaintiff a duty of reasonable care.  In conformity with his duty of reasonable care, Defendant Cao:

      a.  Had a duty not make accusations against Plaintiff that Defendant Cao knew or should have known were false.

      b.  Had a duty not to undermine Plaintiff's ability to attend Moreau Catholic High School without good cause.

77.    DOE Defendants owed Plaintiff a duty of reasonable care.  In conformity with his duty of reasonable care, DOE Defendants:

      a.  Had a duty not to undermine Plaintiff's ability to attend Moreau Catholic High School without good cause.

78.    Defendant Cao breached his duty of reasonable care to Plaintiff when he made false accusations of cheating against Plaintiff.  Defendant Cao had no grounds or evidence for this claim.

79.    Defendant Cao further breached his duty of reasonable care to Plaintiff when he withdrew his endorsement of Plaintiff and communicated his false allegations of

cheating to Moreau Catholic High School.  Defendant Cao did not have good cause to jeopardize Plaintiff's educational future.

80.   Defendant Cao had no evidence for his accusations of cheating and plagiarism against Plaintiff and thus should have known they were false.

81.   It was foreseeable that Moreau Catholic High School would withdraw Plaintiff's admission when Defendant Cao withdrew his endorsement of Plaintiff and communicated his false accusations to Moreau.

82.   By communicating false accusations of cheating to Moreau and withdrawing his endorsement of Plaintiff to Moreau, Defendant Cao directly and proximately caused Plaintiff to lose his enrollment at Moreau Catholic High School.

83.   The actions of the DOE Defendants were negligent in a manner that will be determined through the course of litigation.

84.   As a direct and proximate result of Defendant Cao's actions, Plaintiff suffered damages in the form of emotional injury and humiliation.

**WHEREFORE**, Plaintiff requests that this Court grant him relief as follows:

   a.  Compensatory damages for humiliation, mental anguish, and emotional distress.

   b.  Punitive damages against the Defendants.

   c.  Attorneys' fees.

   d.  Costs of the suit.

e.  Injunctive relief in the form of:

i.  Reinstating Plaintiff's admission to Moreau Catholic High School;

ii.  Removing and/or expunging any records that indicate or allege any misconduct by Plaintiff arising from the events described within this complaint;

f.  Such other relief as the Court may deem proper

## FIFTH COUNT – TORTIOUS INTERFERENCE WITH A CONTRACT

85.  Plaintiff incorporates by reference every preceding allegation as if specifically set forth herein.

86.  Plaintiff had a valid contract with Moreau Catholic High School whereby Moreau offered Plaintiff admittance to their high school program and Plaintiff had accepted. Plaintiff's admittance to Moreau was offered in exchange for consideration in the form of promises to pay tuition.

87.  Defendant Cao was aware of the contract between Moreau and Plaintiff, as evidenced by Defendant Cao's previous endorsement of Plaintiff for admittance to Moreau.

88. Defendant Cao undertook the following intentional actions for the purpose of disrupting the contract between Moreau and Plaintiff

    a. Communicating false accusations of cheating and plagiarism against Plaintiff to Moreau;

    b. Withdrawing his endorsement of Plaintiff to Moreau

89. As a result of Defendant Cao's actions, the contractual relationship between Moreau and Plaintiff was disrupted and Moreau withdrew their admittance of Plaintiff to their High School program

90. As a direct and proximate result of Defendant Cao's actions, Plaintiff suffered damages in the form of emotional injury and humiliation.

    **WHEREFORE**, Plaintiff requests that this Court grant him relief as follows:

    a. Compensatory damages for humiliation, mental anguish, and emotional distress.

    b. Punitive damages against the Defendants.

    c. Attorneys' fees.

    d. Costs of the suit.

    e. Injunctive relief in the form of:

        i. Reinstating Plaintiff's admission to Moreau Catholic High School;

    ii.  Removing and/or expunging any records that indicate or allege any misconduct by Plaintiff arising from the events described within this complaint;

f.  Such other relief as the Court may deem proper

## <u>JURY TRIAL DEMANDED</u>

Plaintiff hereby demands a trial by jury on all issues stated in this action.

Dated: October 10, 2022      Respectfully Submitted,

Keith Altman, Esq. (State Bar No. 257309)
THE LAW OFFICE OF KEITH ALTMAN
33228 West 12 Mile Road, Suite 375
Farmington Hills, Michigan 48331
Telephone: (248) 987-8929
Email: keithaltman@kaltmanlaw.com

*Attorney for Plaintiffs*

## **VERIFICATION**

I, the undersigned, certify and declare that I have read the foregoing Second Amended Complaint, and know its contents. I am the attorney for the Plaintiffs in this action. Such parties are absent from the county where I have my office and are unable to verify the document described above. For that reason, I am making this verification for and on behalf of the Plaintiffs. I am informed and believe on that ground allege the matters stated in said document are true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.


Executed on October 10, 2022, at Farmington Hills, Michigan.



Keith Altman, Esq. (State Bar No. 257309)