**PORTER | SCOTT**
A PROFESSIONAL CORPORATION
Derek J. Haynes, SBN 264621
dhaynes@porterscott.com
350 University Avenue, Suite 200
Sacramento, California 95825
TEL: 916.929.1481
FAX: 916.927.3706

Attorneys for Defendants
HAYWARD UNIFIED SCHOOL DISTRICT and GARY CAO (employee of Hayward Unified School District*)*
***Exempt from Filing Fees Pursuant to Government Code § 6103***

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| STEPHANIE DOSS as Natural Parent and *General Guardian* for J.D. her minor son,<br><br>Plaintiffs,<br><br>v.<br><br>HAYWARD UNIFIED SCHOOL DISTRICT, in its official capacity, GARY CAO, in his individual capacity, and DOES 1-20, inclusive.<br><br>Defendants.<br>_____/ | Case No.: 3:22-cv-00933<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>**DATE:  December 2, 2022**<br>**TIME:  10:00 a.m.**<br>**DEPT:  Courtroom 1 – 17th Floor**<br><br>SAC Filed: 10/10/22<br>FAC Filed: 05/18/22<br>Complaint Filed:  02/15/22 |

**TO PLAINTIFF AND PLAINTIFF'S ATTORNEY OF RECORD:**

**NOTICE IS HEREBY GIVEN** that on December 2, 2022 at 10:00 a.m. or as soon thereafter as the matter may be heard in Courtroom 1 of the above entitled court, located at 450 Golden Gate Avenue, San Francisco, CA 94102, Defendants Hayward Unified School District and Gary Cao will and hereby do move this Court to dismiss Plaintiff's Second Amended Complaint pursuant to Federal Rules of Civil Procedure ("Fed. R. Civ. P.") Rule 12(b)(6) because Plaintiff's Second Amended Complaint fails to state a claim upon which relief can be granted for the following specific reasons:

{02830934.DOCX}

1.      Plaintiff's First and Second Causes of Action under 42 U.S.C. § 1983, for alleged property right deprivations, should be dismissed because there is no constitutional property right to attend private school;

2.      Plaintiff's First and Second Causes of Action under 42 U.S.C. § 1983 should be dismissed because Defendants did not deprive Plaintiff of any constitutionally protected property interest;

3.      Plaintiff's First and Second Causes of Action under 42 U.S.C. § 1983 should be dismissed because Plaintiff did not establish a violation of the constitutional right to privacy;

4.      Plaintiff's First and Second Causes of Action are barred to the extent they are based on alleged violations of the Family Educational Rights and Privacy Act ("FERPA") because FERPA violations do not give rise to liability under 42 U.S.C. § 1983;

5.      Plaintiff's First and Second Causes of Action under 42 U.S.C. § 1983 should be dismissed because Defendants are entitled to Eleventh Amendment immunity;

5.      Plaintiff's First Cause of Action against Cao is barred because Cao is entitled to qualified immunity;

6.      Plaintiff's Second Cause of Action, for alleged *Monell* liability against the District, is barred because there was no underlying constitutional violation;

8.      Plaintiff's Second Cause of Action, for alleged *Monell* liability against the District, should be dismissed because Plaintiff failed to plead sufficient facts to recover under *Monell*;

9.      Plaintiff's Third Cause of Action, for an alleged violation of FERPA, fails because there is no private right of action under FERPA;

10.     Plaintiff's Fourth and Fifth Causes of Action are barred for failure to comply with the Government Claims Act;

11.     Plaintiff's Fourth Cause of Action, for negligence against Cao, should be dismissed because Plaintiff failed to plead sufficient facts to show that Cao breached any duty owed to Plaintiff; and

12.     Plaintiff's Fifth Cause of Action, for tortious interference with contract, should be dismissed because Plaintiff failed to plead sufficient facts to show that Cao knew of any contract, that Cao prevented performance of that contract or that Cao intended to interfere with performance.

This Motion to Dismiss is based on this Notice of Motion and Motion, the supporting

{02830934.DOCX}

1     Memorandum of Points and Authorities, the supporting Declaration and exhibits, and any other pleadings,

2     evidence or legal arguments that may be presented at the time of the hearing to the extent one is held.

{02830934.DOCX}

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND
AUTHORITIES

# **TABLE OF CONTENTS**

I.      INTRODUCTION ................................................................................1

II.     FACTUAL BACKGROUND.............................................................2

        A. Alleged Facts...............................................................................2

        B. Meet-and-Confer Efforts and Procedural Status .......................2

III.    PLAINTIFF CANNOT RECOVER ON THE FIRST CAUSE OF ACTION ...................4

        1. Plaintiff's First Claim for Relief Should Be Dismissed to the Extent it is Based
           on an Alleged Violation of his Constitutional Right to Property....................4

                1. There is No Constitutional Property Right to Attend Private School..................4

                2. Cao Did Not Deny Plaintiff a Property Right........................................4

        2. There Was No Violation of Plaintiff's Constitutional Right to Privacy...........5

        3. A FERPA Violation Does Not Give Rise to Liability Under 42 U.S.C. § 1983 .............5

        4. Cao is Entitled to Eleventh Amendment Immunity ........................................6

        5. Defendant Cao is Entitled to Qualified Immunity ........................................6

IV.     PLAINTIFF CANNOT RECOVER ON HIS *MONELL* CLAIM AGAINST
        THE DISTRICT...........................................................................7

        1. Plaintiff's Second Cause of Action, for *Monell* Liability, Fails Because there was No
           Underlying Violation ..............................................................................7

        2. Plaintiff Failed to Plead Sufficient Facts to Recover on a *Monell* Claim..................7

        3. The District is Entitled to Eleventh Amendment Immunity .............................8

V.      PLAINTIFF'S THIRD CAUSE OF ACTION FAILS BECAUSE THERE IS NO
        PRIVATE RIGHT OF ACTION UNDER FERPA.................................................8

VI.     PLAINTIFF FAILED TO COMPLY WITH THE GOVERNMENT CLAIMS ACT FOR
        HIS STATE LAW CLAIMS .....................................................................8

VII.    PLAINTIFF CANNOT RECOVER ON HIS NEGLIGENCE CLAIM...............................9

VIII.   CAO DID NOT TORTIOUSLY INTERFERE WITH ANY CONTRACT ....................10

{02830934.DOCX}                                      i

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND
AUTHORITIES

1

IX.      CONCLUSION..................................................................................................11

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ii

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES

1

**<u>TABLE OF AUTHORITIES</u>**

Cases

2

3

*Ashcroft v. Iqbal*
    556 U.S. 662 (2009)................................................................................................................... 8

4

5

*Baines v. Pickwick Ltd. V. City of L.A.*
    72 Cal.App.4th 298 (1999)....................................................................................................... 9

6

7

*Bair v. Krug*
    853 F.2d 672 (9th Cir. 1988) ................................................................................................ 6, 8

8

9

*Belanger v. Madera Unified School Dist.*
    963 F.2d 248 (9th Cir. 1992) ..................................................................................................... 6

10

11

*C.W. v. Capistrano Unified School Dist.*
    784 F.3d 1237 (9th Cir. 2015) .............................................................................................. 6, 8

12

*Cal. Restaurant Mgmt. Systems v. City of San Diego*
    195 Cal.App.4th 1581 (2011) ................................................................................................... 9

13

14

*Carver v. Rathlesberger*
    2005 WL 3080856 (E.D. Cal. Nov. 11, 2005)......................................................................... 5

15

16

*Crow v. State*
    222 Cal.App.3d 192 (1990) ...................................................................................................... 9

17

18

*Crumpton v. Gates*
    947 F.2d 1418 (9th Cir. 1991) .................................................................................................. 4

19

20

*Dailey v. Los Angeles Unified Sch. Dist.*
    2 Cal. 3d 741 (1970) ................................................................................................................. 9

21

22

*Davis v. Bucher*
    853 F.2d 718 (9th Cir. 1988) .................................................................................................... 7

23

*Dougherty v. City of Covina*
    654 F.3d 892 (9th Cir, 2011) .................................................................................................... 7

24

25

*Frazier v. Fairhaven Sch. Comm.*
    276 F.3d 52, 67 (1st Cir.2002).................................................................................................. 8

26

27

*Klein Indep. Sch. Dist. v. Mattox*
    830 F.2d 576 (5th Cir.1987).....................................................................................................8

28

{02830934.DOCX}                                    iii

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND
AUTHORITIES

*Fresno Unified Sch. Dist. v. K.U. ex rel. A.D.U.,*
  980 F. Supp. 2d 1160 (E.D. Cal. 2013) ........................................................................8

*Gonzaga University v. Doe*
  536 U.S. 273, 287-291 (2002) ............................................................................... 5, 8

*Green v. State Ctr. Comm. College Dist.*
  34 Cal.App.4th 1348 (1995) ...............................................................................9

*Julian v. Mission Community Hospital*
  11 Cal.App.5th 360 (2017) ..................................................................................6

*Kisela v. Hughes*
  138 S.Ct. 1148 (2018) .......................................................................................6

*Ladd v. County of San Mateo*
  12 Cal.4th 913 (1996) .......................................................................................9

*Massey v. Biola Univ., Inc.*
  2020 WL 5898804 (C.D. Cal. Aug. 21, 2020)..................................................4

*McNally v. Pulitzer Pub. Co.*
  532 F.2d 69 (8th Cir.1976) ...............................................................................5

*Monell v. Dept. of Social Services*
  436 U.S. 658 (1978)..........................................................................................7

*P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*
  506 U.S. 139 (1993).......................................................................................6, 8

*Pacific Gas & Electric Co. v. Bear Stearns & Co.*
  50 Cal.3d 1118 (1990) .................................................................................... 10

*Paul v. Davis*
  *424 U.S. 693, 711 (1976)*.................................................................................5

*Saucier v. Katz*
  533 U.S. 194 (2001)..........................................................................................7

*Seaton v. Mayberg*
  610 F.3d 530 (9th Cir.2010) .............................................................................6

*Shafer v. County of Santa Barbara*
  868 F.3d 1110 (9th Cir. 2017) ..........................................................................6

{02830934.DOCX}

iv

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND
AUTHORITIES

*Shirk v. Vista Unified Sch. Dist.*
   42 Cal.4th 201 (2007) ................................................................................................ 9

*St. Michael's Convalescent Hosp. v. California*
   643 F.2d 1369 (9th Cir.1981) .................................................................................... 5

*State of California v. Superior Court (Bodde)*
   32 Cal.4th 1234 (2004) ............................................................................................. 9

*Will v. Mich. Dep't of State Police*
   491 U.S. 58 (1989) .................................................................................................... 6

Statutes

42 U.S.C. § 1983 .......................................................................................... 1, 3, 4, 5, 6, 7, 8
California Government Code §911.2 .................................................................................. 8, 9
California Government Code §§905, 910(e), 911.2 and 945.4 ............................................ 8

Rules

CACI No. 2201 ................................................................................................................. 10

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.**

**INTRODUCTION**

Plaintiff JD, through his Guardian, filed this action asserting claims against Hayward Unified School District ("District") and Plaintiff's former teacher, Gary Cao, based on allegations that a separate private school would not allow Plaintiff to attend the school after the District and Cao caught Plaintiff cheating on multiple occasions.

Defendants are now before the Court on their <u>third</u> Motion to Dismiss because Plaintiff's Second Amended Complaint ("SAC") still includes the identical causes of action that this Court already dismissed. The only new cause of action in the SAC is one that the United States Supreme Court explicitly held is not viable.

Plaintiff's First Amended Complaint ("FAC") included claims under 42 U.S.C. § 1983 against both Defendants. Those claims were based on alleged violations of Plaintiff's constitutional rights to property and privacy. The Court granted Defendants' Motion to Dismiss those claims, finding there is no property right to attend private school, Defendants did not deny Plaintiff attendance at any school, and the information regarding Plaintiff's cheating does not fall within the limited scope of the constitutional right to privacy. Unfortunately, Plaintiff ignored that ruling as his SAC still includes those identical claims. Defendants respectfully request that the Court dismiss them again for the same reasons it did so previously.

The only new allegation in Plaintiff's SAC is that Defendants violated the Family Educational Rights and Privacy Act ("FERPA"). Plaintiff cites FERPA as an alternative basis for his § 1983 claims and asserts a stand-alone cause of action for an alleged FERPA violation. The United States Supreme Court, however, has explicitly held that FERPA violations do not give rise to liability under 42 U.S.C. § 1983, nor is there a private right of action under FERPA. Therefore, the new claims in Plaintiff's SAC should also be dismissed.

Plaintiff also continues to pursue state law claims that are indisputably barred because Plaintiff failed to submit a Government Claim under the Government Claims Act, which is a mandatory prerequisite to pursuing state law claims against public entities and their employees. The time for doing so has now passed, meaning Plaintiff cannot cure this deficiency.

The state law claims also fail on their merits. Plaintiff's Fourth Cause of Action, for general negligence, fails because Cao did not have a duty to provide Plaintiff a recommendation for attendance at Moreau Catholic High School. The Fifth Cause of Action, for tortious interference with contract, fails because Cao did not know Plaintiff had a contract to attend Moreau Catholic, Cao did not prevent either party from performing under the contract, nor did he intend to prevent that performance.

Therefore, Defendants respectfully submit that Plaintiff's SAC should be dismissed. Defendants maintain it should be dismissed with prejudice as this is now Plaintiff's third failed attempt to plead a viable cause of action against Defendants and the deficiencies with his claims cannot be cured.

## II.

## FACTUAL BACKGROUND

### A.    Alleged Facts

Plaintiff was a student at Mt. Eden High School. Defendant Gary Cao was his math teacher for a few months. [Docket No. 1, Complaint ¶ 18.] Sometime in early 2021, at the request of Plaintiff's mother, Cao submitted a recommendation for Plaintiff to transfer to a private school, Moreau Catholic High School. [Docket No. 35, SAC ¶ 16.]

Plaintiff was subsequently caught cheating on his homework. At the time, students were attending school remotely. Students did their math homework via handwriting. They then took pictures of their handwritten work and submitted them electronically. Plaintiff was caught submitting photographs of the homework completed by other students, in the other students' handwriting, as though it was his own. Cao and the District advised Plaintiff's mom of the incident. Plaintiff was then subsequently caught cheating again, this time on a math exam. The District investigated and confirmed the cheating.

Cao later withdrew the recommendation he submitted for Plaintiff to attend the Moreau Catholic High School. [Docket No. 1, SAC ¶ 26.] The private school subsequently denied Plaintiff admittance to the school. [Docket No. 1, SAC ¶ 32.]

### B.    Meet-and-Confer Efforts and Procedural Status

Plaintiff served his original Complaint in April 2022. Defendants immediately met and conferred with Plaintiff's counsel regarding deficiencies with the Complaint. Defense counsel provided Plaintiff's counsel clear authorities holding that his claims are not viable and asked that Plaintiff file an Amended

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES

1  Complaint curing those deficiencies. Instead of substantively meeting and conferring with Defendants on
2  those issues, Plaintiff's counsel offered a conclusory response – simply directing Defendants to file their
3  Motion to Dismiss as Plaintiff did not intend to amend his Complaint.

4      Defendants did just that. They filed their Motion to Dismiss on May 4, 2022. [Docket No. 18.]
5  Plaintiff then turned around and filed a First Amended Complaint ("FAC") just days later – meaning
6  Plaintiff's counsel needlessly wasted Defendants' time by directing Defendants to file a Motion to Dismiss
7  in the first place. [Docket No. 19, First Amended Complaint.]

8      The FAC Plaintiff filed did not include any substantive amendments that addressed the points
9  raised in Defendants' Motion. That forced Defendants to file another Motion to Dismiss. [Docket No. 21.]
10  Plaintiff thereafter asked the Court for an additional four weeks to submit his Opposition, which the Court
11  granted. [Docket Nos. 22-23.]

12      The Court issued a tentative ruling in Defendants' favor. The Court then reiterated at the hearing
13  that the claims pled in Plaintiff's FAC are not viable. Recognizing that, Plaintiff's counsel, for the first
14  time at the hearing, argued that he might also be able to pursue a claim under FERPA. The Court advised
15  Plaintiff's counsel that it would not address that argument given it was not raised previously. The Court
16  then took the matter under submission.

17      The Court subsequently issued a Minute Order advising that it would consider any supplemental
18  briefing Plaintiff wanted to file on the issue. Defendants were not provided that same opportunity. [Docket
19  No. 32.] Plaintiff filed a Supplemental Brief on August 19, 2022. [Docket No. 33.] The Court thereafter
20  issued its Order, granting Defendants' Motion to Dismiss with leave to amend. [Docket No. 34.]

21      Plaintiff then filed his SAC. It asserts the following causes of action: (1) 42 U.S.C. § 1983 -
22  Fourteenth Amendment violation against Cao; (2) 42 U.S.C. § 1983 - Fourteenth Amendment *Monell*
23  claim against the District; (3) violation of FERPA; (4) negligence; and (5) tortious interference with
24  contract.  Defendants attempted to meet and confer with Plaintiff's counsel regarding deficiencies with
25  the SAC, but Plaintiff's counsel advised that Defendants should just move forward with their Motion.
26  Declaration of Derek Haynes in Support of Defendants' Motion, ¶10.

27  ///
28  ///

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## III.

## PLAINTIFF CANNOT RECOVER ON THE FIRST CAUSE OF ACTION

Plaintiff's First Claim for Relief is pled under 42 U.S.C. §1983. Section 1983 does not confer any substantive rights. It is simply a vehicle plaintiffs can use to pursue civil actions for certain violations of their Constitutional and federal rights. Recovering under Section 1983 requires: (1) a violation of plaintiffs' Constitution or federal rights, (2) proximately caused (3) by conduct of a person (defendant) (4) acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

Here, Plaintiff claims Cao violated: (a) his constitutional property right; (b) his constitutional right to privacy; and (c) FERPA. Each is discussed below.

**1.**   **Plaintiff's First Claim for Relief Should Be Dismissed to the Extent it is Based on an Alleged Violation of his Constitutional Right to Property**

*1.*   *There is No Constitutional Property Right to Attend Private School*

Plaintiff's § 1983 claim is based in part on his allegation that Defendants violated his constitutionally protected property interest in attending the private school, Moreau Catholic. [Docket No.35, FAC ¶ 40.] This Court, relying on clear precedent decisions, already rejected that argument. The Court explicitly held that "Plaintiff's claim fails because there is no property interest in attendance at a private school." [Docket No. 34, Order Granting Defendant's Motion to Dismiss, p.4:15-16] *See also Massey v. Biola Univ., Inc.*, 2020 WL 5898804, at 10 (C.D. Cal. Aug. 21, 2020). That remains true. Therefore, Defendants respectfully request that the Court dismiss Plaintiff's First Cause of Action for the same reasons it did so previously.

*2.*   *Cao Did Not Deny Plaintiff a Property Right*

In its Order granting Defendants' prior Motion to Dismiss, the Court went on to hold that Plaintiff's claim fails even if Plaintiff had a property interest in attending Moreau Catholic High School because Defendants are not the ones who denied Plaintiff that right. Moreau Catholic High School made that decision. [Docket No. 34, p.7:13-6:20.]

Plaintiff's SAC does not include any new factual allegations on that issue. He just relies on the same allegations the Court already rejected. Therefore, Defendants respectfully submit that the Court should dismiss Plaintiff's First Cause of Action for the same reasons it did so previously.

2.     **There Was No Violation of Plaintiff's Constitutional Right to Privacy**

Plaintiff alternatively argues that his 42 U.S.C. § 1983 claim is based on a violation of his constitutional right to privacy. As with his FAC, he once again alleges that Cao's disclosure to Moreau Catholic High School was an unlawful disclosure of private information. [Docket No. 35, SAC ¶44.]

The Court already rejected that argument in granting Defendants' Motion to Dismiss Plaintiff's FAC. As the Court held, the Ninth Circuit has recognized a <u>limited</u> right to informational privacy protected by the Due Process Clause. *Seaton v. Mayberg*, 610 F.3d 530, 537-39 (9th Cir.2010). "Courts have construed this right narrowly, limiting it to those rights which are 'fundamental or implicit in the concept of ordered liberty.'" *Carver v. Rathlesberger*, 2005 WL 3080856, at *2 (E.D. Cal. Nov. 11, 2005) (quoting *St. Michael's Convalescent Hosp. v. California*, 643 F.2d 1369, 1375 (9th Cir.1981). "Only the most intimate phases of personal life have been held to be constitutionally protected." *Id.* (quoting *McNally v. Pulitzer Pub. Co.*, 532 F.2d 69, 76 (8th Cir.1976).)

When the allegation is that defendant's disclosure hurt the plaintiff's reputation, as Plaintiff alleges here, the plaintiff must prove both that the defendant made an unlawful disclosure <u>and</u> that defendant denied plaintiff a tangible interest. It is not enough for the plaintiff to show that defendant made an unlawful disclosure and that disclosure caused some other entity to deprive plaintiff an intertest. The defendant must both make the disclosure and deprive the interest. [Docket No. 4, Order Granting Defendant's Motion to Dismiss FAC, p.7:6-15.] *Paul v. Davis*, 424 U.S. 693, 711 (1976).

As the Court held in granting Defendants' prior Motion to Dismiss, that simply is not the case here. Cao did not disclose any information protected by the constitutional right to privacy, nor did Cao actually deprive Plaintiff any interest. Plaintiff's SAC does not include any factual allegations to alter that conclusion. Therefore, Defendants respectfully request that the Court grant their Motion for the same reasons it granted the last Motion.

3.     **A FERPA Violation Does Not Give Rise to Liability Under 42 U.S.C. § 1983**

Plaintiff's SAC offers one new argument in support of his 42 U.S.C. § 1983 claim. He now alleges that his § 1983 claim is based on an alleged violation of FERPA, [Docket No. 35, SAC ¶48.] Yet, the United States Supreme Court has explicitly held that FERPA violations do not give rise to liability under 42 U.S.C. § 1983. FERPA's provisions "create no rights enforceable under § 1983." *Gonzaga University*

1    *v. Doe*, 536 U.S. 273, 287-291 (2002). Therefore, Plaintiff's First Cause of Action, to the extent it is based

2    on an alleged violation of FERPA, should be dismissed.

3    **4.      Cao is Entitled to Eleventh Amendment Immunity**

4          Even if Plaintiff could prove that Cao violated his constitutional right to property or privacy or that

5    he violated FERPA, Plaintiff's First Cause of Action still fails because Cao is entitled to sovereign

6    immunity.

7          State agencies and officials are entitled to sovereign immunity under the Eleventh Amendment.

8    *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70–71 (1989). In application, that means the Eleventh

9    Amendment bars suit against state agencies and their employees under 42 U.S.C. § 1983. *See P.R.*

10   *Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993); *Bair v. Krug*, 853 F.2d 672,

11   675 (9th Cir. 1988). School districts are considered state agencies for purposes of Eleventh Amendment

12   immunity. *C.W. v. Capistrano Unified School Dist.*, 784 F.3d 1237, 1247 (9th Cir. 2015); *Belanger v.*

13   *Madera Unified School Dist.*, 963 F.2d 248, 253 (9th Cir. 1992); see *Julian v. Mission Community*

14   *Hospital*, 11 Cal.App.5th 360, 386 (2017).

15         Therefore, Plaintiff's First Cause of Action against Cao should be dismissed with prejudice

16   because Cao is entitled to Eleventh Amendment immunity.

17   **5.      Defendant Cao is Entitled to Qualified Immunity**

18         Lastly, Cao is also entitled to qualified immunity. Government employees are entitled to qualified

19   immunity unless their conduct violates clearly established constitutional rights of which a reasonable

20   person would have known. *Saucier v. Katz*, 533 U.S. 194 (2001). A right is "clearly established" to

21   overcome qualified immunity if, considering the factual context of the case, it would have been clear to a

22   reasonable employee in defendant's position that they were violating the plaintiff's constitutional rights.

23   The Supreme Court held that to prove a right is clearly established, the plaintiff must identify existing

24   precedent that "squarely govern[s]" the specific facts at issue. *Kisela v. Hughes*, 138 S.Ct. 1148, 1152

25   (2018). In other words, Plaintiffs must "identify a case where an [official] acting under similar

26   circumstances as [Cao] was held to have violated the [constitution]." *Shafer v. County of Santa Barbara*,

27   868 F.3d 1110, 1117 (9th Cir. 2017).

28         There is no such authority here. In fact, as to the right to privacy, the Ninth Circuit has explicitly

---

{02830934.DOCX}                                          6

confirmed that right is not clearly established. *See Davis v. Bucher*, 853 F.2d 718, 719 (9th Cir. 1988) (holing that the right to informational privacy under the due process clause has been "infrequently examined [and] as a result its contours remain less than clear."). No precedent authority has been published making it clear that rescinding a recommendation to another school violates the due process clause under the circumstances of this case. Therefore, Cao is entitled to qualified immunity and Plaintiff's First Cause of Action should be dismissed for that reason.

## IV.
## PLAINTIFF CANNOT RECOVER ON HIS *MONELL* CLAIM AGAINST THE DISTRICT

**1.      Plaintiff's Second Cause of Action, for *Monell* Liability, Fails Because there was No Underlying Violation**

Government agencies are not vicariously liable for the conduct of their employees under 42 U.S.C. § 1983. Plaintiffs can only recover against government entities under § 1983 if they prove the elements established in *Monell v. Dept. of Social Services*, 436 U.S. 658 (1978). Doing so requires that plaintiffs first prove any underlying constitutional violation or violation of a federal statue. *Id.*

Plaintiff's *Monell* claim against the District is based on the same violations Plaintiff alleges in support of his claim against Cao – violations of (a) the constitutional right to property, (b) the constitutional right to privacy, and (c) FERPA. [Docket No 35, SAC ¶56-58.] Plaintiff cannot prove any such violations, as set forth above in Section III. Therefore, Plaintiff's *Monell* claim against the District necessarily fails.

**2.      Plaintiff Failed to Plead Sufficient Facts to Recover on a *Monell* Claim**

Plaintiff's *Monell* claim should also be dismissed because Plaintiff failed to establish the remaining elements of *Monell* liability. To recover on a *Monell* claim, plaintiffs must plead and ultimately prove: (1) plaintiffs suffered a constitutional violation; (2) the defendant-government agency had a policy, practice or custom; (3) that policy, practice or custom was the moving force behind the constitutional violation; and (4) that policy, practice or custom amounts to deliberate indifference to the plaintiffs' constitutional rights. *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir, 2011) (citation omitted).

Plaintiff's SAC does not include any *factual* allegations indicating the existence of a policy, practice or custom amounting to deliberate indifference that was the moving force behind any constitutional violation. Plaintiff simply offers a conclusory allegation that "Defendant Cao deprived

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES

1   Plaintiff of his constitutional rights as a result of official acquiescence and custom on the part of [the

2   District]." [See Docket No.35, SAC ¶ 64.] That conclusory allegation is insufficient to carry Plaintiff's

3   burden to plead <u>facts</u> sufficient to recover on his claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677-678

4   (2009). Therefore, Plaintiff's Second Cause of Action should be dismissed.

5   **3.       The District is Entitled to Eleventh Amendment Immunity**

6          Plaintiff's Second Cause of Action is also barred by the Eleventh Amendment. As set forth above,

7   the Eleventh Amendment bars suit against state agencies under 42 U.S.C. § 1983. *See P.R. Aqueduct &*

8   *Sewer Auth.,* 506 U.S. at 144 (1993); *Bair*, 853 F.2d at 675. School districts are considered state agencies

9   for purposes of Eleventh Amendment immunity. *C.W.*, 784 F.3d at 1247. Therefore, Plaintiff's Second

10  Cause of Action is barred.

11  <div align="center">

**V.**

</div>

12  <div align="center">

**PLAINTIFF'S THIRD CAUSE OF ACTION FAILS BECAUSE THERE IS NO PRIVATE
RIGHT OF ACTION UNDER FERPA**

</div>

13         Plaintiff's First and Second Causes of Action are pled under 42 U.S.C. § 1983 based in-part on

14  alleged violations of FERPA. Plaintiff's new Third Cause of Action is pled directly under FERPA. He

15  claims Defendants violated FERPA by disclosing that he cheated. [Docket No. 35, SAC p.14:7-15:9.]

16         However, there is no private right of action under FERPA. *Gonzaga University v. Doe*, 536 U.S.

17  273, 287-291 (2002); *see also Frazier v. Fairhaven Sch. Comm.*, 276 F.3d 52, 67 (1st Cir.2002) ("FERPA

18  does not confer a private right of action"); *Klein Indep. Sch. Dist. v. Mattox*, 830 F.2d 576, 579 (5th

19  Cir.1987); *Fresno Unified Sch. Dist. v. K.U. ex rel. A.D.U.*, 980 F. Supp. 2d 1160, 1182 (E.D. Cal. 2013).

20         Therefore, Plaintiff's Third Cause of Action should be dismissed because there is no private right

21  of action under FERPA.

22  <div align="center">

**VI.**

</div>

23

24  <div align="center">

**PLAINTIFF FAILED TO COMPLY WITH THE GOVERNMENT CLAIMS ACT FOR HIS
STATE LAW CLAIMS**

</div>

25         Plaintiff's Fourth and Fifth Causes of Action are state law claims for negligence and tortious

26  interference with contract. Plaintiffs are required to submit Government Claims under the Government

27  Claims Act as a mandatory prerequisite to pursuing state law claims against public entities and their

28  employees. California Government Code §§905, 910(e), 911.2 and 945.4. Plaintiffs must do so within six

months after the conduct or events giving rise to the cause of action. California Government Code §911.2.

The claims-presentation requirements are intended to give public entities and their employees the "opportunity to evaluate the merit and extent of liability and determine whether to grant the claim without the expense of litigation." *Crow v. State*, 222 Cal.App.3d 192, 202 (1990); see also *Baines v. Pickwick Ltd. V. City of L.A.*, 72 Cal.App.4th 298, 303 (1999) [claims presentation requirements facilitate fiscal planning for potential liabilities].) The purported claim must therefore "make it readily discernable by the entity that the intended purpose thereof is to convey the assertion of a compensable claim against the entity which, if not otherwise satisfied, will result in litigation." *Green v. State Ctr. Comm. College Dist.*, 34 Cal.App.4th 1348, 1358 (1995).

Compliance with the claim presentation requirements is a necessary element of every state law claim against public agencies and employees. *Shirk v. Vista Unified Sch. Dist.*, 42 Cal.4th 201, 209 (2007). Failure to plead and ultimately prove presentation of a proper Government Claim bars the plaintiff from bringing a subsequent action against the public entity and its employees. *Cal. Restaurant Mgmt. Systems v. City of San Diego*, 195 Cal.App.4th 1581, 1591 (2011); *State of California v. Superior Court (Bodde)*, 32 Cal.4th 1234, 1239 (2004).

Plaintiff's SAC is devoid of any allegations regarding the Government Claims Act, let alone facts sufficient to prove compliance with the requirements of the Act. That is because Plaintiff did not comply with the Act. Therefore, Plaintiff's Fourth and Fifth Causes of Action should be dismissed.

## VII.

## PLAINTIFF CANNOT RECOVER ON HIS NEGLIGENCE CLAIM

Plaintiff's Fourth Cause of Action, for negligence, also fails on its merits. To plead negligence, a complaint must include facts sufficient to show: (1) defendant owed plaintiff a legal duty of care; (2) defendant breached that duty; and (3) that breach was the proximate cause of plaintiff's injury. *Ladd v. County of San Mateo*, 12 Cal.4th 913, 917 (1996). In the school context, courts have imposed a limited duty on teachers to protect students from third-parties in certain situations. *See Dailey v. Los Angeles Unified Sch. Dist.*, 2 Cal. 3d 741 (1970). However, there is no authority imposing or inferring a duty on teachers relating to recommendations for students to attend other schools. That is particularly true in circumstances, like here, where Plaintiff admits the District found that Plaintiff's allegations that Cao

incorrectly accused him of cheating were unsubstantiated. [Docket No. 35, SAC ¶31.] Therefore, Plaintiff's negligence claim should be dismissed.

## VIII.

## CAO DID NOT TORTIOUSLY INTERFERE WITH ANY CONTRACT

Plaintiff's Fifth Cause of Action is a state law claim for tortious interference with contract. It should be dismissed based on Plaintiff's failure to comply with the Government Claims Act, as set forth above in Section VI. It also fails on its merits.

To recover on his tortious interference with contract claim, Plaintiff must plead and ultimately prove that he had a contract with Moreau Catholic High School guaranteeing him attendance at the school and that Cao had knowledge of that contract. *Pacific Gas & Electric Co. v. Bear Stearns & Co.*, 50 Cal.3d 1118, 1126 (1990) (the actual existence of a contract and defendant's knowledge of that contract are required). Plaintiff fails to plead facts establishing that Cao knew Plaintiff had a contract with Moreau Catholic High School that guaranteed Plaintiff admittance to that School. Instead, Plaintiff simply submits that Cao *must have* known that Plaintiff had a contract guaranteeing him admittance to the School given Cao previously provided Plaintiff a recommendation to attend the School. That is illogical. Just because Cao provided Moreau Catholic High School information regarding Plaintiff's candidacy does not mean Cao knew that Plaintiff and Moreau Catholic High School subsequently executed a contract guaranteeing Plaintiff admittance to the School.

Plaintiff must also plead and ultimately prove that Cao's conduct prevented performance of the contract or made performance of the contract more difficult or expensive. California Civil Jury Instructions, Instruction 2201. That certainly is not the case here. Cao rescinding his recommendation for Plaintiff to attend did not prevent Moreau Catholic High School from admitting Plaintiff to the School or make it more expensive or difficult for Moreau Catholic High School to admit Plaintiff into the School. Moreau Catholic High School, at all times, was free to admit Plaintiff to the School if it wanted to do so.

Plaintiff must also plead facts establishing that Cao intended to prevent or disrupt performance of the contract. *Pacific Gas & Electric Co. v. Bear Stearns & Co.*, 50 Cal.3d 1118, 1126 (1990). The SAC is devoid of facts sufficient to make that showing.

Lastly, Plaintiff must prove actual damages stemming from Cao's alleged interference with a

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES

1   purported contract. Plaintiff does not identify any such damages, nor can he as any claim for damages

2   would be purely speculative.

3         Therefore, Plaintiff's Fifth Cause of Action should be dismissed.

4   <center>**IX.**</center>

5   <center>**CONCLUSION**</center>

6         Based on the foregoing, Defendants respectfully request the Court to dismiss Plaintiff's SAC in its

7   entirety. Defendants submit the Court should do so without leave to amend given this is now Plaintiff's

8   third failed attempt to plead a viable claim against Defendants and the deficiencies cannot be cured.

9

10  Dated:  October 24, 2022              PORTER SCOTT

11                                       A PROFESSIONAL CORPORATION

12

13                               By <u>/s/ *Derek J. Haynes*</u>

14                                  Derek J. Haynes
                                Attorneys for Defendants

15

16

17

18

19

20

21

22

23

24

25

26

27

28