1  **PORTER | SCOTT**
2  A PROFESSIONAL CORPORATION
   Derek J. Haynes, SBN 264621
3  dhaynes@porterscott.com
   350 University Avenue, Suite 200
4  Sacramento, California 95825
   TEL: 916.929.1481
5  FAX: 916.927.3706

6  Attorneys for Defendants
7  HAYWARD UNIFIED SCHOOL DISTRICT and GARY CAO (employee of Hayward Unified School District*)*
8  ***Exempt from Filing Fees Pursuant to Government Code § 6103***

9               UNITED STATES DISTRICT COURT
             NORTHERN DISTRICT OF CALIFORNIA
10                   OAKLAND DIVISION

| | |
|---|---|
| STEPHANIE DOSS as Natural Parent and *General Guardian* for J.D. her minor son,<br><br>Plaintiffs,<br><br>v.<br><br>HAYWARD UNIFIED SCHOOL DISTRICT, in its official capacity, GARY CAO, in his individual capacity, and DOES 1-20, inclusive.<br><br>Defendants.<br>_____/ | Case No.: 3:22-cv-00933<br><br>**DECLARATION OF DEREK J. HAYNES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**<br><br>DATE: December 2, 2022<br>TIME: 10:00 a.m.<br>DEPT: Courtroom 1 – 17th Floor<br><br>SAC Filed: 10/10/22<br>FAC Filed: 05/18/22<br>Complaint Filed: 02/15/22 |

I, Derek J. Haynes, declare:

1. I am an attorney duly licensed to practice before all the courts of the State of California and the Northern District of California and am a shareholder with the law firm of Porter Scott, attorneys of record for Defendants HAYWARD UNIFIED SCHOOL DISTRICT and GARY CAO ("Defendants"). I have personal knowledge of the facts alleged herein and, if called, could testify competently as to them.

2. Plaintiff filed his Complaint on February 15, 2022. A true and correct copy of that

Complaint is included on the Court's Docket as Docket No. 1.

3. On April 18, 2022, defense counsel sent a formal correspondence to Plaintiff's Counsel detailing the deficiencies in Plaintiff's Complaint, including authorities supporting Defendants' position. A true and correct copy of that correspondence is attached as <u>Exhibit A</u>.

4. On April 19, 2022, Plaintiff's Counsel sent an email to our office acknowledging that they read our correspondence and that we should just move forward with filing a motion to dismiss. A true and correct copy of this email is attached as <u>Exhibit B</u>.

5. On May 4, 2022, Defendants filed a Motion to Dismiss Plaintiff's Complaint. A true and correct copy of that Motion is included on the Court's Docket as Docket No. 18.

6. On May 18, 2022, Plaintiff filed a First Amended Complaint alleging the same four causes of action as the original Complaint. Plaintiff's First Amended Complaint is almost identical to his original Complaint. A true and correct copy of Plaintiff's First Amended Complaint is included on the Court's Docket as Docket No. 19.

7. On May 26, 2022, defense counsel sent a formal correspondence to Plaintiff's Counsel acknowledging Plaintiff's Amended Complaint and addressing that it contained all the same deficiencies as the original Complaint. A true and correct copy of that correspondence is attached as <u>Exhibit C</u>. Plaintiff's counsel did not respond to that correspondence.

8. That forced Defendants to file another Motion to Dismiss. A true and correct copy of that Motion is on the Court's Docket as Docket No. 21. The Court granted that Motion with leave to amend. A true and correct copy of the Court's Order is on the Court's Docket as Docket No. 34.

9. Plaintiff then filed a Second Amended Complaint ("SAC"). A true and correct copy of the SAC is on the Court's Docket as Docket No. 35.

10. On October 17, 2022, defense counsel sent Plaintiff's counsel a correspondence detailing the deficiencies with the SAC. A true and correct copy of that correspondence is attached as <u>Exhibit D</u>. I then spoke to Plaintiff's counsel via phone. He advised that we should just move forward with the Motion to Dismiss as he did not intend to dismiss his claims.

I make this Declaration on my own personal knowledge except to the facts stated on information and belief. As to such facts, I believe them to be true. If called upon to do so, I could and would

1  competently testify about the matters asserted herein.

2    I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on this 24th day of October 2022 at Sacramento, California.

                /s/ *Derek J. Haynes*
                Derek J. Haynes

{02831287.DOCX}  3

DECLARATION OF DEREK J. HAYNES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT

# EXHIBIT A



April 18, 2022

Author: Douglas S. Saavedra
Author's email: dsaavedra@porterscott.com

**VIA EMAIL**

Keith Altman, Esq.
The Law Office of Keith Altman
33228 West 2 Mile Road, Suite 375
Farmington Hills, Michigan 48331
keithaltman@kaltmanlaw.com

**RE:   *Doss v. Hayward Unified School District, et al.*
        USDC – Northern District; Case No.: 4:22-cv-00933**

Dear Mr. Altman:

Please accept this correspondence as our attempt to initiate meet-and-confer communications regarding the deficiencies in Plaintiff's Complaint. Defendants Hayward Unified School District and Gary Cao request that Plaintiff dismiss this action, or in the alternative, amend his Complaint, for the reasons discussed below.

**First Cause of Action: § 1983 Due Process Claim Against Gary Cao**

A Civil Rights action under 42 U.S.C. §1983 requires proof that (1) a violation of rights protected by the Constitution or created by federal statute, (2) proximately caused (3) by conduct of a person (4) acting under color of state law. Crumpton v. Gates, 947 F.2d 1418, 1420 (9th Cir. 1991). Or, more simply, plaintiffs must "plead that (1) the defendants acting under color of state law (2) deprived plaintiffs of rights secured by the Constitution or federal statutes." Gibson v. United States, 781 F.2d 1334, 1338 (9th Cir. 1986).

Plaintiff's Complaint alleges a violation of a property interest. Specifically, he claims he was denied education at Moreau Catholic High School. However, he has no property right in education at that school. Students only have a property right in *public* education. Moreau Catholic High School is a *private* school. No one is suppressing Plaintiff from attending public school.

Moreover, Mr. Cao did not deprive Plaintiff of his admission to Moreau Catholic High School. Moreau Catholic High School made that decision by rescinding Plaintiff's admission. We understand that Plaintiff claims Mr. Cao provided Moreau Catholic High School with information that led to the decision to rescind Plaintiff's admission. However, that decision that deprived Plaintiff schooling at Moreau Catholic High School was made by that School.



April 18, 2022
Page 2

Plaintiff's claim that he had a protected privacy right that was violated is also unfounded. Plaintiff explicitly asked Mr. Cao to disclose information to Moreau Catholic High School regarding his opinion of Plaintiff's candidacy. Therefore, Plaintiff had no expectation of privacy regarding his Mt. Eden academic information. In fact, federal regulation allows this communication under 34C.F.R. § 99.34 (b)(2) which provides that an educational institution can disclose the education record of a student to another institution if the student is enrolled/receives services from the other institution and the school has made reasonable attempts to notify the parents. Here, Plaintiff gave Mr. Cao express permission to disclose information regarding his qualifications to Moreau Catholic High School.

Lastly, and most importantly, even if Plaintiff can prove Mr. Cao in some way violated his rights, Mr. Cao is entitled to qualified immunity that bars Plaintiff's claims. School officials are entitled to qualified immunity unless their conduct violates clearly established constitutional rights of which a reasonable person would have known. *Saucier v. Katz*, 533 U.S. 194 (2001). A right is "clearly established," for purposes of a qualified immunity defense asserted by a school official, if, considering the factual context of the case, it would have been clear to a reasonable school official that what he was doing was a violation of the right. The Supreme Court held that to prove a right is clearly established, the plaintiff must identify existing precedent that "squarely govern[s]" the specific facts at issue. *Kisela v. Hughes*, 138 S.Ct. 1148, 1152 (2018). In other words, Plaintiffs must "identify a case where an [official] acting under similar circumstances as [Royal] was held to have violated the [constitution]." *Shafer v. County of Santa Barbara*, 868 F.3d 1110, 1117 (9th Cir. 2017)

There simply is no such authority here. It was entirely reasonable for Mr. Cao to believe that he had the right to communicate with a private school regarding Plaintiff's candidacy given Plaintiff authorized him to do so. There was nothing to suggest that doing so violated Plaintiff's right to privacy given that authorization and the federal regulations authorizing that communication. It also was not clear that the communications violated a property interest given students do not have a property interest in *private* school and Mr. Cao was not the one who made the decision to rescind Plaintiff's admission. Therefore Mr. Cao is entitled to qualified immunity and this cause of action will be dismissed.

**Second Cause of Action: Monell Claim Against HUSD**

Section 1983 states, in pertinent part: "Every *person* who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law...." 42 U.S.C. § 1983 (emphasis added). A California School District cannot be sued under §1983 because it is not a person as defined in §1983. See *Kirchmann v. Lake Elsinore Unified School Dist.*, 83 Cal.App.4th 1098 (2000)



April 18, 2022
Page 3

(subsequently appealed to U.S. Supreme Court and denied certiorari in *Kirchmann v. Lake Elsinore Unified School Dist.*, 533 U.S. 902 (2001)); See also *Pierce v. San Mateo County Sheriff's Dept.*, 232 Cal.App.4th 995 (2014). State and federal courts have uniformly held that California school districts are state agencies and thus not "persons" for purposes of section 1983. *Julian v. Mission Community Hospital*, 11 Cal.App.5th 360, 386 (2017); See, e.g., McAllister v. Los Angeles Unified School District, 216 Cal.App.4th 1198, 1207 (2013); *C.W. v. Capistrano Unified School Dist.*, 784 F.3d 1237, 1247 (9th Cir. 2015); *Belanger v. Madera Unified School Dist.*, 963 F.2d 248, 253 (9th Cir. 1992).

Hayward Unified School District is a California school district and is not a person for the purposes of Section 1983. On those grounds alone, Hayward Unified School District must be dismissed from this lawsuit.

The cause of action against Hayward Unified School District also fails on additional grounds. As a preliminary matter, Plaintiff must first identify an underlying constitutional violation for which there is no immunity. He cannot do so, as set forth above in the discussion of the cause of action pled against Mr. Cao.

Even if Plaintiff can establish a violation of Mr. Cao, liability can only run to an employing entity if the violation was the result of an established policy or practice by the entity under *Monell*. Under *Monell*, a municipality or local government can be found liable under §1983 only when the entity itself causes the violation through the execution of the entity's policy, practice or custom. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989). There is no *respondeat superior* or vicarious liability under § 1983. *Id.*

Plaintiff's Complaint fails to allege that Hayward Unified School District has a policy or practice that was the moving force behind any constitutional deprivation. It does not allege any such policy or practice because none exist. Therefore, Plaintiff's cause of action against the District should also be dismissed.

**Third Cause of Action: Negligence Against Gary Cao**

Plaintiff alleges that Mr. Cao is negligent based on an alleged violation of the general duty of reasonable care to Plaintiff. However, there is no such duty as it relates to Plaintiff's relationship with a separate entity, in this case Moreau Catholic High School. Mr. Cao's interactions with Moreau catholic High School are protected by statute under 34C.F.R. § 99.34 (b)(2) and were consented to by Plaintiff when he and his mother asked Mr. Cao to provide information regarding Plaintiff's candidacy. Plaintiff's relationship and admissions process with Moreau Catholic High School fall completely outside Mr. Cao's duties as a teacher for Plaintiff at Mt. Eden High School. Mr. Cao also did not breach any duty owed to Plaintiff. Therefore, the negligence cause of action will fail.



April 18, 2022
Page 4

**Fourth Cause of Action: Tortious Interference with a Contract Against Gary Cao**

To recover on his tortious interference with contract claim, Plaintiff must prove: (1) Plaintiff had a contract with Moreau Catholic High School guaranteeing him attendance at the school; (2) Mr. Cao knew of the contract; (3) Mr. Cao engaged in an intentional act designed to induce breach of that contract; (4) actual breach of the contract; and (5) resulting damage. *Pacific Gas & Electric Co. v. Bear Stearns & Co.* (1990) 50 Cal.3d 1118, 1126.

Plaintiff cannot satisfy multiple of those requirements. The Complaint alleges that Mr. Cao was aware that Plaintiff had a contract to attend Moreau Catholic High School because Mr. Cao had previously endorsed Plaintiff. That is not true, nor is it logical. The fact that Mr. Cao provided information to Moreau Catholic High School regarding Plaintiff's candidacy does not mean that Mr. Cao knew that Plaintiff already had a contract in place for his admission to the School. There is also nothing to suggest that Mr. Cao intended to deprive Plaintiff of any such contractual rights. That is particularly true because, as set forth above, federal regulations allowed for his communication with the School. Therefore, Plaintiff will not recover on this cause of action.

**Conclusion**

Defendants ask that Plaintiff dismiss this action because he cannot succeed for the reasons set forth above. Defendants' hope is to avoid having to file a Motion to Dismiss. We are happy to discuss further.

Very truly yours,

PORTER SCOTT
A PROFESSIONAL CORPORATION

By  *[signature]*

Douglas S. Saavedra

DJH/DSS/ajb

# EXHIBIT B

| | |
|---|---|
| **From:** | Lori Crusselle <loricrusselle@kaltmanlaw.com> |
| **Sent:** | Tuesday, April 19, 2022 3:30 PM |
| **To:** | April Bybee; Keith Altman |
| **Cc:** | Doug Saavedra; Derek Haynes; Jasmyn S. Scarlett |
| **Subject:** | Re: Doss v. Hayward Unified School District, et al. |

**\*\*\*External email\*\*\***

Mr. Altman has read your meet and confer letter.  You may file your motion to dismiss.



**Lori Crusselle**
Director of Litigation / Senior Litigation Paralegal
**Direct Phone:** (470) 502-2567
**Firm Phone:** (248) 987-8929
http://www.kaltmanlaw.com



HOME | K Altman Law

www.kaltmanlaw.com

*This email and any files transmitted with it are confidential and intended solely for the use of the individual or entity to whom addressed. This message is intended only to be seen by those named. If you have received this email in error, please notify the sender immediately. If you are not the intended recipient, please note that disclosing, copying, distributing, or taking any action in reliance on the contents of this information is strictly prohibited.*

**From:** April Bybee <abybee@porterscott.com>
**Sent:** Monday, April 18, 2022 6:13 PM
**To:** Keith Altman <keithaltman@kaltmanlaw.com>; Lori Crusselle <loricrusselle@kaltmanlaw.com>; Toni Renee Vierra <trvierra@kaltmanlaw.com>
**Cc:** Doug Saavedra <dsaavedra@porterscott.com>; Derek Haynes <dhaynes@porterscott.com>; Jasmyn S. Scarlett <jscarlett@porterscott.com>
**Subject:** Doss v. Hayward Unified School District, et al.

Good Afternoon,

1

Please see the attached correspondence in the above-entitled matter.

Thank you,



*April Bybee*
Assistant to Doug Saavedra
350 University Avenue | Suite 200 | Sacramento, CA 95825
T| 916. 929.1481 Ext. 340 F| 916. 927.3706
www.porterscott.com

**CONFIDENTIALITY NOTICE:** This email and any attachments are confidential and privileged.  Any inadvertent disclosure shall not waive the attorney-client or work product privileges.  If you have received this email in error, please notify the sender immediately and delete all copies of the email and any attachments.

2

# EXHIBIT C



May 26, 2022

Author: Douglas S. Saavedra
Author's email: dsaavedra@porterscott.com

**VIA EMAIL**

Keith Altman, Esq.
The Law Office of Keith Altman
33228 West 2 Mile Road, Suite 375
Farmington Hills, Michigan 48331
keithaltman@kaltmanlaw.com

RE: *Doss v. Hayward Unified School District, et al.*
USDC – Northern District; Case No.: 4:22-cv-00933

Dear Mr. Altman:

Please accept this correspondence as our attempt meet-and-confer regarding the deficiencies in Plaintiff's Amended Complaint. Defendants Hayward Unified School District and Gary Cao request that Plaintiff dismiss this action, or in the alternative, amend his Amended Complaint.

Plaintiff's Amended Complaint alleges all the same claims as Plaintiff's original Complaint. In fact, the Amended Complaint is identical to the original Complaint except for a few minor changes and additions to the Background section and first two causes of action. Those changes do not address any of the arguments raised in Defendants' original Motion. Considering the minimal changes present in the Amended Complaint, our concerns about the adequacy of Plaintiff's pleadings remain the same as in our first meet and confer letter and Motion to Dismiss regarding the original Complaint. If Plaintiff does not further amend his Amended Complaint significantly, Defendants will have no choice but to file a new Motion to Dismiss.

Defendants ask that Plaintiff dismiss this action because he cannot succeed for the reasons set forth in the prior Motion. Defendants' hope is to avoid having to file a Motion to Dismiss. We are happy to discuss further.

Very truly yours,

PORTER SCOTT
A PROFESSIONAL CORPORATION

By
Douglas S. Saavedra

DJH/DSS/ajb

# EXHIBIT D



October 17, 2022

Author: Derek J. Hayne
Author's email: dhaynes@porterscott.com

**VIA EMAIL**

Keith Altman, Esq.
The Law Office of Keith Altman
33228 West 2 Mile Road, Suite 375
Farmington Hills, Michigan 48331
keithaltman@kaltmanlaw.com

**RE:** ***Doss v. Hayward Unified School District, et al.***
      **USDC – Northern District; Case No.: 4:22-cv-00933**

Dear Mr. Altman:

Please accept this correspondence as our attempt to initiate meet-and-confer communications regarding the deficiencies in Plaintiff's Admitted Complaint. Defendants Hayward Unified School District and Gary Cao ask that Plaintiff dismiss this action as the deficiencies cannot be cured.

First and Second Causes of Action

Plaintiff's First and Second Causes of Action allege violations of 42 USC §1983. The Second Amended Complaint continues to allege those claims are based on alleged violations of Plaintiff's property interest and privacy rights. As you know, the Court's Order granting Defendants' prior Motion to Dismiss already found that neither is a viable claim. Plaintiff has offered no new factual allegations on either of those allegations. It is therefore improper to continue pursuing claims the Court already dismissed.

Additionally, Plaintiff also now claims that the §1983 claims are based on an alleged violation of the Family Educational Rights and Privacy Act ("FERPA").

However, the United States Supreme Court in *Gonzaga University v. Doe* (2002) 536 U.S. 273, 287-291 explicitly held that FERPA cannot serve as the basis for a claim under §1983.

In sum, the Court already rejected Plaintiff's claims alleging violations of his property rights and privacy interests and the new allegation of an alleged violation of FERPA is indisputably barred based on Supreme Court precedent. We therefore ask that you dismiss the First and Second Causes of Action.



October 17, 2022
Page 2

Third Cause of Action

Plaintiff's Third Cause of Action alleges a direct violation of FERPA. However, the law could not be more clear that there is no private right of action under FERPA. That statute is only enforceable by the government. (*Gonzaga University v. Doe* (2002) 536 U.S. 273, 287-291; see also *Frazier v. Farhaven Shc. Comm.*, 276 F.3d 52, 67 (1st.Cir.2002) ("FERPA does not confer a private right of action"); *Fresno Unified School District v. K.U.* 980 F.Supp.2d 1160,1182 (E.D. Cal.2013).)

Therefore, the Third Cause of Action is also indisputably barred.

Remaining Causes of Action

Plaintiff's remaining causes of action are all state law claims that fail for the same reasons detailed in Defendant's prior Motion to Dismiss.

In sum, all of Plaintiff's claims are indisputably barred. We therefore ask that Plaintiff dismiss this action. We are happy to schedule a call to discuss further. Please advise how you intend to proceed.

                Very truly yours,

                PORTER SCOTT
                A PROFESSIONAL CORPORATION

                By

                Derek J. Haynes

DJH/jss