Keith Altman, Esq. (CBN. 257309)

**THE LAW OFFICE OF KEITH ALTMAN**

33228 West 12 Mile Road, Suite 375

Farmington Hills, Michigan 48331

Telephone: (248) 987-8929

Email: keithaltman@kaltmanlaw.com

*Attorney for Plaintiffs*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

STEPHANIE DOSS as Natural Parent and *General Guardian* for J.D. her minor son

    *Plaintiffs,*

v.

HAYWARD UNIFIED SCHOOL DISTRICT, in its official capacity, GARY CAO, in his individual capacity, and DOES 1-20, inclusive.

    *Defendants.*

Case No.: 3:22-cv-00933

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# TABLE OF CONTENTS

TABLE OF AUTHORITIES                                                                3

FACTUAL BACKGROUND                                                          5

STANDARD FOR DISMISSAL                                                      5

ARGUMENT                                                                                6

I.   Plaintiff Adequately Pleads a Violation of 42 U.S.C. § 1983 as to Defendant
Cao                                                                                         6

a.   Defendants' Infringed Plaintiff's Property Rights and Deprived Plaintiff
of His Property Interest                                                            6

b.   Plaintiff adequately Pleads That Defendant Cao Did Deprive Plaintiff a
Property Right                                                                       7

c.   Plaintiff Adequately Pleads His Constitutional Right to Privacy Was
Violated                                                                               8

d.   Defendant Cao is Not Entitled to Eleventh Amendment Immunity     8

e.   Defendant Cao is Not Entitled to Qualified Immunity                     9

II.   Plaintiff Adequately Pleads Sufficient Facts to Recover on a *Monell* Claim 9

III.   Plaintiff Complied with the Government Claims Act for His State Law
Claims                                                                                   10

IV.   Plaintiff Adequately Pleads His Negligence Claim                          11

V.   Plaintiff Adequately Pleads His Tortious Interference with a Contract
Claim                                                                                     12

CONCLUSION                                                                            13

# TABLE OF AUTHORITIES

**Cases**

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ......................................................... 5, 13

*Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 577, 92 S. Ct. 2701, 2709,
     33 L. Ed. 2d 548 (1972) ................................................................................... 7

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007) ..................................... 5

*Cap. Bonding Corp. v. New Jersey Supreme Ct.*, 127 F. Supp. 2d 582, 589 (D.N.J.
     2001) ............................................................................................................... 11

*Doe v. Luzerne Cnty.*, 660 F.3d 169, 175 (3d Cir. 2011) .......................................... 8

*Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011) ............................ 10

*Espinosa v. Kirkwood*, 185 Cal. App. 4th 1269, 1275 (2010) ................................. 12

*Golden Gate West Ski Club v. Cnty. Of Contra Costa*, 165 Cal. App. 4th 249, 268
     (2008) ............................................................................................................... 6

*Goss v. Lopez*, 419 U.S. 565, 574 (1975) ................................................................. 7

*Kisela v. Hughes*, 138 S. Ct. 1148, 1152 (2018) ...................................................... 9

*Koslow v. Commonwealth of Pennsylvania*, 302 F.3d 161, 179 (3d Cir. 2002) ....... 11

*Ladd v. County of San Mateo*, 12 Cal.4th 913, 917 (1996) ...................................... 11

*Malleus v. George*, 641 F.3d 560, 564 (3d Cir. 2011) .............................................. 8

*Moore v. City of Vallejo*, 73 F. Supp. 3d 1253, 1258 (E.D. Cal. 2014) ................... 10

*Pac. Gas & Elec. Co. v. Bear Stearns & Co.*, 50 Cal. 3d 1118, 1126 (1990) .......... 12

*Parratt v. Taylor*, 451 U.S. 527, 548 (1981) ............................................................ 7

*Pierce v. Soc'y of the Sisters of the Holy Names of Jesus & Mary*, 268 U.S. 510, 534 (1925) ................................................................................... 6

*Sato v. Orange Cty. Dep't of Educ.*, 861 F.3d 923, 927 n. 2 (9th Cir. 2017) ............... 9

*Saucier v. Katz*, 533 U.S. 194, 201 (2001) .................................................. 9

**Statutes**

42 U.S.C. § 1983 ........................................................................ 9

Cal. Code § 900.4 ...................................................................... 10

Cal. Code § 905 ........................................................................ 10

Cal. Code § 910(e) ................................................................ 10, 11

Cal. Code § 911.2 ................................................................. 10, 11

Cal. Code § 945.4 ...................................................................... 10

Cal. Educ. Code § 48200 (West) ......................................................... 7

U.S. Const. Amend. XI .................................................................. 9

**Rules**

Fed. R. Civ. P. 12(b)(6) ................................................................ 5

**NOW COMES** Stephanie Doss on behalf of her minor son, J.D., by and through their attorneys, the Law Office of Keith Altman, with Plaintiff's Response to Defendant's Motion to Dismiss, and hereby state as follows:

## FACTUAL BACKGROUND

Plaintiff's Complaint in this matter was filed on February 15, 2022, with the United States District Court Northern District of California Oakland Division. Defendants filed their first Motion to Dismiss on May 4, 2022.

Subsequently, Plaintiffs' Amended Complaint was filed on May 18, 2022. Plaintiff brings causes of action for violation of 42 U.S.C. § 1983 Fifth and Fourteenth Amendments—due process, negligence, and tortious interference with contract. Defendants filed their Second Motion to Dismiss on June 1, 2022.

## STANDARD FOR DISMISSAL

To the extent that the Court has jurisdiction over a claim, Federal Rule of Civil Procedure 12(b)(6) permits a motion to dismiss where the complaint "fails to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

A complaint "attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," but must simply allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). And, "a claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Defendants fail to show that Plaintiffs' claims, taken on their facts, will not provide for relief following discovery on the claims. For that reason, Defendants motion to dismiss must fail.

**ARGUMENT**

**I.** **Plaintiff Adequately Pleads a Violation of 42 U.S.C. § 1983 as to Defendant Cao**

    **a. Defendants' Infringed Plaintiff's Property Rights and Deprived Plaintiff of His Property Interest**

Defendants allege that Plaintiff's property rights were not infringed by the conduct of Defendant Cao. However, Plaintiff does adequately plead a property right in admittance to a private school. [*See* Docket No. 21, Motion to Dismiss Amended Complaint, pp.4, 5.]

"A property interest is defined as a legitimate claim of entitlement to a benefit…Thus, to have a property interest in a benefit, a person…must have more than a unilateral expectation of it." *Golden Gate West Ski Club v. Cnty. Of Contra Costa*, 165 Cal. App. 4th 249, 268 (2008) (internal citation and quotations omitted). The Plaintiff had already been accepted to Moreau Catholic High School ("Moreau"), therefore having more than a unilateral expectation of receiving this benefit and a property right in receiving his education at Moreau. [*See* Docket No. 19, Amended Complaint, ¶ 44.]

Moreau is a private school, but this fact does not harm Plaintiff's claim. Parents have a constitutional right, protected by the Fourteenth Amendment, to direct the education of their children and select the best school for their children's success, even when that school is a private school. *Pierce v. Soc'y of the Sisters of the Holy Names of Jesus & Mary*, 268 U.S. 510, 534 (1925). Plaintiff's right to attend private school should not have been infringed by Defendant Cao or Defendant Hayward Unified School District.

Constitutionally property rights protected under the Constitution "are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law—rules or understandings that secure certain benefits and that support claims of entitlement to those benefits." *Bd. of Regents of*

*State Colleges v. Roth*, 408 U.S. 564, 577, 92 S. Ct. 2701, 2709, 33 L. Ed. 2d 548 (1972). California state law makes children ages six to eighteen "subject to compulsory full-time education." Cal. Educ. Code § 48200 (West). The California Education Code includes regulations concerning private educational institutions, for example that they shall "be taught in the English language and shall offer instruction in the several branches of study required to be taught in the public schools of the state." *Id.* California state law therefore recognizes a student's right to fulfill the compulsory education requirement in a private school, making attendance of a private school a constitutionally protected property right.

"The Due Process Clause also forbids arbitrary deprivations of liberty. Where a person's good name, reputation, honor, or integrity is at stake because of what the government is doing to him, the minimal requirements of the Clause must be satisfied." *Goss v. Lopez*, 419 U.S. 565, 574 (1975) (internal citations and quotations omitted). Through his accusations of cheating, Defendant Cao damaged Plaintiff's reputation without awarding him due process as Plaintiff pled in the Second Amended Complaint. Plaintiff adequately pled his constitutionally protected property rights and property interests.

**b.  Plaintiff adequately Pleads That Defendant Cao Did Deprive Plaintiff a Property Right**

Defendant Cao acted under color of state law and deprived Plaintiff of his property interest, namely, his right to attend Moreau. Plaintiff was not given due process before being deprived of his property right. "A deprivation connotes…at the very least, a deliberate decision not to act to prevent a loss." *Parratt v. Taylor*, 451 U.S. 527, 548 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986) (Powell, J., concurring).

Being deprived of a property right or property interest does not always mean an active denial of an individual's right. Defendant Cao deprived Plaintiff of his rights

1  by submitting allegations to Moreau which caused Moreau to rescind Plaintiff's
2  acceptance.

3  ### c. Plaintiff Adequately Pleads His Constitutional Right to Privacy
4  ### Was Violated

5  Plaintiff adequately pleads a violation of his constitutional right to privacy and
6  therefore Defendants' arguments fail.

7  Defendants continue to misrepresent the claims Plaintiff brings against
8  Defendant Cao. The Plaintiff's constitutional right to privacy was infringed by
9  Defendant Cao when Defendant Cao intentionally communicated to Moreau details
10 regarding the cheating allegations.

11 The Fourteenth Amendment protects "two types of privacy interests." *Doe v.*
12 *Luzerne Cnty.*, 660 F.3d 169, 175 (3d Cir. 2011) (internal citation omitted). One of
13 these privacy interests is the "individual interest in avoiding disclosure of personal
14 matters." *Id.* (internal citations and quotation marks omitted). With this, Plaintiff has
15 a "right to confidentiality." *See Malleus v. George*, 641 F.3d 560, 564 (3d Cir. 2011),
16 *as amended* (June 6, 2011). Plaintiff has a right to privacy related to allegations of
17 cheating which Defendant Cao released to Moreau without providing Plaintiff with
18 due process. Allegations of academic misconduct are personal to the Plaintiff, and
19 statements regarding academic misconduct can adversely affect an individual's
20 academic and professional future. These matters must remain confidential, and
21 Defendant Cao violated Plaintiff's right to privacy by communicating allegations of
22 Plaintiff's cheating to Moreau. Defendant Cao released the confidential information
23 to Moreau, and this action deprived Plaintiff of his right to privacy.

24 ### d. Defendant Cao is Not Entitled to Eleventh Amendment Immunity

25 Defendant Cao is not entitled to Eleventh Amendment immunity as Plaintiff
26 asserts claims against Defendant Cao in his *individual* capacity, not in his *official*
27 capacity. An Eleventh Amendment immunity defense is "quasi-jurisdictional" in
28 nature and "may be raised in either a Rule 12(b)(1) or 12(b)(6) motion. *Sato v. Orange*

1    *Cty. Dep't of Educ.*, 861 F.3d 923, 927 n. 2 (9th Cir. 2017). The Eleventh Amendment

2    of the United States Constitution provides, "The Judicial power of the United States

3    shall not be construed to extend to any suit in law or equity, commenced or prosecuted

4    against one of the United States by Citizens of another State, or by Citizens or

5    Subjects of any Foreign State." U.S. Const. Amend. XI.

6    **e.  Defendant Cao is Not Entitled to Qualified Immunity**

7    Defendant Cao is not entitled to qualified immunity. Qualified immunity is only

8    granted if the case does not fulfill two separate prongs. First, Plaintiff must show that,

9    "taken in the light most favorable to the party asserting the injury…the facts alleged

10   show the defendant's conduct violated a constitutional right." *Saucier v. Katz*, 533

11   U.S. 194, 201 (2001). Second, Plaintiff must show that the violation involved a clearly

12   established constitutional right of which a reasonable person would have known. *Id.*

13   At 202. Plaintiff sufficiently pled that Defendants violated Plaintiff's constitutional

14   rights.

15   "Caselaw does not require a case directly on point for a right to be clearly

16   established." *Kisela v. Hughes*, 138 S. Ct. 1148, 1152 (2018). Plaintiff has established

17   constitutional property and privacy rights and can provide case law for each of those

18   rights. A reasonable person in Defendant Cao's position would have known that

19   Plaintiff has these clearly established rights after being admitted to a new school.

20   Further, as a teacher, Defendant Cao should have been familiar with Plaintiff's right

21   to due process concerning allegations of cheating. Also, the issue of what a reasonable

22   person would have known is an issue to be litigated at trial and this Court should allow

23   the matter to proceed to discovery.

24   **II.  <u>Plaintiff Adequately Pleads Sufficient Facts to Recover on a *Monell*</u>**

25       **<u>Claim</u>**

26   Plaintiff sufficiently pleads fact to recover under a *Monell* claim. The Hayward

27   Unified School District can be held liable for violating 42 U.S.C. § 1983 if "a policy,

28   practice, or custom of the entity can be shown to be a moving force behind a violation

1  of constitutional rights" and this "policy amounts to deliberate indifference to

2  Plaintiff's constitutional rights." *See Dougherty v. City of Covina*, 654 F.3d 892, 900

3  (9th Cir. 2011) (internal citations and question marks omitted).

4        Defendants violated Plaintiff's constitutional rights. To plead that a policy,

5  practice, or custom was the moving force behind this violation, courts previously have

6  ruled that it is sufficient for Plaintiff to show that the government agency "took no

7  action to adequately investigate, supervise, discipline, or train" the acting official,

8  despite having knowledge of his behavior. *See Moore v. City of Vallejo*, 73 F. Supp.

9  3d 1253, 1258 (E.D. Cal. 2014). Plaintiff adequately pled that the District had actual

10  knowledge of Defendant Cao's actions. "A failure to supervise that is sufficiently

11  inadequate may amount to deliberate indifference." *Dougherty v. City of Covina*, 654

12  F.3d 892, 900 (9th Cir. 2011) (internal citation and quotation marks omitted). Plaintiff

13  adequately pleads that the Hayward Unified School District showed deliberate

14  indifference to the violations of Plaintiff's constitutional rights.

15  **III.**    **Plaintiff Complied with the Government Claims Act for His State Law**

16        **Claims**

17        Plaintiff complied in an adequate manner with the Government Claims Act of

18  California. The claims asserted by Plaintiff are against Defendant Cao and DOE

19  Defendants, not the District itself. Defendants cite no authority for the proposition

20  that claims against school employees are governed by California Government Code

21  §§ 905, 910(e), 911.2 and 945.4. Cal. Code § 905, Cal. Code § 910(e), Cal. Code §

22  911.2, Cal. Code § 945.4. Chapter 3.6 of the California Government Code refers to

23  public entities and their employees, but part 3 only discusses public entities. A local

24  public entity includes a county, city, district, public authority, public agency, and any

25  other political subdivision or public corporation in the State." Cal. Code § 900.4.

26        Plaintiff complied with the requirements of the California Government Claims

27  Act. On August 10, 2021, Plaintiff provided notice to Defendants of the legal claims

28  against Defendant Cao. These actions met the notice requirements of Cal. Code §

910(e). The notice contains the name of the public employee who caused the injury, and the claimant's address and a description of the claim. Plaintiff provided notice four months after the claims accrued, and this met the requirements of Cal. Code § 911.2. Plaintiff stated that litigation may be a possibility. Plaintiff satisfied the requirements of the California Government Claims Act.

**9.     The District is Not Entitled to Eleventh Amendment Immunity**

The District is not entitled to Eleventh Amendment immunity as Plaintiff seeks injunctive relief from the District. [Docket No. 19, Amended Complaint, ¶ 61.] "Forward-looking" injunctive relief falls under the *Ex parte Young* doctrine. *Koslow v. Commonwealth of Pennsylvania*, 302 F.3d 161, 179 (3d Cir. 2002). So long as the Plaintiff is bringing federal claims against a state actor acting in their official capacity, the Eleventh Amendment immunity does not apply. *Cap. Bonding Corp. v. New Jersey Supreme Ct.*, 127 F. Supp. 2d 582, 589 (D.N.J. 2001).

Plaintiff sues the District in its official capacity for injunctive relief. Therefore, Eleventh Amendment immunity does not apply.

**IV.    <u>Plaintiff Adequately Pleads His Negligence Claim</u>**

Plaintiff adequately pleads a negligence claim against Defendant Cao. A prima facie case of negligence can be established by pleading that the defendant owed plaintiff a legal duty of due care, the defendant breached that duty, and that breach proximately caused plaintiff's injury. *Ladd v. County of San Mateo*, 12 Cal.4th 913, 917 (1996).

Plaintiff adequately pleads that Defendant Cao owed him a duty of due care, more specifically a duty of reasonable care involving not to make accusations he knew or should have known to be false and not to undermine his ability to attend Moreau without good cause. Plaintiff adequately pleads that Defendant Cao breached this duty when Defendant Cao made false accusations against Plaintiff to Moreau without having evidence for the alleged cheating and when he withdrew his recommendation without good cause.

Plaintiff establishes a breach of Defendant Cao's duty of reasonable care when he pleads that Defendant Cao was never able to produce evidence for the alleged cheating and therefore should have known it to be false. Plaintiff adequately pleads proximity of the breach causing Plaintiff's injury of not being admitted to Moreau. Causation in the law of negligence is not determined by a linear projection from a "but for" premise. It is expressed in terms of "foreseeability" and is limited by the policy that cause must be "proximate." *Espinosa v. Kirkwood*, 185 Cal. App. 4th 1269, 1275 (2010) (internal citation omitted). Plaintiff adequately pleads the foreseeability of Moreau withdrawing Plaintiff's admission following Defendant Cao's allegations.

Defendant Cao understood the general school admission processes and was aware that schools generally will not admit students accused of cheating. Also, it is foreseeable that a private school with an excellent reputation would only admit students with a perfect record. Plaintiff pleads facts sufficient to establish a prima facie case of negligence and enough to allow the parties to move forward to discovery.

## V.   Plaintiff Adequately Pleads His Tortious Interference with a Contract Claim

Plaintiff adequately pleads a prima facie case for tortious interference with a contract and therefore should be allowed to proceed to discovery. The elements of such a claim are "(1) a valid contract between plaintiff and a third party; (2) defendant's knowledge of this contract; (3) defendant's intentional acts designed to induce a breach or disruption of the contractual relationship; (4) actual breach or disruption of the contractual relationship; and (5) resulting damage." *Pac. Gas & Elec. Co. v. Bear Stearns & Co.*, 50 Cal. 3d 1118, 1126 (1990).

Plaintiff adequately pleads that he had entered into a contract with Moreau and that Defendant Cao had knowledge of this contract. A complaint will survive a motion to dismiss if it alleges nonconclusory facts that, taken as true, state a claim to relief that is plausible on its face. *Ashcroft*, 556 U.S. 662, 680 (2009). Plaintiff pleads that he accepted a contract for admission at Moreau and that Defendant Cao had actual

knowledge of this contract. Plaintiff pleads that Defendant Cao's knowledge is established by previous recommendations to Moreau. Also, Defendant Cao portrayed Plaintiff in a bad light to Moreau by withdrawing his recommendation and informing Moreau about the cheating allegations.

Plaintiff provides enough context

## CONCLUSION

**WHEREFORE** Plaintiffs respectfully request that the Court deny Defendants' Motion to Dismiss. Should this Court find Plaintiff's Complaint defective in any way, Plaintiff respectfully request leave to amend.

Dated: November 7, 2022    Respectfully submitted,

Keith Altman, Esq.

The Law Office of Keith Altman

33228 West 12 Mile Road, Suite 375

Farmington Hills, Michigan 48331

Telephone: (248) 987-8929

keithaltman@kaltmanlaw.com

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## OAKLAND DIVISION

| | |
|---|---|
| STEPHANIE DOSS as Natural Parent and General Guardian for J.D. her minor son, | Case No.: 3:22-cv-00933 |
| *Plaintiffs,* | |
| v. | |
| HAYWARD UNIFIED SCHOOL DISTRICT, in its official capacity, GARY CAO, in his individual capacity, and DOES 1-20, inclusive. | |
| *Defendants.* | |

## **CERTIFICATE OF SERVICE**

I certify that on November 7, 2022, I served the foregoing Plaintiffs' Opposition to Defendant's Motion to Dismiss the Second Amended Complaint upon all parties herein by filing copies of same using the ECF System.

Respectfully Submitted,

Keith Altman, Esq.