**PORTER | SCOTT**
A PROFESSIONAL CORPORATION
Derek J. Haynes, SBN 264621
dhaynes@porterscott.com
Dylan T. de Wit, SBN 327363
ddewit@porterscott.com
350 University Avenue, Suite 200
Sacramento, California 95825
TEL: 916.929.1481
FAX: 916.927.3706

Attorneys for Defendants
HAYWARD UNIFIED SCHOOL DISTRICT and GARY CAO (employee of Hayward Unified School District*)*
***Exempt from Filing Fees Pursuant to Government Code § 6103***

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| STEPHANIE DOSS as Natural Parent and *General Guardian* for J.D. her minor son,<br><br>Plaintiffs,<br><br>v.<br><br>HAYWARD UNIFIED SCHOOL DISTRICT, in its official capacity, GARY CAO, in his individual capacity, and DOES 1-20, inclusive.<br><br>Defendants.<br>_____/ | Case No.: 3:22-cv-00933<br><br>**REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**<br><br>**DATE: December 2, 2022**<br>**TIME: 10:00 a.m.**<br>**DEPT: Courtroom 1 – 17th Floor**<br><br>FAC Filed: 05/18/22<br>Complaint Filed: 02/15/22 |

# I.

# INTRODUCTION

The Court granted Defendants' Motion to Dismiss Plaintiff's First Amended Complaint ("FAC") with leave to amend. The Court rejected the federal claims pled in the FAC, but granted Plaintiff leave to see if he could offer any alternative claims.

Plaintiff then, in violation of the Court's Order, filed a Second Amended Complaint ("SAC") that includes the <u>identical</u> claims and allegations the Court already rejected. Plaintiff's Opposition to the pending Motion to Dismiss is also copied and pasted from his Opposition to the last Motion. Plaintiff cites the exact authorities and offers the same arguments this Court explicitly rejected in granting Defendants' prior Motion.

The only new claim in Plaintiff's SAC is for an alleged violation of the Family Educational Rights and Privacy Act ("FERPA"). There is clear Supreme Court authority holding there is no private right of action under FERPA. Defendants provided Plaintiff that authority in advance of filing the instant Motion. Unfortunately, Plaintiff insisted on pushing forward with the claim. That forced Defendants to file the instant Motion. Interestingly, Plaintiff's Opposition to the Motion now ignores the FERPA claim. Plaintiff does not even address FERPA in his Opposition.

In sum, Plaintiff's SAC includes the identical claims this Court already dismissed and one new claim that is indisputably barred under Supreme Court precedent. Defendants therefore respectfully request that the Court grant this Motion. Defendants ask that the Court do so without leave to amend as it is apparent that Plaintiff does not have any viable claims against Defendants.

# II.

# **PLAINTIFF CANNOT RECOVER ON THE FIRST CLAIM FOR RELIEF AGAINST CAO**

Plaintiff's First Claim for Relief is pled against Defendant Cao under 42 U.S.C. §1983. It is based on alleged violations of: (a) Plaintiff's constitutional property right; (b) Plaintiff's constitutional right to privacy; and (c) the FERPA. Each is discussed below.

**1.  Plaintiff's First Claim for Relief Should Be Dismissed to the Extent it is Based on an Alleged Violation of his Constitutional Right to Property**

   *1.   There is No Constitutional Property Right to Attend Private School*

Plaintiff's FAC alleged that Defendants violated Plaintiff's constitutional protected property interest in attending the private school, Moreau Catholic. The Court dismissed that claim on Defendants' prior Motion to Dismiss, holding: "Plaintiff's claim fails because there is no property interest in attendance at a private school." [Docket No. 34, Order Granting Defendant's Motion to Dismiss, p.4:15-16]

Undeterred, Plaintiff included that identical claim again in his SAC. His Opposition to the pending Motion to Dismiss is also copied and pasted from his Opposition to the last Motion. He relies on the same authorities and the same arguments the Court already rejected in finding Plaintiff has no property interest.

Plaintiff again cites *Pierce v. Soc'y of the Sisters of the Holy Names of Jesus & Mary*. However, as this Court stated in its Order granting Defendants' prior Motion to Dismiss: "*Pierce* stands for the proposition that states cannot mandate attendance at public schools. It does not create a property interest in attendance at a particular private school." [Docket No. 34, Order, p.4:21-25 (citing *Pierce v. Soc'y of the Sisters of the Holy Names of Jesus & Mary,* 268 U.S. 510, 534-6 (1925).]

Plaintiff also once again cites California Education Code § 48200. That statute, however, simply provides that "Each person between the ages of 6 and 18 years . . . is subject to compulsory full-time education." It does not create an entitlement to private school.

Therefore, Defendants respectfully request that the Court dismiss Plaintiff's property-interest claim for the same reasons it did so previously.

### 2. *Cao Did Not Deny Plaintiff a Property Right*

In its Order granting Defendants' prior Motion to Dismiss, the Court went on to hold that Plaintiff's claim fails even if Plaintiff had a property interest in attending Moreau Catholic High School because Defendants did not deny him attending the school. Moreau Catholic High School made that decision. [Docket No. 34, p.7:13-6:20.]

The Court explained that to hold Cao responsible, Plaintiff would have to plead and ultimately prove facts sufficient to satisfy one the following four tests: (a) public function, (b) joint action, (c) government compulsion or coercion, and (d) governmental nexus. [Docket No. 34, Order, p.5:24-25.]

Plaintiff's Opposition does not address those tests, let alone point to facts sufficient to satisfy them. He simply offers the identical allegations and arguments the Court rejected on the last Motion to Dismiss.

Therefore, Defendants restfully request that the Court dismiss Plaintiff's First Claim for Relief to

the extent it is based on an alleged deprivation of Plaintiff's property right for the same reasons the Court did so previously.

**2.     There Was No Violation of Plaintiff's Constitutional Right to Privacy**

Plaintiff again asserts an alternative claim that Cao's disclosure to Moreau Catholic High School violated Plaintiff's constitutional right to privacy. [Docket No. 35, SAC ¶44.] The Court rejected that claim previously, holding that the Ninth Circuit only recognizes a limited right to informational privacy and the disclosure alleged by Plaintiff does not fall within those protections because he cannot satisfy the stigma-plus test. [Docket No. 34, Order, p.6:23-7:15.]

Undeterred, Plaintiff's SAC includes the same claim based on the same allegations. His Opposition to the pending Motion is also taken directly from his Opposition to the last Motion. He cites the same authorities and offers the same arguments the Court already rejected. Plaintiff does not address the stigma-plus test, let alone offer facts sufficient to satisfy the test.

Therefore, Defendants respectfully request that the Court grant their Motion for the same reasons it did so previously.

**3.     A FERPA Violation Does Not Give Rise to Liability Under 42 U.S.C. § 1983**

Plaintiff's SAC includes one new allegation under 42 U.S.C. § 1983. Plaintiff alleges that claim is also based on a violation of FERPA. [Docket No. 35, SAC ¶48.] Defendants' Motion, however, cited clear United States Supreme Court authority holding that FERPA violations do not give rise to liability under 42 U.S.C. § 1983. *Gonzaga University v. Doe*, 536 U.S. 273, 287-291 (2002).

Plaintiff's Opposition to Defendants' Motion ignores that issue completely. Plaintiff does not even discuss FERPA. That is a tacit admission that Plaintiff's First Claim for Relief should be dismissed to the extent it is based on an alleged violation of FERPA.

**4.     Eleventh Amendment Immunity**

Cao also moved to dismiss the First Claim for Relief on grounds that he is entitled to Eleventh Amendment immunity. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70–71 (1989) (state officials are entitled to Eleventh Amendment immunity from suit under 42 U.S.C. § 1983). Plaintiff's Opposition argues that the Eleventh Amendment does not apply because he is only suing Cao in his individual capacity, not his official capacity. [Docket No. 37, Opposition p.8:26-26.] That, however, is not pled in

Plaintiff's SAC.

### 5. Defendant Cao is Entitled to Qualified Immunity

Lastly, Cao argued that he is also entitled to qualified immunity. Plaintiff can only overcome qualified immunity by proving Cao violated "clearly established" constitutional rights. Plaintiffs can only satisfy that burden by identify existing precedent that "squarely govern[s]" the specific facts at issue. *Kisela v. Hughes*, 138 S.Ct. 1148, 1152 (2018). In other words, plaintiffs must "identify a case where an [official] acting under similar circumstances as [Cao] was held to have violated the [constitution]." *Shafer v. Co. of Santa Barbara*, 868 F.3d 1110, 1117 (9th Cir. 2017). There is no such case.

Plaintiff counters by arguing that he does not have to cite "a case directly on point for a right to be clearly established." That is true, but he does have to cite a case where liability was found in "similar circumstances." *Shafer*, 868 F.3d at 1117. Liability must be beyond debate. *Kisela*, 138 S.Ct. at 1152. It is not enough to just cite general statements of the law. *Id.* Plaintiff must identify a case or a set of cases that are "particularized" to the facts of the pending case. *White v. Pauly*, 137 S. Ct. 548, 552 (2017), citing to *Anderson v. Creighton*, 483 U.S. 635, 640, 107 S. Ct. 3034 (1987). There needs to be a prior case finding liability under similar circumstances. *Shafer*, 868 F.3d at 1117.

Plaintiff does not cite any such case. He simply submits that "Plaintiff has clearly established constitutional property and privacy rights and can provide case law for each of those rights." [Docket No.37, p.9:13-18.] That conclusory assertion is baseless. Plaintiff has yet to cite a single case involving facts similar to those at-issue here where a court has found a property or privacy violation. The reality is no such case exists. Therefore, Cao is entitled to qualified immunity.

### III.
### PLAINTIFF CANNOT RECOVER ON A *MONELL* CLAIM AGAINST THE DISTRICT

### 1. Plaintiff's Second Claim for Relief, for *Monell* Liability, Fails Because there was No Underlying Violation

Plaintiffs' Second Claim for Relief is a *Monell* claim against the District under 42 U.S.C. § 1983. That claims is based on the same violations Plaintiff alleges in support of his claim against Cao – violations of (a) the constitutional right to property, (b) the constitutional right to privacy, and (c) FERPA. [Docket No 35, SAC ¶56-58.] Plaintiff cannot prove any such violations, as set forth in Defendants' Motion and above in Section II. Therefore, Plaintiff's *Monell* claim against the District necessarily fails.

### 2. Plaintiff Failed to Plead Sufficient Facts to Recover on a *Monell* Claim

The District's Motion went on to argue that Plaintiff's *Monell* claim also fails because Plaintiff did not plead the requisite facts establishing that the District had a policy, practice or custom amounting to deliberate indifference that was the moving force behind the alleged constitutional violation. *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir, 2011) (citation omitted).

Plaintiff's Opposition cites *Moore v. City of Vallejo*, 73 F.Supp.3d 1253 (2014), where the Court held that public entities can be liable under *Monell* when they "[take] no action to adequately investigate, supervise, discipline, or train [officers]" despite knowing the officers had a history of similar unlawful behavior. However, the Complaint in *Moore* included factual allegations supporting that assertion. *Moore* involved allegations that a police officer unlawfully shot the victim, who was disabled, when it was unwarranted. The Complaint included factual allegations that the officer had a prior history of shooting individuals who did not pose a threat, including disabled individuals, the City knew of those shootings and knew they were unlawful, and yet took no action to correct the issue, resulting in more shootings. *Moore*, 73 F.Supp.3d at 1258.

Here, Plaintiff's SAC does not include any such allegations. Plaintiff simply offers a conclusory allegation that "Defendant Cao deprived Plaintiff of his constitutional rights as a result of official acquiescence and custom on the part of [the District]." [See Docket No.35, SAC ¶ 64.] Plaintiff does not meet his burden to plead <u>facts</u> sufficient to show any constitutional violation was the result of a District policy, practice or custom. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677-678 (2009).

Plaintiff also cites *Daughter v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011) for the proposition that "a failure to supervise that is sufficiently inadequate may amount to deliberate indifference." That is true. However, as in *Dougherty*, Plaintiff failed to plead facts supporting any such conclusion, or the other requisite conclusions that: (a) any failure to supervise was the result of a policy or practice or (b) that any such policy or practice was the moving force behind the violation alleged. Therefore, Plaintiff's *Monell* claim should be dismissed.

### 3. The District is Entitled to Eleventh Amendment Immunity

Additionally, the District argued that Plaintiff's *Monell* claim should be dismissed because the District is entitled to Eleventh Amendment immunity. *C.W. v. Capistrano Unified School Dist.*, 784 F.3d

1237, 1247 (9th Cir. 2015) Plaintiff counters, arguing that he is only seeking injunctive relief and the *Ex Parte Young* doctrine provides an exception to Eleventh Amendment immunity when seeking injunctive relief against state actors acting in their official capacity who violate federal law. That argument fails for a litany of reason.

First, Plaintiff's SAC does not indicate that he is only seeking injunctive relief, nor does Plaintiff identify what injunctive relief he is allegedly seeking.

Second, the *Ex Parte Young* doctrine only applies to overcome Eleventh Amendment immunity on claims against <u>individual</u> state actors who were acting in their <u>official capacity</u>. *Ex Parte Young*, 209 U.S. 123, 155–56 (1908); *Alden v. Maine*, 527 U.S. 706, 747, (1999); *S.B. by & through Kristina B. v. California Dep't of Educ.*, 327 F. Supp. 3d 1218, 1236 (E.D. Cal. 2018). Plaintiff's Second Claim for Relief is pled against the District, not an individual Defendant. The only individual Defendant even named in the lawsuit is Defendant Cao, but Plaintiff explicitly admits "Plaintiff asserts claims against Defendant Cao in his individual capacity, not in his official capacity." [Docket No. 37, p.8:25-26.] Thus, the *Ex Parte Young* doctrine does not apply.

Third, the *Ex Parte Young* doctrine only applies when there are ongoing violations of federal law. *S.B. by & through Kristina B.*, 327 F. Supp. 3d at 1236–37. Plaintiff does not allege any ongoing federal violations. He alleges a single purportedly unlawful disclosure in April 2021 by his *former* teacher.

Fourth, the *Ex Parte Young* doctrine only applies to state actors who have a duty to enforce the applicable law. *Id.* A "generalized duty" is insufficient. There must be a direct connection. For example, in *Coal. to Defend Affirmative Action v. Brown*, 674 F.3d 1128, 1134 (9th Cir. 2012), the Ninth Circuit held that the Labor Commissioner was the appropriate official to sue for alleged Labor Code violations because the Labor Commissioner is responsible for enforcing those provisions. Defendant Cao has no such authority to enforce any law at-issue in the instant action.

Therefore, Plaintiff's Second Claim for Relief should be dismissed because the District is entitled to Eleventh Amendment immunity.

## IV.
## PLAINTIFF'S THIRD CLAIM FOR RELIEF FAILS BECAUSE THERE IS NO PRIVATE RIGHT OF ACTION UNDER FERPA

The new Third Claim for Relief in Plaintiff's SAC is pled directly under FERPA. Plaintiff claims

Defendants violated FERPA by disclosing that he cheated. [Docket No. 35, SAC p.14:7-15:9.] Defendants moved to dismiss that claim, citing clear authorities holding that there is no private right of action under FERPA. *Gonzaga University v. Doe*, 536 U.S. 273, 287-291 (2002); *see also Frazier v. Fairhaven Sch. Comm.*, 276 F.3d 52, 67 (1st Cir.2002) ("FERPA does not confer a private right of action"); *Klein Indep. Sch. Dist. v. Mattox*, 830 F.2d 576, 579 (5th Cir.1987); *Fresno Unified Sch. Dist. v. K.U. ex rel. A.D.U.*, 980 F. Supp. 2d 1160, 1182 (E.D. Cal. 2013).

Plaintiff does not address that argument in his Opposition. That is a tacit admission that the Third Claim for Relief should be dismissed.

### V.

### PLAINTIFF FAILED TO COMPLY WITH THE GOVERNMENT CLAIMS ACT

**A.  Plaintiff Was Required to Comply with the Government Claims Act As A Prerequisite to Pursuing State Law Claims**

Plaintiff's Fourth and Fifth Claims for Relief are state law claims for negligence and tortious interference with contract. Defendants moved to dismiss those claims because Plaintiff failed to comply with the Government Claims Act, which is a mandatory prerequisite to pursuing state law claims against public entities and their employees. California Government Code §§905, 910(e), 911.2 and 945.4.

Plaintiff's Opposition raises a specious argument that a Government Claim is not required before suing public employees. That argument conflicts with decades of state and federal authorities confirming the opposite. California Government Code § 950.6 ("A cause of action for such injury may not be maintained against the public employee or former public employee whose act or omission caused such injury until the claim has been rejected . . . in whole or in part by the public entity."); *State of California v. Superior Ct.*, 32 Cal. 4th 1234, 1243 (2004) ("a plaintiff must still allege in his complaint that he has complied with the claim statute in order to state a cause of action against a public employee."); see *Cardenas v. Cnty. of Tehama*, 476 F. Supp. 3d 1055, 1070 (E.D. Cal. 2020).

Plaintiff did not submit a Government Claim. Therefore, the Fourth and Fifth Claims for Relief should be dismissed.

**B.  Plaintiff's Letter is Not a Government Claim**

Plaintiff goes on to argue that even if a Government Claim is required, he submitted an acceptable

alternative in the form of a letter to the District. The Court cannot consider that because Plaintiff did not include that allegation in his SAC.

Plaintiff also did not include a copy of the purported letter with his Opposition to the pending Motion even though he did so with his last Opposition. That is for good reason. As set forth in Defendants' last Reply Brief, the letter Plaintiff relies on does not comply with Government Code § 910. Section 910 lists the information that <u>must</u> be included in a document for it to qualify as a Government Claim. The statute provides the document "shall" include, amongst other things, the name and address of the injured party, the address to which the injured party would like notices sent, "the date, place and other circumstances of the occurrence or transaction which gave rise to the claim asserted," and a specification of the claimed monetary damages if it is under $10,000 or whether it is more than $10,000. California Government Code § 910(a)-(f).

An omission of any one of those essential elements renders the document non-compliant. See *Del Real v. City of Riverside*, 95 Cal.App.4th 761, 769 (2002); see also *City of San Jose v. Superior Court*, 12 Cal.3d 447, 456 (1974). A public entity's knowledge of the allegations is not enough. *DiCampli-Mintz v. Cty. of Santa Clara*, 55 Cal.4th 983, 990 (2012) ("It is well-settled that claims statutes must be satisfied even in face of the public entity's actual knowledge of the circumstances surrounding the claim.")

The letter Plaintiff included with his last Opposition does not list multiple essential elements under Government Code § 910, including Plaintiff's address, the date of the alleged unlawful conduct or the amount of the claimed damages. [See Docket No. 24, p.16] Therefore, Plaintiff's Fourth and Fifth Claims for Relief should be dismissed because Plaintiff did not comply with the Government Claims Act.

## VI.
## **PLAINTIFF CANNOT RECOVER FOR NEGLIGENCE**

Defendant Cao also moved to dismiss the negligence claim on its merits. Cao argued there was no breach of any duty owed to Plaintiff. In the school context, courts have imposed a limited duty on teachers to protect students from third parties in certain situations. *See Dailey v. Los Angeles Unified Sch. Dist.*, 2 Cal.3d 741 (1970). However, there is no authority imposing or inferring a duty on teachers relating to recommendations for students to attend other schools.

Indeed, Plaintiff fails to cite any such authority in his Opposition. Instead, Plaintiff submits

conclusory assertions that Cao must be liable for negligence for telling Moreau Catholic that Plaintiff cheated. Yet, Plaintiff's own allegations admit that the District investigated and found Plaintiff's allegation that Cao fabricated that accusation to be unsubstantiated. [Docket No. 35, SAC, ¶ 31.] In sum, Plaintiff fails to offer any authority establishing a specific duty owed by Defendant Cao and Plaintiff's own allegations cut against a finding of any breach.

## VII.

## CAO DID NOT TORTIOUSLY INTERFERE WITH ANY CONTRACT

Plaintiff's Fifth Claim for Relief is a state law claim for tortious interference with contract. Defendant Cao argued it should be dismissed because Plaintiff failed to submit a Government Claim, as set forth above, and it fails on its merits.

Defendant Cao argued that Plaintiff failed to plead the requisite facts establishing that Defendant Cao knew Plaintiff had a contract with Moreau Catholic to attend the school. *Pacific Gas & Electric Co.*, 50 Cal.3d at 1126 (defendant must know plaintiff had a contract with the third-party). Plaintiff's Opposition submits Cao must have known that Plaintiff had a contract to attend Moreau Catholic because Cao previously recommended Plaintiff to Moreau Catholic. However, the fact that Cao gave Plaintiff a recommendation to attend the School does not mean Cao knew that Plaintiff subsequently entered into a contract to attend the School. Therefore, Plaintiff's Fifth Claim for Relief should be dismissed.

## VIII.

## CONCLUSION

Based on the foregoing, Defendants respectfully request that the Court dismiss Plaintiff's SAC in its entirety. Defendants submit the SAC should be dismissed with prejudice given Plaintiff continues to assert the same claims the Court already dismissed. It is evident at this point that Plaintiff simply cannot assert a viable claim against Defendants.

Dated:  November 9, 2022         PORTER SCOTT
                                 A PROFESSIONAL CORPORATION

                                 By     /s/ *Derek J. Haynes*
                                     Derek J. Haynes
                                     Dylan T. de Wit
                                     Attorneys for Defendants