UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHANIE DOSS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>HAYWARD UNIFIED SCHOOL DISTRICT, *et al*.,<br><br>　　　　　Defendants. | Case No. 22-cv-00933-SI<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS SECOND AMENDED COMPLAINT WITHOUT LEAVE TO AMEND AND DECLINING SUPPLEMENTAL JURISDICTION OVER STATE CLAIMS**<br><br>Re: Dkt. No. 36 |

Defendants' motion to dismiss the second amended complaint is scheduled for a hearing on December 2, 2022. Pursuant to Civil Local Rule 7-1(b), the Court determines that the matter is appropriate for resolution without oral argument and VACATES the hearing. For the reasons set forth below, the Court GRANTS defendants' motion and DISMISSES the second amended complaint without leave to amend.

**DISCUSSION**

In an order filed September 12, 2022, the Court dismissed plaintiff's claims under 42 U.S.C. § 1983 alleging violations of J.D.'s due process rights. The Court held, *inter alia*, that there is no property interest in attendance at a private school, that plaintiff had not alleged that the revocation of J.D.'s admission to private school was done under color of state law, and that plaintiff had failed to meet the "stigma plus" test necessary to state a claim for deprivation of a privacy right. The Court granted plaintiff leave to amend.

On October 10, 2022, plaintiff filed a second amended complaint ("SAC"). The SAC reiterates the allegations of the first amended complaint, and contains a new allegation that

defendants violated the nondisclosure provisions of the Family Educational Rights and Privacy Act ("FERPA"). Plaintiff cites the FERPA violation as an alternative basis for his section 1983 claims, and he also brings a new cause of action directly under FERPA.

Defendants contend that the SAC should be dismissed for the reasons set forth in the Court's prior order, and that FERPA violations do not give rise to liability either under section 1983 or directly. Defendants also challenge the state law claims on numerous grounds. In response, plaintiff filed an opposition brief that is virtually identical to the opposition to the prior motion to dismiss, and plaintiff does not address the FERPA claims at all.

The Court concludes that plaintiff has failed to state any federal claims and thus that it is appropriate to DISMISS those claims without leave to amend. The first and second causes of action under section 1983 are dismissed for the reasons set forth in the September 12 order. *See* Dkt. No. 34 at 3-7. Further, to the extent that the section 1983 claims are premised on a violation of FERPA, that theory is precluded by the Supreme Court's decision in *Gonzaga University v. Doe*, 536 U.S. 273, 287, 290 (2002) (holding "there is no question that FERPA's nondisclosure provisions fail to confer enforceable rights" and "[t]hey therefore create no rights enforceable under § 1983."). The third cause of action under FERPA fails to state a claim because "FERPA's nondisclosure provisions contain no rights-creating language" and thus there is no private right of action to assert a violation of the nondisclosure provisions. *Id*. at 290; *Smith on behalf of C.M. v. Tacoma Sch. Dist*., 476 F. Supp. 3d 1112, 1136 (W.D. Wash. 2020) (discussing *Gonzaga* and ensuing case law and holding there is "no private right of action to remedy an alleged FERPA violation."); *see also Henry v. Universal Tech. Inst.*, 559 Fed. App'x 648, 650 (9th Cir. 2014) (affirming dismissal of FERPA claim because statute does not provide for private right of action).

Plaintiff also brings state law claims for negligence and tortious interference with contract. Because plaintiff's federal claims are without merit, the Court declines to exercise supplemental jurisdiction over the state law claims. *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) ("Certainly, if the federal claims are dismissed before trial . . . the state claims should be dismissed as well.).

**CONCLUSION**

The Court GRANTS defendants' motion to dismiss the second amended complaint as follows: the federal claims are DISMISSED without leave to amend and the Court declines supplemental jurisdiction over the state claims.

**IT IS SO ORDERED**.

Dated: November 17, 2022

_____
SUSAN ILLSTON
United States District Judge